# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY W. HILL, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>STATE STREET CORPORATION, RONALD E. LOGUE, EDWARD J. RESCH, PAMELA D. GORMLEY, AND JAMES J. MALERBA,<br><br>        Defendants. | No. 1:09-cv-12146-NG<br><br><br>**ECF CASE** |
| MARILYN DEMORY, on behalf of herself and all similarly situated persons,<br><br>        Plaintiff,<br><br>v.<br><br>STATE STREET CORPORATION, RONALD E. LOGUE, EDWARD J. RESCH, PAMELA D. GORMLEY, JAMES J. MALERBA, GOLDMAN, SACHS & CO., MORGAN STANLEY & CO. INCORPORATED, CREDIT SUISSE SECURITIES (USA) LLC, LEHMAN BROTHERS INC., UBS SECURITIES LLC, TENLEY E. ALBRIGHT, KENNETT F. BURNES, TRUMAN S. CASNER, PETER COYM, NADER F. DAREHSHORI, AMEILIA C. FAWCETT, ARTHUR L. GOLDSTEIN, DAVID P. GRUBER, LINDA A. HILL, CHARLES R. LAMANTIA, MAUREEN J. MISKOVIC, RICHARD P. SERGEL, RONALD L. SKATES, GREGORY L. SUMME, DIANA CHAPMAN WALSH, ROBERT E. WEISSMAN, and ERNST & YOUNG LLP,<br><br>        Defendants. | No. 1:10-cv-10064-NG<br><br><br>**ECF CASE** |

## MEMORANDUM OF LAW IN SUPPORT OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI'S AND UNION ASSET MANAGEMENT HOLDING AG'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF ALL <u>RELATED ACTIONS</u>

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 3

ARGUMENT .............................................................................................................................. 6

      A.      MPERS and Union Believe They Should be Appointed Lead Plaintiff ................. 6

             1.      MPERS and Union Believe They Have the Largest Financial Interest in the Relief Sought by the Class ................................................................. 6

             2.      MPERS and Union Satisfy the Typicality and Adequacy Requirements of Rule 23 .......................................................................................................... 7

      B.      The Court Should Approve MPERS' and Union's Selection of Lead Counsel ... 12

      C.      The Related Actions Should be Consolidated ..................................................... 14

REQUEST FOR ORAL ARGUMENT ..................................................................................... 15

CONCLUSION ........................................................................................................................... 16

# Table of Authorities

**Page(s)**

CASES

*Gilliam v. Fidelity Mgmt. & Research Co.*,
  Civ. A. No. 04-11600-NG, 2005 WL 1288105 (D. Mass.2005) ...............................................14

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir.2001)..............................................................................................7, 12

*In re Lernout & Hauspie*,
  138 F. Supp. 2d 39 (D. Mass. 2001) ...............................................................................8, 9

*Leech v. Brooks Automation, Inc.*,
  Civ. A. No. 06-11068-RWZ, 2006 WL 3690736 (D. Mass. Dec. 13, 2006)......................6, 12

*Lowinger v. Global Cash Access Holdings, Inc.*,
  No. 08 Civ. 3516(SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) ...............................15

*Olsen v. New York Cmty. Bancorp, Inc.*,
  233 F.R.D. 101 (E.D.N.Y. 2005) ...........................................................................................9

*State Univs. Ret. Sys. of Ill. v. Sonus Networks, Inc.*,
  C.A. No. 06-10040-MLW, 2006 WL 3827441 (D. Mass. Dec. 27, 2006) ....................7, 8, 12

*Swack v. Credit Suisse First Boston*,
  230 F.R.D. 250 (D. Mass. 2005)............................................................................................8

STATUTES

15 U.S.C. § 77z-1(a)(3)(B) .......................................................................................................1

15 U.S.C. § 78u-4 ......................................................................................................... *passim*

OTHER AUTHORITIES

Fed. R. Civ. P. 23 ......................................................................................................... *passim*

Fed. R. Civ. P. 42(a) ..........................................................................................................1, 14

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .................................3

The Public Employees' Retirement System of Mississippi ("MPERS") and Union Asset Management Holding AG ("Union"), in connection with the securities class actions filed against State Street Corporation ("State Street" or the "Company") and certain other defendants, respectfully submit this memorandum in support of their motion for an Order: (1) appointing MPERS and Union as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B) and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA");[1] (2) approving MPERS' and Union's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Motley Rice LLC ("Motley Rice") as Lead Counsel for the Class, and Berman DeValerio as Liaison Counsel; and (3) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a).

