## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY W. HILL, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>     v,<br><br>STATE STREET CORPORATION, RONALD E. LOGUE, EDWARD J. RESCH, PAMELA D. GORMLEY, and JAMES J. MALERBA,<br><br>                   Defendants | No. 1:09-cv-12146-NG |
| Marilyn Demory, on behalf of herself and all similarly situated persons,<br><br>                     Plaintiff,<br><br>     v,<br><br>STATE STREET CORPORATION, RONALD E. LOGUE, EDWARD J. RESCH, PAMELA D. GORMLEY, JAMES J. MALERBA, GOLDMAN, SACHS & CO., MORGAN STANLEY & CO. INCORPORATED, CREDIT SUISSE SECURITIES (USA) LLC, LEHMAN BROTHERS INC., UBS SECURITIES LLC, TENLEY E. ALBRIGHT, KENNETT F. BURNES, TRUMAN S. CASNER, PETER COYM, NADER F. DAREHSHORI, AMELIA C. FAWCETT, ARTHUR L. GOLDSTEIN, DAVID P. GRUBER, LINDA A. HILL, CHARLES R. LAMANTIA, MAUREEN J. MISKOVIC, RICHARD P. SERGEL, RONALD L. SKATES, GREGORY L. SUMME, DIANA CHAPMAN WALSH, ROBERT E. WEISSMAN, and ERNST & YOUNG LLP,<br><br>                   Defendants | No. 1:10-cv-10064-NG |

**MEMORANDUM OF LAW IN SUPPORT OF THE MIAMI BEACH EMPLOYEES RETIREMENT PLAN'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................1

STATEMENT OF FACTS .....................................................................................2

ARGUMENT ..........................................................................................................3

    I.      THE ACTIONS SHOULD BE CONSOLIDATED ..................................3

    II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF............................4

        A.    The PSLRA'S Procedural Requirements....................................4

        B.    Movant Is "The Most Adequate Plaintiff"..................................6

            (1)    Movant Has Timely Moved For Appointment As Lead Plaintiff....6

            (2)    Movant Has The Largest Financial Interest....................................6

            (3)    Movant Otherwise Satisfies Rule 23................................................7

    III.   THE COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL ................................................10

CONCLUSION......................................................................................................12

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Andrews v. Bechtel Power Corp.*,
    780 F.2d 124 (1st Cir. 1985) ................................................................................. 9

*Babcock v. Computer Associates International, Inc.*,
    212 F.R.D. 126 (E.D.N.Y. 2003) ........................................................................... 9

*In re Cendant Corp. Litigation*,
    264 F.3d 201 (3d Cir. 2001) .................................................................................. 6

*Greebel v. FTP Software, Inc.*,
    939 F. Supp. 57 (D. Mass. 1996) .......................................................................... 5

*Guckenberger v. Boston University*,
    957 F. Supp. 306 (D. Mass. 1997) ........................................................................ 8

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990) ................................ 4

*Kennedy v. Tallant*,
    710 F.2d 711 (11th Cir. 1983) .............................................................................. 9

*Lax v. First Merchandises Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .................................... 5, 7

*Leech v. Brooks Automation, Inc.*,
    2006 U.S. Dist. LEXIS 90153 (D. Mass. Dec. 13, 2006) ............................... 5, 6, 7

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ..................................................................... 5, 7, 8

*Priest v. Zayre Corp.*,
    118 F.R.D. 552 (D. Mass. 1988) ........................................................................... 8

*Rossini v. Ogilvy & Mather, Inc.*,
    798 F.2d 590 (2d Cir. 1986) .................................................................................. 8

*Swack v. Credit Suisse First Boston*,
    230 F.R.D. 250 (D. Mass. 2005) ....................................................................... 8, 9

## FEDERAL STATUTES

15 U.S.C. § 78j(b) ..................................................................................................... 2

15 U.S.C. § 78t(a) ............................................................................................... 2

15 U.S.C. § 78u-4(a)(1) ...................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(A) & (B) .............................................................. 4, 5, 6

15 U.S.C. § 78u-4(a)(3)(A)(i) ............................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B) .......................................................................... passim

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ................................................................ 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ............................................................. 10

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................... 4, 10

Fed. R. Civ. P. 23 ........................................................................................... 1, 4

