UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY W. HILL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET CORPORATION, RONALD E. LOGUE, EDWARD J. RESCH, PAMELA D. GORMLEY, AND JAMES J. MALERBA,<br><br>Defendants. | No. 09-cv-12146-NG<br><br>**Leave to file Granted on 3/17** |
| MARILYN DEMORY, on behalf of herself and all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET CORPORATION, et al,<br><br>Defendants. | No. 10-cv-10064-NG |

**OBJECTOR NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND'S REPLY BRIEF IN FURTHER SUPPORT OF ITS CONSOLIDATED OBJECTION AND SUPPLEMENTAL OBJECTION TO THE MOTION OF MPERS AND <u>UNION FOR APPOINTMENT AS LEAD PLAINTIFF</u>**

The National Automatic Sprinkler Industry Pension Fund ("NASI") respectfully submits this reply brief to address legal issues raised in the Response of Public Employees' Retirement System of Mississippi ("MPERS") and Union Management Asset Holding AG ("Union") to NASI's Objection (Docket No. 20) (the "Response"), as well as to assert an additional objection to MPERS' service as lead plaintiff. As set forth below, NASI need not "certify" that it is a member of the class in order to be heard as an objector to motions for appointment as lead plaintiff. Nor do the Response's authorities prohibit this Court from early intervention as to the issue of class counsel's

compensation. Additionally, after filing its original Consolidated Objection (Docket No. 16) (the "NASI Objection"), NASI discovered that MPERS is presumptively unfit to serve as lead plaintiff in this case.

## **ARGUMENT**

I.   NASI NEED NOT CERTIFY ITS MEMBERSHIP IN THE CLASS

NASI purchased 70,833 shares in State Street Corporation ("State Street") securities during the proposed class period and asked to be heard as to the methodology to protect the class against excessive counsel fees. (NASI Objection at 3). MPERS and Union responded that the Court should plug its ears to NASI's objections because NASI did not file a certification before the February 17, 2010 deadline for motions for appointment as lead plaintiff. (Response at 2). But MPERS' and Union's argument, that the PSLRA's certification requirements apply to "any Class Member seeking to *address* the Lead Plaintiff appointment", is just plain wrong. (Response at 2 (emphasis added)).

The PSLRA states that a "plaintiff *seeking to serve as a representative party* on behalf of a class" must certify its membership in the class, not putative class members seeking to object to any such appointment. 15 U.S.C. § 78u-4(a)(2)(A) (emphasis added). Indeed, as MPERS and Union acknowledge in the Response, NASI is not seeking appointment as lead plaintiff. (Response at 2). Thus, NASI need not certify its purchases of State Street securities when it is merely objecting to the motions for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(2)(A).[1]

---

[1]   MPERS and Union do not challenge NASI's *bona fides*, but instead argue that, regardless of NASI's membership in the class, it should not be heard due to a failure to certify its ownership of the securities at issue. Of course, MPERS and Union cite no authority for that position.

## II. THE AUTHORITIES CITED BY MPERS AND UNION ACTUALLY FAVOR EARLY INTERVENTION ON THE ISSUE OF ATTORNEYS' FEES

The Response cites the 2002 Third Circuit Task Force Report on Selection of Class Counsel, reprinted in 74 Temp. L. Rev. 689 (Winter 2001) (the "2002 Task Force Report"), for the premise that, under the PSLRA, fees must be decided at the end of the case, purportedly rebutting the findings of the 1985 Report of the Third Circuit Task Force on Court Awarded Attorney Fees, 108 F.R.D. 237, 262 (1985) (the "1985 Task Force Report"). (Response at 5-6 (citing 2002 Task Force Report at 754)). Additionally, the Response cites In re TJX Cos. Retail Sec. Breach Litig., 584 F. Supp. 2d 395 (D. Mass. 2008) for the preposition that courts in this district routinely review fee applications of class counsel without the aid of a Special Master. (Response at 6).