## PRELIMINARY STATEMENT

The above-captioned securities class action lawsuits arise from allegations concerning violations of the federal securities laws by State Street, certain of its senior officers and directors and certain other defendants (collectively, "Defendants"). As alleged in the complaints on file before this Court, during the period from October 17, 2006 through October 19, 2009 (the "Class Period"), Defendants caused the prices of the Company's publicly traded securities to be artificially inflated by issuing materially false and misleading statements that misled shareholders regarding the Company's finances and business activities. In particular, and among other things, Defendants concealed the Company's exposure to billions of dollars in investment losses and fraudulently inflated the Company's trading revenues through a decade-long scheme

---

[1] The Lead Plaintiff provisions of the Exchange Act and the Securities Act are identical. For the purpose of convenience, all citations to these provisions herein will be to the Exchange Act.

involving foreign currency trades—highly material facts that were only revealed to the investing public through a series of corrective disclosures that caused substantial damage to investors whose securities plunged in value when the truth was revealed.

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides that the "most adequate plaintiff" is the Lead Plaintiff movant that has the "largest financial interest" in the relief sought by the Class and otherwise satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

MPERS and Union respectfully submit that they are the "most adequate plaintiff," as defined by the PSLRA, because they have the largest financial interest in the relief sought in this action and otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. As shown by the PSLRA certifications submitted herewith, MPERS and Union suffered losses of approximately $17.4 million from their trading in State Street shares during the Class Period.[2] In addition, MPERS purchased shares in a public offering of State Street common stock in June 2008 (the "June 2008 Offering"), and therefore MPERS and Union have standing to represent all claims on behalf of all members of the Class.

Furthermore, as evidenced by the Joint Declaration submitted herewith, MPERS and Union are sophisticated institutional investors that have substantial experience serving as fiduciaries and as Lead Plaintiffs in securities class action litigation and are committed to working together to vigorously pursue the claims in the best interests of the Class. MPERS and Union fully understand their duties and responsibilities to the Class, and have already established procedures to coordinate their efforts throughout the course of this litigation. These measures

---

[2] *See* Certifications of MPERS and Union, attached as Exhibits A and B, respectively, to the Declaration of Gerald H. Silk ("Silk Decl."). In addition, charts setting forth calculations of MPERS' and Union's losses are attached as Exhibits C and D, respectively, to the Silk Decl.

have been documented in a Joint Prosecution Agreement that provides procedures for dividing tasks among counsel and keeping MPERS and Union apprised of case developments, and demonstrates that MPERS and Union are committed to actively overseeing the litigation and ensuring that it is prosecuted in a cost-effective manner.

In short, MPERS and Union are precisely the sort of investors Congress envisioned would lead securities class actions when it enacted the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist the courts"). Accordingly, MPERS and Union are the "most adequate plaintiff," and respectfully request that they be appointed as Lead Plaintiff and that their motion otherwise be granted.

## STATEMENT OF FACTS[3]

State Street, headquartered in Boston, Massachusetts, is a provider of financial services including investment servicing, investment management, and investment research and trading. As of September 30, 2009, the Company had $17.9 trillion in assets under custody and $1.7 trillion in assets under management. The Company's stock trades on the New York Stock Exchange under the ticker "STT."

Plaintiffs allege that during the Class Period, State Street violated the federal securities laws by misrepresenting the Company's financial condition, including by concealing its exposure to billions of dollars in investment losses in areas including its conduits and securities lending business, and fraudulently inflating the Company's trading revenues through a decade-long scheme involving foreign currency trades. Specifically, State Street took on significant undisclosed risks and failed to disclose losses when those risks materialized, misleading

---

[3] These facts are derived from the allegations contained in the complaint *Demory v. State Street Corp., et al.*, No. 10-cv-10064 (D. Mass. Jan. 15, 2010).