Fed. R. Civ. P. 23(a) ......................................................................................... 8

Fed. R. Civ. P. 42(a) ...................................................................................... 1, 3

H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 .............. 10

iii

## <u>INTRODUCTION</u>

The Miami Beach Employees Retirement Plan ("Movant" or "Miami Beach") respectfully submits this memorandum of law in support of a motion for an Order: (i) consolidating the above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (ii) appointing Miami Beach to serve as lead plaintiff in the consolidated action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approving Movant's choice of Milberg LLP as lead counsel and Hagens Berman Sobol Shapiro LLP as Liaison Counsel in the consolidated action.

Pursuant to the PSLRA, the Lead Plaintiff is the movant with the largest financial interest in the litigation, who also satisfies Rule 23's requirements regarding adequacy and typicality. This motion is made on the grounds that Movant is the most adequate plaintiff, as defined by the PSLRA, to represent the interests of the purported class.  Movant purchased State Street securities during the class period and suffered a loss of $208,898 (*see* Rado Decl. Exs. A, B[1]) which is, to Movant's knowledge, the greatest among purported class members and greater than those of any plaintiff who has brought suit or may have filed an application for lead plaintiff in these actions.  Movant also satisfies the requirements of Fed. R. Civ. P. 23.  Movant has retained competent and experienced counsel to prosecute this securities litigation and seeks the Court's approval of this selection of lead counsel.

As further discussed below, Movant satisfies each of the requirements of the PSLRA and, therefore, is qualified for appointment as lead plaintiff in these actions.

---

[1] References to the "Rado Decl." are to the Declaration of Andrei Rado in Support of the Miami Beach Employees Retirement Plan's Motion For Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel, filed herewith.

## STATEMENT OF FACTS[2]

The above-captioned related actions are securities fraud class actions brought against State Street Corp. ("State Street" or "the Company"), and certain of its officers and directors. Each of the cases alleges substantially the same facts and legal theories of recovery. Specifically, plaintiffs allege that defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. §§ 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, and that certain officers[3] are liable as a "controlling persons" under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). The secondly-filed action, the *Demory* action, is additionally brought pursuant to §§ 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k and 77o, and Defendants in the *Demory* action also include Ernst and Young as an "Auditor Defendant" and certain underwriters and directors.[4] The first-filed action, the *Hill* action, was filed on December 18, 2009. The actions, which are brought on behalf of purchasers of State Street securities between October 17, 2006 and October 19, 2009, and persons who purchased or otherwise acquired State Street's common stock pursuant and/or traceable to a registered public offering conducted on or about June 3, 2008 (the "Offering"), are based on defendants'

---

[2] These facts are taken from the complaints filed in *Hill v. State Street,* 1:09-cv-12146-NG (filed December 18, 2009) and *Demory v. State Street*, 1:10-cv-10064-NG (filed January 15, 2010).

[3] The officer defendants named as controlling persons in these actions are Chief Executive Officer Ronald E. Logue, Chief Financial Officer Edward J. Resch, Executive Vice President Pamela D. Gormley, and Senior Vice President James J. Malerba.

[4] The underwriter defendants named in this related action are Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated, Credit Suisse Securities (USA) LLC, Lehman Brothers Inc., and UBS Securities LLC. The director defendants in this related action are Tenley E. Albright, Kennett F. Burnes, Truman S. Casner, Peter Coym, Nader F. Darehshori, Amelia C. Fawcett, Arthur L. Goldstein, David P. Gruber, Linda A. Hill, Charles R. Lamantia, Maureen J. Miskovic, Richard Pp. Sergel, Ronald L. Skates, Gregory L. Summe, Diana Chapman Walsh, and Robert E. Weissman

materially false and misleading statements and omissions concerning State Street's exposure to billions of dollars in investment losses and State Street's participation in an illegal scheme involving foreign currency ("FX") trades, which artificially inflated the price of State Street securities.