To the contrary, the 2002 Task Force Report states that "[t]he court may in PSLRA cases follow the recommendation of the 1985 Third Circuit Task force and seek to do some review of the retainer agreement and its reasonableness at the outset of the litigation." 2002 Task Force Report at *780. "If there are concerns about aspects of the agreement that ought to be aired earlier rather than later, early review would provide guidance to both the lead plaintiff and the lead counsel." 2002 Task Force Report at *780. Indeed, the Court may well perform its final review of class counsel's fee application at the end of the case, but it may also take pre-emptive steps to control fees and costs at the case's outset. 2002 Task Force Report at *780. Moreover, Judge Young's decision in In re TJX supports NASI's request for early judicial intervention: "[s]imply put, the class action vehicle is broken." 584 F. Supp. 2d at 406.

MPERS and Union also claim that the PSLRA, specifically at Sections 78u-4(a)(6) and (7)(c), rejects the findings of the 1985 Task Force Report. (Response at 5).

Nonsense.  Section 78u-4(a)(6) limits restrictions on fees sought by counsel to "a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class", an unremarkable statement that includes no reference to when fees may be addressed.  Section 78u-4(a)(7)(c) sets forth the requirements of a statement of counsel applying for fees, and while requiring that the information contained in such statement be included on any notice of proposed or final settlement agreement, it does not state that counsel's statement itself must not be made until that time.

III.   MPERS IS UNFIT TO SERVE AS A LEAD PLAINTIFF
       UNDER THE PSLRA'S "PROFESSIONAL PLAINTIFF RESTRICTION"

The PSLRA sets "Restrictions on professional plaintiffs", stating that a party may serve as "lead plaintiff . . . in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period."  15 U.S.C. § 78u-4(a)(3)(B)(vi).  Although courts have discretion to exempt such "frequent flyers" from this restriction, the PSLRA is designed "to increase client control over plaintiff's counsel, and allowing simultaneous prosecution of six [or more] securities actions is inconsistent with that goal".  Aronson v. McKesson HBOC, Inc., 79 F. Supp. 2d 1146, 1156 (N.D. Cal. 1999) (disqualifying pension fund from lead plaintiff position because of its six other lead plaintiff roles).  Indeed, this provision of the PSLRA was enacted to "be used with vigor to limit the activities of professional plaintiffs".  H.R. Conf. Rep. No. 104-369, at 35 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 734.

In its own Certification Pursuant to the Federal Securities Laws (the "Certification"), MPERS admits that it "has sought to serve and was appointed as a lead plaintiff" in no fewer than ten securities class actions within the past three years.  (Decl.

of Gerald H. Silk Ex. A, ¶ 5 (Docket No. 5)).  Additionally, and not disclosed in the Certification, MPERS was appointed as a lead plaintiff in at least five other securities class actions that were litigated during the past three years.  See In re the Mills Corp. Securities Litig., no. 1:06-cv-00077 (E.D. Va.); In re Delphi Corp. Securities Litig., No. 05-md-1725 (E.D. Mich.); In re Sonus Networks Securities Litig. II, 06-cv-10040 (D. Mass.); Merck & Co. Securities Litig. In re: MDL1658, 05-cv-02367-SRC-MAS (D.N.J.); In re SCOR Holding (Switzerland) AG Litig., No. 04-cv-07897-DLC (S.D.N.Y.).  These undisclosed additional appearances are all properly considered under the professional plaintiff restriction of the PSLRA.  15 U.S.C. § 78u-4(a)(3)(B)(vi).

Dated: March 17, 2010                    Respectfully submitted,

*/s/ Irwin B. Schwartz*
Irwin B. Schwartz
Business Litigation Associates, P.C.
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110
Phone:  617-421-1800
Fax:  617-421-1810

Attorney for Objector National Automatic Sprinkler Industry Pension Fund

Certificate of Service

    I, Irwin B. Schwartz, attorney for National Automatic Sprinkler Industry Pension Fund, hereby certify that on this 17th day of March, 2010, I filed the foregoing document with the Clerk of the Court by CM/ECF, which will send notification of such filing to all counsel of record.

*/s/ Irwin B. Schwartz*