3

investors regarding the Company's exposure to billions of dollars in losses on investments in off-balance sheet conduits, the Company's securities lending program and its own investment portfolio.   Instead of disclosing these problems, State Street sought to shore up its capital position by issuing materially misleading offering materials that enabled the Company to raise approximately $2.8 billion in a June 2008 registered public offering of State Street common stock.

On January 16, 2009, after the close of markets before the Martin Luther King, Jr. holiday weekend, State Street issued a press release, which was filed with the Securities and Exchange Commission ("SEC") on Form 8-K, that revealed, among other things, that the Company was exposed to substantial and previously undisclosed risks and potential liabilities arising from State Street's off-balance sheet conduits, investment portfolios and securities lending operations.   Then, prior to the opening of the markets on January 20, 2009 (the next business day), State Street disclosed, among other things, that unrealized losses in State Street's investment portfolio had nearly doubled to $6.3 billion at the end of the fourth quarter, up $3 billion from the end of the third quarter, and that unrealized losses in State Street's off-balance sheet conduits had likewise risen to $3.6 billion at the end of the fourth quarter, up $1.4 billion from the end of the third quarter.   Further, contrary to the Defendants' repeated reassurances during the Class Period, State Street announced that it would be forced to consolidate the Company's off-balance sheet conduits onto its books.   In reaction to this news, the Company's shares plunged nearly 60%, from a close of $36.35 per share on January 16, 2009 to $14.89 per share on January 20, 2009.

Then, on October 20, 2009, investors were dealt another blow when it was disclosed that State Street had been systematically overcharging its institutional clients for almost a decade

through an illegal scheme involving foreign currency trades.  On that date, California Attorney General Edmund G. Brown, Jr. announced the filing of a complaint by two of California's largest public pension funds detailing a wide-ranging fraud whereby State Street had overcharged its institutional clients for executing foreign currency trades.  In response to this announcement, State Street shares dropped $4.41 per share, or nearly 8.5%, on unusually heavy trading volume.

Following these disclosures, two securities class actions were filed in this District seeking to recover the billions of dollars in losses suffered by investors.  The first such action, captioned *Hill v. State Street Corp. et al.*, 09-cv-12146 ("*Hill*"), was filed on December 18, 2009 and asserted claims under the Exchange Act on behalf of purchasers of the publicly traded securities of State Street from October 17, 2006 through October 19, 2009.   The first notice of pendency of this action was published the following day.  *See* Silk Decl. Ex., E.  In accordance with the PSLRA, this notice informed investors that motions seeking appointment as Lead Plaintiff must filed no later than February 17, 2010—60 days from the date on which the notice was published.

A second action, captioned *Demory v. State Street Corp., et al.*, Case No. 10-cv-10064 ("*Demory*"), was filed on January 15, 2010 and asserted the same Class Period alleged in the *Hill* action.  The *Demory* action included additional allegations regarding the Company's off-balance sheet conduits, investment and securities lending activities and asserted additional claims under the Securities Act for misrepresentations issued in connection with the June 2008 Offering.  A notice published shortly thereafter informed investors of these additional allegations and likewise referred Class members to the February 17, 2010 deadline for filing a motion seeking appointment as Lead Plaintiff.  *See* Silk Decl., Ex. F.

The PSLRA permits any member of the purported class to move for appointment as lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the

same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). MPERS and Union have satisfied this requirement by filing this motion.

<u>**ARGUMENT**</u>

**A.      <u>MPERS and Union Believe They Should be Appointed Lead Plaintiff</u>**

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant that has timely filed a motion seeking Lead Plaintiff status has the "largest financial interest" in the relief sought by the Class and has made a *prima facie* showing of adequacy and typicality under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). If the movant with the largest financial interest satisfies the applicable Rule 23 criteria, it is presumed to be the "most adequate" plaintiff. *Id.* That presumption can be rebutted "only upon ***proof***" that the movant "will not fairly and adequately protect the interests of the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). Accordingly, courts in this District typically engage in a two-step inquiry to determine which plaintiff should be appointed Lead Plaintiff by (1) identifying which plaintiff has the largest financial interest and then (2) determining whether that applicant meets the adequacy and typicality requirements of Rule 23(a) of the Federal Rules of Civil Procedure. *See Leech v. Brooks Automation, Inc.*, Civ. A. No. 06-11068-RWZ, 2006 WL 3690736, at *1 (D. Mass. Dec. 13, 2006).