State Street is a Boston, Massachusetts-based corporation and bank and the world's largest money manager for institutions. Throughout the Class Period, defendants failed to disclose to investors that the Company was exposed to substantial and previously undisclosed risks, including (1) losses, customer claims and reputational risk arising from the investment of cash collateral in State Street's securities lending program; (2) unrealized losses in the Company's portfolio of investment securities; and (3) losses and liquidity risk associated with State Street's off-balance sheet "conduits." Furthermore, State Street was accused of systematically overcharging its institutional clients for almost a decade through an illegal scheme involving FX trades.

On January 16, 2009, State Street issued a Form 8-K providing warnings that revealed risks listed above. These losses and risks were further detailed in a Form 8-K released prior to the opening of the markets on January 20, 2009, causing a precipitous decline in the price of State Street securities and damaging Movant and the class. State Street stock plummeted almost 60% on January 20, 2009. In addition, on October 21, 2009, the California Attorney General's office charged State Street with fraud, accusing the company of cheating the state's two largest pension funds out of at least $56.6 million by overcharging them on foreign exchange trades. State Street shares fell 8.4%, its biggest drop in five months, on the news of the lawsuit and a sobering earnings forecast.

<u>**ARGUMENT**</u>

**I.     THE ACTIONS SHOULD BE CONSOLIDATED**                    Formatted: Bullets and Numbering

3

These actions involve class action claims on behalf of the purchasers of State Street securities and assert essentially identical claims. Consolidation is appropriate when there are actions involving common questions of law or fact. Fed. R. Civ. P. 42(a); *see Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990). That test is met here and the actions should be consolidated.

The allegations in the actions are virtually identical. The Class period is the same, the legal theories of recovery are the same, and the underlying facts are the same. Each case also alleges that Defendants' misrepresentations and omissions caused State Street securities to trade at artificially high prices during the Class Period, and that the revelation of the truth at the end of the Class Period caused the price of State Street stock to plummet, resulting in substantial financial losses to the various plaintiffs. Therefore, consolidation of the actions is proper.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant should be appointed Lead Plaintiff because it has complied with all of the PSLRA's requirements, demonstrated the largest financial interest in this litigation and otherwise meets the relevant requirements of Fed. R. Civ. P. 23. As the presumptive Lead Plaintiff, Movant's selection of the law firms of Milberg to serve as Lead Counsel and Hagens Berman Sobol Shapiro as Liaison Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), should be approved by the Court.

### A.    The PSLRA'S Procedural Requirements

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the Class, within 20 days of filing the complaint, informing Class members of their right to seek appointment as Lead

Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i).  Plaintiff in the first-filed, above-captioned action caused

notice to be published on December 19, 2009.  *See* Rado Decl., Ex. C.  The notice was published

on *BusinessWire*, a nationally distributed wire service.[5]

Second, within 60 days after publication of the required notice, any member or members

of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not

they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

Within 90 days after publication of the notice, the Court shall consider any motion made

by a class member and shall appoint as Lead Plaintiff the movant that the Court determines to be

most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-

4(a)(3)(B).  In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any
> private action arising under this title is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the
> relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
> Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See generally Leech v. Brooks Automation, Inc.*, No. 06-11068-

RWZ, 2006 U.S. Dist. LEXIS 90153, at *4 (D. Mass. Dec. 13, 2006); *Pirelli Armstrong Tire*

*Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 402-04 (S.D.N.Y.

2004).

---

[5]Newswires have consistently been recognized as a suitable vehicle for meeting the statutory
requirement that notice be published "in a widely circulated business-oriented publication or
wire services."  *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v.*
*First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill.
Aug. 6, 1997).

5

**B.    Movant Is "The Most Adequate Plaintiff"**

**(1)    Movant Has Timely Moved For Appointment As Lead Plaintiff**

The time period in which class members may move to be appointed Lead Plaintiff in this case, under 15 U.S.C. § 78u-4(a)(3)(A) and (B), expires on February 17, 2010.  Movant's application is thus timely.  Movant has reviewed the complaint and is willing to serve as  a representative party on behalf of the Class.  *See* Rado Decl., Ex. A.  In addition, Movant has selected and retained competent counsel to represent itself and the Class. *See* Rado Decl., Exs. D and E.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff, and its selection of Milberg as Lead Counsel and Hagens Berman Sobol Shapiro as Liaison Counsel, approved by the Court.