**1.      <u>MPERS and Union Believe They Have the Largest Financial Interest in the Relief Sought by the Class</u>**

MPERS and Union believe they have the largest financial interest in the relief sought by the Class. Although the PSLRA does not mandate a particular method for calculating a movant's financial interest, courts have traditionally considered the following factors: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds

expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *State Univ. Ret. Sys. of Ill. v. Sonus Networks, Inc.*, No. 06-CV-10040, 2006 WL 3827441, at *2 (D. Mass. Dec. 27, 2006) (*quoting In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3rd Cir. 2001)).

Here, MPERS and Union purchased 1,158,127 shares of State Street securities during the Class Period. MPERS and Union expended total net funds of $43.4 million during the Class Period and suffered losses of $17.4 million. *See* Silk Decl., Exs. C and D. Their financial interest in the litigation is illustrated in the chart below:

| Factor | MPERS' and Union's Position |
|---|---|
| **Shares Purchased** | 1,158,127 |
| **Net Expenditures** | $43,424,862.13 |
| **Approximate Loss** | $17,439,181.07 |

In addition, MPERS purchased 7,903 shares on the June 2008 offering. Accordingly, MPERS and Union believe that they have the largest financial interest of any Lead Plaintiff candidate and should therefore be appointed as Lead Plaintiff.

### 2.    MPERS and Union Satisfy the Typicality and Adequacy Requirements of Rule 23

The PSLRA further provides that the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir.2001). At the Lead Plaintiff stage, the initial inquiry "should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *Sonus Networks, Inc.*, 2006 WL 3827441, at *2; *In re Lernout & Hauspie*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001)

(recognizing that a plaintiff seeking appointment as lead plaintiff need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements).

MPERS and Union satisfy the typicality requirement of Rule 23. A proposed lead plaintiff satisfies the typicality requirement when its claims and injuries "arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class." *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d at 46 (citation omitted); *see also Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 264 (D. Mass. 2005) ("To summarize, the typicality analysis is a functional one addressed primarily to the question of whether the putative class representative can fairly and adequately pursue the interests of the absent class members without being sidetracked by her own particular concerns.").

Here, MPERS' and Union's claims arise from the identical course of conduct by Defendants from which the claims of all other Class members arise. Like the other members of the Class, MPERS and Union are innocent victims of State Street's fraud who purchased the Company's stock during the Class Period at artificially inflated prices. Their losses, like the losses suffered by the other members of the Class, arise from Defendants' misrepresentations regarding State Street's financial condition—including the Company's concealment of billions of dollars in investment losses and the fraudulent inflation of State Street's trading revenues—and from the resulting inflation of State Street's stock price.

Moreover, MPERS' and Union's claims arise from the same statutes and legal theories as all other class members. *See Sonus Networks, Inc.*, 2006 WL 3827441, at *2 (movant made *prima facie* showing of typicality where there was "no indication that the circumstances of its losses [were] markedly different than those of other class members or [were] based on a legal theory that is not generally applicable"). Indeed, MPERS and Union are particularly suited to

8

serve as Lead Plaintiff because both MPERS and Union purchased State Street shares on the open market and MPERS purchased shares pursuant to the June 2008 Offering.  Specifically, MPERS purchased 7,903 shares pursuant to the June 2008 Offering.  Accordingly, MPERS and Union  have standing to assert claims under both the Exchange Act and the Securities Act, and are thus in all respects "typical" of other members of the Class.  *See, e.g., Olsen v. New York Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 108 (E.D.N.Y. 2005) (finding typicality satisfied where lead plaintiff movants acquired their shares both on the open market and through a stock merger, which ensured that all available legal theories were represented).