**(2)    Movant Has The Largest Financial Interest**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall adopt a rebuttable presumption that the most adequate plaintiff is the Class member or group of members who represent the largest financial interest in the relief sought by the action.  *See Leech*, 2006 U.S. Dist. LEXIS 90153, at *4; *In re Cendant Corp. Litig*., 264 F.3d 201, 262 (3d Cir. 2001) (*quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)).  Here, the class period alleged is October 17, 2006 through October 19, 2009, inclusive.  This is the period used to calculate Movant's financial interest in this action.

The PSLRA does not provide a method for determining the relative financial interests of Lead Plaintiff Movants.  However, Courts have employed a four-factor analysis in determining a movant's financial interest.  "The four factors are: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class

period; and (4) the approximate losses suffered by the plaintiffs." *Leech,* 2006 U.S. Dist. LEXIS 90153, at *7. *See also Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 404 (*quoting Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997)).

During the Class Period, Movant purchased 9,800 shares of State Street common stock at artificially inflated prices. *See* Rado Decl., Ex. A. Movant's net shares purchased, and net funds expended, during the Class Period were, respectively, 9,800 shares and $627,050. *See* Rado Decl. Ex. B. Finally, Movant incurred losses of $208,898. *See* Rado Decl., Ex. B. Therefore, Movant's financial interest under the four factor test can be expressed as follows:

| Movant | Total (& Net) Shares Purchased During Class Period | Net Funds Expended During Class Period | Approximate Loss |
|---|---|---|---|
| Miami Beach | 9,800 | $627,050 | $208,898 |

As demonstrated herein, Movant—having invested and lost substantial sums in State Street stock—has a very large financial interest in this case. Movant satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). *See* Rado Decl., Ex. B.

**(3)     Movant Otherwise Satisfies Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two — typicality and adequacy — directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See generally Pirelli Armstrong Tire Corp.,* 229 F.R.D. at 412. As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

### a.    Movant Fulfills the Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. "The typicality requirement is satisfied when the named plaintiff's injuries arise from the same events or course of conduct as do the injuries that form the basis of the class claims, and when the plaintiff's claims and those of the class are based on the same legal theory." *Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 260 (D. Mass. 2005) (quoting *Guckenberger v. Boston Univ.*, 957 F. Supp. 306, 325 (D. Mass. 1997); s*ee also Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412. Typicality does not require that there be no factual difference between the class representative and the class members because it is the generalized nature of the claims asserted that determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of

8

the absent [class] members") (citations omitted).  Because the Plaintiffs seek to prove that Defendants "committed the same unlawful acts in the same methods against an entire class" the typicality requirement of Rule 23(a)(3) is satisfied.  *Kennedy v. Tallant*, 710 F.2d 711 (11th Cir. 1983).

Movant seeks to represent a class of purchasers of State Street stock that have identical, non-competing and non-conflicting interests.  Movant satisfies the typicality requirement because, like all other Class members, they: (1) purchased or otherwise acquired State Street stock during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered economic loss when the misrepresentations made to the market, and/or the information alleged to have been concealed from the market, were revealed, removing the inflation from State Street's stock price.  Thus, Movant's claims are typical of those of other Class members since their claims and the claims of other Class members arise out of the same course of events.

> **b.    Movant Fulfills the Adequacy Requirement**

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  This standard for adequacy is met if it appears that (1) the named plaintiffs have interests in common with, and not antagonistic to, the class's interests; and (2) the plaintiffs' attorneys are qualified, experienced and generally able to conduct this litigation. *Swack* at 266 ("the moving party must show first that the interests of the representative party will not conflict with the interests of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation.") (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)); *see also Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (stating that the standard for adequacy of representation under Rule 23(a)(4) is met by:  (1) the absence of

potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation).

As detailed above, Movant is an adequate representative of the Class because it shares common questions of law and fact with members of the Class and its claims are typical of the claims of other Class members. As demonstrated by the injury suffered by Movant, who acquired State Street stock at prices artificially inflated by Defendants' materially false and misleading statements, the interests of Movant are clearly aligned with the interests of the members of the Class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the Class.

Moreover, Movant is a classic example of the sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA —sophisticated institutional investors and fiduciaries with a real financial interest in this litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the shareholders and assist courts by improving quality of representation in securities class actions").