MPERS and Union also satisfy the adequacy requirement of Rule 23.  This requirement is satisfied if the movant has "common interests and an absence of conflict with the class members and [its] attorneys are qualified, experienced and vigorously able to conduct the litigation." *In re Lernout & Hauspie*, 138 F. Supp. 2d at 46.  MPERS and Union readily meet the adequacy requirements.  Their interests are the same as those of other class members—*i.e.*, to hold the Defendants liable for their violations of the federal securities laws and to seek recovery of the damages caused to investors who purchased State Street stock at artificially inflated prices during the Class Period.  Further, there are no facts that indicate any conflicts of interest between MPERS and Union and other class members.

In addition, both MPERS and Union are sophisticated institutional investors that have the resources and wherewithal to vigorously pursue the claims on behalf the Class.  MPERS is the retirement system for nearly all non-federal public employees in the state of Mississippi and provides benefits to over 75,000 retirees, and future benefits to more than 250,000 current and former public employees.  With billions of dollars in assets under management, MPERS is responsible for the retirement income of employees of the state, public school districts,

municipalities, counties, community colleges, state universities and such other public entities as libraries and water districts. Union is based in Germany and is the holding organization of the Union Investment Group with offices in Germany, Luxembourg, Poland and Italy. The Union Investment Group ranks among the three leading German fund managers by market share, with over fifty years of experience and 2,500 employees. Union's assets under management are over $225 billion.

In addition, both MPERS and Union have substantial experience in serving as Lead Plaintiffs under the PSLRA. MPERS has achieved significant recoveries for shareholders serving as Lead or Co-Lead Plaintiff in cases such as *In re Delphi Corp. Securities Litigation*, No. 05-md-1725(GER) (E.D. Mich.), which resulted in settlements totaling $322 million and *In re The Mills Corp. Securities Litigation*, 06-cv-00077(LO) (E.D. Va.), in which MPERS recovered over $200 million on behalf of shareholders. Indeed, MPERS has been active in litigating some of the most significant securities cases in the country, including recently prosecuting an appeal addressing the statute of limitations for securities fraud claims before the United States Supreme Court in *Merck & Co., Inc., et al. v. Reynolds, et al.*, No. 08-905. Union likewise has significant experience serving as a Lead Plaintiff in class action lawsuits alleging violations of the federal securities laws, including serving as Lead or Co-Lead Plaintiff in cases such as *In re Dell Inc., Securities Litigation*, No. 06-cv-726 (W.D. Tex.) ($40 million settlement pending final hearing in April 2010), *In re UBS AG Securities Litigation*, No. 07-cv-11225 (S.D.N.Y.) and *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, No. 08-cv-6324 (D. Minn.).

Recognizing that they had each suffered significant losses as a result of the fraud at State Street and that each shared common goals in ensuring that the action would be vigorously

prosecuted against all culpable parties, representatives of MPERS and Union convened a conference call to discuss the litigation and the opportunity to work together to jointly prosecute the claims on behalf of the Class. *See* Joint Declaration of George W. Neville and Dr. Joachim von Cornberg in Support of the Public Employees' Retirement System of Mississippi's and Union Asset Management Holding AG's Motion for Appointment as Lead Plaintiff; Approval of Their Selection of Lead Counsel; and Consolidation of All Related Actions, at ¶5, attached as Ex. G to the Silk Decl.

Specifically, representatives from MPERS and Union discussed their common interests and shared backgrounds in serving as Lead Plaintiffs under the PSLRA, as well as their shared views concerning litigation strategy and procedures for directing and monitoring counsel to ensure that action would be litigated efficiently and in cost-effective manner. *See id.* ¶5, 8. To ensure effective oversight of their counsel, MPERS and Union directed their counsel to enter into a Joint Prosecution Agreement, which can be submitted *in camera* at the Court's request, that delegates responsibilities among counsel and requires, among other things, that counsel provide regular updates on case developments. *See id.* ¶8. MPERS and Union also discussed their common goals in seeking corporate governance reforms to protect investors from fraudulent financial reporting and excessive risk-taking by publicly traded companies such as State Street. *See id.* ¶6. Based on their substantial losses and their shared interest in ensuring that the action was actively monitored and prosecuted in the best interests if the Class, MPERS and Union decided to join together to seek appointment as Lead Plaintiff. *Id.* ¶¶4-6, 9.