### III.    THE COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. The Court should not disturb a Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected and retained Milberg to serve as Lead Counsel and Hagens Berman Sobol Shapiro as Liaison Counsel for the Class.

10

Milberg possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Rado Decl., Ex. D. Milberg has served as Lead or Co-Lead Counsel in many high profile class actions, recovering billions of dollars for investors and others harmed by corporate mismanagement, forcing a number of important corporate reforms. Milberg currently serves as Lead Counsel or as chair of plaintiffs' executive committees in many high-profile securities class actions pending throughout the country. Milberg has been appointed as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case. Other cases in which Milberg was responsible for obtaining outstanding recoveries for investors include *Carlson v. Xerox Corp.*, No. 3:00-CV-1621 (D. Conn. 2000) (preliminary approval of $750 million settlement granted on March 27, 2008); *In re Tyco Int'l Ltd. Sec. Litig.*, MDL Docket No. 02-1335-B (D.N.H. 2002) ($3 billion settlement); *In re Nortel Networks Corp. Sec. Litig.*, No. 01-CV-1855 (RMB) (S.D.N.Y. 2001) ($1.1 billion settlement); *In re Lucent Techs., Inc. Sec. Litig.*, No. 00-CV-621 (AJL) (D.N.J. 2000) ($600 million settlement); *In re Raytheon Co. Sec. Litig.*, 99-CV-12142 (D. Mass. 1999) ($460 million settlement); and *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02 C 7527 (N.D. Ill. 2002) ($215 million settlement).

Similarly, Hagens Berman Sobol Shapiro, LLP is skilled at managing multi-state and nationwide class actions and is one of the leading firms in the United States in securities litigation. Hagens Berman Sobol Shapiro has the ability and experience to tackle complex cases and successfully guide class members to favorable verdicts and settlements. Some of Hagens Berman Sobol Shapiro's most noteworthy cases include recovery of $220 million on behalf of

11

ENRON employees, a $350 million settlement with McKesson Corporation, and a ground-breaking settlement resulting in the rollback of the prices of hundreds of prescription drugs.

Because there is nothing to suggest that Movant or its counsel will not fairly and adequately represent the Class, or the Movant is subject to unique defenses, this Court should appoint Miami Beach as Lead Plaintiff and approve its selection of Milberg as Lead Counsel and Hagens Berman Sobol Shapiro as Liaison Counsel for the Class.

## <u>CONCLUSION</u>

For the foregoing reasons, Movant satisfies the requirements of the PSLRA for appointment as Lead Plaintiff in these actions and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).  Movant respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint Movant as Lead Plaintiff in the consolidated action pursuant to § 21D (a)(3)(B); and (3) approve their selection of Milberg as Lead Counsel and Hagens Berman Sobol Shapiro as Liaison Counsel.

Dated: February 17, 2010                    Respectfully submitted,

                                            **HAGENS BERMAN SOBOL SHAPIRO, LLP**

                                            By:____/s/ Lauren Guth Barnes_____

                                            Lauren G. Barnes (BBO# 663819)
                                            55 Cambridge Parkway, Suite 301
                                            Cambridge, MA 02142
                                            Tel: (617) 482-3700
                                            *Counsel for Movant Miami Beach Employees*
                                            *Retirement Plan and Proposed Liaison Counsel for*
                                            *the Class*

                                            **MILBERG LLP**
                                            Anita Kartalopoulos
                                            Andrei Rado
                                            One Pennsylvania Plaza
                                            New York, New York 10119
                                            Tel: (212) 594-5300

12

Fax: (212) 868-1229
*Counsel for Movant Miami Beach Employees*
*Retirement Plan and Proposed Lead Counsel for*
*the Class*

**CYPEN & CYPEN**
Stephen H. Cypen, Esq.
777 Arthur Godfrey Road, Suite 320
Miami Beach, FL  33140
Tel:  (305) 532-3200
*Counsel for Movant Miami Beach Employees*
*Retirement Plan*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused true and attested copies of the following document, Memorandum of Law in Support of the Miami Beach Employees Retirement Plan's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel, to be served on all counsel of record in this proceeding via CM/ECF filing and email.

**/s/ Lauren Guth Barnes**

Dated: February 17, 2010

13