MPERS and Union are fully informed of and appreciate the duties in serving as fiduciaries to all members of the Class, and are committed to fulfilling those responsibilities. *See id.* ¶¶1-2, 7, 10. Further, both MPERS and Union have ample resources, including dedicated

staff with the legal, financial and organizational expertise to effectively oversee this proceeding and direct the actions of outside counsel. *See id.* ¶3. The sophistication, expertise, and resources that MPERS and Union bring to this litigation will inure to the benefit of the Class, which will be protected by the leadership of institutions that are committed to closely monitoring the litigation and prosecuting the action in best interest of the Class. *See id.*

Finally, as explained below, MPERS and Union have chosen Bernstein Litowitz and Motley Rice—firms with extensive experience and qualifications in securities litigation—to serve as Lead Counsel for the Class. *See Sonus Networks*, 2006 WL 3827441, at *2 (movant made *prima facie* showing of adequacy where it had "both the ability and incentive to represent the class vigorously" and had "retained experienced counsel to do so"). Accordingly, MPERS and Union satisfy the adequacy requirements of Rule 23.

### B.      The Court Should Approve MPERS' and Union's Selection of Lead Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval. *See* Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 276 (holding that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, the lead plaintiffs' choice of counsel is granted great deference under the law. *See Leech*, 2006 WL 3690736 at *4 (*quoting In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 305 (S.D. Ohio 2005)) ("Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class.").

MPERS and Union have selected Bernstein Litowitz and Motley Rice to serve as Lead Counsel, and Berman DeValerio to serve as Liaison Counsel. Bernstein Litowitz, Motley Rice and Berman DeValerio are among the top firms in the nation representing plaintiffs in securities

class action litigation and have been appointed sole or Co-Lead Counsel in numerous complex securities class actions in this District and around the country. *See, e.g.,* Bernstein Litowitz's Firm Biography, Motley Rice's Firm Biography and Berman DeValerio's Firm Biography attached as Exs. H, I and J, respectively, to the Silk Decl. Bernstein Litowitz is currently serving as Lead or Co-Lead Counsel in numerous complex securities fraud class actions on behalf of investors in, *inter alia*, Bank of America, Washington Mutual, and Lehman Brothers, and has obtained some of the largest recoveries in securities class action history, including the over $6 billion in settlements obtained in *In re WorldCom, Inc. Securities Litigation*, No. 02-CV-3288 (DLC) (S.D.N.Y.). Similarly, Motley Rice has significant experience in successfully prosecuting numerous shareholder and securities class actions, and is currently prosecuting claims as Lead or Co-Lead Counsel in numerous actions, including *In re UBS AG Securities Litigation*, No. 07-cv-11225 (S.D.N.Y.). Berman DeValerio is likewise a prominent firm representing plaintiffs in securities class action litigation and has similarly achieved substantial recoveries on behalf of investors, including the aggregate $180 million in settlements obtained in *Lernout & Hauspie Securities Litigation,* No. 00-cv-11589 (D. Mass.).

    Furthermore, each of these firms has prior experience working effectively with one another as Co-Lead Counsel. For example, Bernstein Litowitz and Motley Rice are currently prosecuting claims as Co-Lead Counsel in *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, No. 08-cv-6324 (D. Minn.), and Bernstein Litowitz and Berman DeValerio served together as Co-Lead Counsel in *In re American Home Mortgage Securities Litigation*, No. 07-md-1898 (E.D.N.Y.) in which settlements of nearly $40 million were obtained for the class. MPERS and Union's proposed Lead Counsel have also entered into a Joint Prosecution Agreement, confirming that Bernstein Litowitz and Motley Rice are committed to efficiently prosecuting the

action without duplication of costs and keeping MPERS and Union apprised of developments in the litigation.  The experience that these law firms have in prosecuting securities class actions under similar leadership structures, as well as the oversight mechanisms implemented by MPERS and Union, ensure that this case will be effectively litigated with minimal costs to the Class.  Accordingly, the Court should approve MPERS' and Union's selection of Bernstein Litowitz and Motley Rice as Co-Lead Counsel for the Class, and approve Berman DeValerio to serve as Liaison Counsel.

### C.     The Related Actions Should be Consolidated

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii). There are currently at least two related securities class actions against State Street pending in this District:

| Case Number | Abbreviated Case Name | Date Filed |
|:---:|:---:|:---:|
| 09-CV-12146 | *Hill v. State Street Corp., et al.* | 12/18/2009 |
| 10-CV-10064 | *Demory v. State Street Corp., et al.* | 01/15/2010 |

Consolidation is appropriate where, as here, there are actions pending in the same court that involve common questions of fact or law.  *See* Fed. R. Civ. P. 42(a); *see also Gilliam v. Fidelity Mgmt. & Research Co.*, Civ. A. No. 04-11600-NG, 2005 WL 1288105, at *1 (D. Mass.2005) (*citing Seguro De Servicio De Salud De Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989)).  "Consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports."

14

*Lowinger v. Global Cash Access Holdings, Inc.*, No. 08 Civ. 3516(SWK), 2008 WL 2566558, at

*1 (S.D.N.Y. June 26, 2008) (*citing Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184,

186 (S.D.N.Y. 2006)).  Consolidation of the above-captioned actions is appropriate since they

both assert similar claims based on the same or similar legal and factual allegations.  In addition,

the interests of judicial economy weigh heavily in favor of consolidation given the substantial

overlap of common questions of law and fact between them.  Accordingly, the Court should

consolidate the above-captioned actions and any other subsequently filed or transferred

shareholder actions that are related to the claims in this matter.

## <u>REQUEST FOR ORAL ARGUMENT</u>

MPERS and Union hereby respectfully request oral argument on the instant motion.

## CONCLUSION

For all the above reasons, MPERS and Union respectfully request that the Court: (1) appoint the MPERS and Union as Lead Plaintiff; (2) approve MPERS' and Union's selection of Lead Counsel and Liaison Counsel for the Class; (3) consolidate the related actions; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: February 17, 2010                    Respectfully submitted,

                                            **BERMAN DEVALERIO**

                                            /s/ Jeffrey C. Block
                                            Jeffrey C. Block (BBO #600747)
                                            Leslie R. Stern (BBO # 631201)
                                            One Liberty Square
                                            Boston, MA 02109
                                            Telephone:  (617) 542-8300
                                            Fax:  (617) 542-1194
                                            Email:  jblock@bermandevalerio.com

                                            *Proposed Liaison Counsel for the Class*

                                            **BERNSTEIN LITOWITZ BERGER
                                            & GROSSMANN LLP**
                                            Gerald H. Silk
                                            Avi Josefson
                                            Michael D. Blatchley
                                            1285 Avenue of the Americas, 38th Floor
                                            New York, NY 10019
                                            Telephone: (212) 554-1400
                                            Fax: (212) 554-1444

                                            *Counsel to the Public Employees' Retirement
                                            System of Mississippi and Proposed Lead Counsel
                                            for the Class*

                                            **MOTLEY RICE LLC**
                                            James M. Hughes
                                            28 Bridgeside Blvd.
                                            Mt. Pleasant, SC 29464
                                            Telephone: (843) 216-9000
                                            Fax: (843) 219-9440
                                            Email:  jhughes@motleyrice.com

16

William H. Narwold
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT  06103
Telephone:  (860) 882-1676
Fax:  (860) 882-1682
Email:  bnarwold@motleyrice.com

*Counsel to Union Asset Management Holding AG
and Proposed Lead Counsel for the Class*

<u>CERTIFICATE OF SERVICE</u>

I, Jeffrey C. Block, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 17, 2010.


Dated: February 17, 2010                    /s/ Jeffrey C. Block
                                            Jeffrey C. Block (BBO 600747)