**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TIMOTHY W. HILL, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>v.<br><br>STATE STREET CORPORATION, RONALD E. LOGUE, EDWARD J. RESCH, PAMELA D. GORMLEY, AND JAMES J. MALERBA,<br><br>         Defendants. | No. 1:09-cv-12146-NG<br><br>**ECF CASE**<br><br>**Leave to File<br>Granted on 03/23/2010** |
| MARILYN DEMORY, on behalf of herself and all similarly situated persons,<br><br>         Plaintiff,<br><br>v.<br><br>STATE STREET CORPORATION, RONALD E. LOGUE, EDWARD J. RESCH, PAMELA D. GORMLEY, JAMES J. MALERBA, GOLDMAN, SACHS & CO., MORGAN STANLEY & CO. INCORPORATED, CREDIT SUISSE SECURITIES (USA) LLC, LEHMAN BROTHERS INC., UBS SECURITIES LLC, TENLEY E. ALBRIGHT, KENNETT F. BURNES, TRUMAN S. CASNER, PETER COYM, NADER F. DAREHSHORI, AMEILIA C. FAWCETT, ARTHUR L. GOLDSTEIN, DAVID P. GRUBER, LINDA A. HILL, CHARLES R. LAMANTIA, MAUREEN J. MISKOVIC, RICHARD P. SERGEL, RONALD L. SKATES, GREGORY L. SUMME, DIANA CHAPMAN WALSH, ROBERT E. WEISSMAN, and ERNST & YOUNG LLP,<br><br>         Defendants. | No. 1:10-cv-10064-NG<br><br>**ECF CASE** |

**RESPONSE OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI AND UNION MANAGEMENT ASSET HOLDING AG TO THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND'S SUPPLEMENTAL OBJECTION**

The Public Employees' Retirement System of Mississippi ("MPERS") and Union Asset Management Holding AG ("Union") respectfully submit this memorandum of law in response to the Supplemental Objection of National Automatic Sprinkler Industry Pension Fund (the "NASIPF") (Docket #22, referred to herein as the "Supplemental Objection").[1]  Having previously contended that the Court should upend the deliberative process Congress established to guide the appointment of a Lead Plaintiff, NASIPF now – weeks after the deadline to file Lead Plaintiff motions – attempts to challenge the merits of MPERS' and Union's motion for appointment as Lead Plaintiff.  That attempt must be rejected.[2]

Specifically, NASIPF contends that MPERS should be barred from serving as a Lead Plaintiff under the so-called "professional plaintiff" provision of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  *See* 15 U.S.C. § 78u-4(a)(3)(B)(vi).  However, the discretionary "professional plaintiff" restriction does ***not*** apply to public pension funds such as MPERS, and courts from around the country have overwhelmingly rejected NASIPF's argument as contrary to Congress' intent to have institutional investors lead securities class actions.  *See, e.g.*, *Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing and Securitization*, 616 F. Supp. 2d 461, 467 (S.D.N.Y. 2009) (rejecting "professional plaintiff"

---

[1] On March 17, 2010, NASIPF filed the Supplemental Objection together with its reply to MPERS' and Union's response to NASIPF's Objection after MPERS and Union declined its request to submit additional briefing on points that could have been raised in NASIPF's initial Objection.  *See* Email from Peter Pease to Irwin Schwartz, dated Mar. 15, 2010, attached as Exhibit A to the Supplemental Declaration of Gerald H. Silk.  MPERS and Union do not, through this response, seek to address the points that NASIPF raised on reply with regard to its initial Objection, and respond only to the point raised for the first time in the Supplemental Objection.

[2] NASIPF's Supplemental Objection should likewise be rejected because NASIPF has still not demonstrated it is even a member of the Class with standing to object on these matters.  NASIPF's claim that it is a Class Member cannot be verified because it has only provided an unsubstantiated assertion that it purchased State Street shares during the Class Period.  But to be a member of the Class, NASIPF must have both purchased shares of State Street during the Class Period and have been harmed as a result of the violations of the securities laws at issue in the action.  Because NASIPF refuses to submit a Certification, the Court cannot assess when NASIPF sold the shares it purported to purchase, and whether it incurred any loss, let alone a loss caused by the alleged misconduct.

argument and appointing MPERS as lead plaintiff).³  Indeed, courts in this District have consistently recognized that MPERS' active involvement in securities litigation does not bar it from serving as Lead Plaintiff under the PSLRA's "professional plaintiff" provision. *See State Univ. Ret. Sys. of Ill. v. Sonus Networks, Inc.*, C.A. No. 06-10040-MLW, 2006 WL 3827441, at *1 (D. Mass. Dec. 27, 2006) (appointing MPERS as Lead Plaintiff when MPERS was at the time serving or seeking to serve as Lead Plaintiff in more than five cases); *In re Boston Scientific Corp. Sec. Litig.*, No. 1:05-cv-11934-JLT (D. Mass. Feb. 15, 2006) (Dkt. #42) (implicitly rejecting "professional plaintiff" argument in appointing MPERS while it was then serving or seeking to serve as Lead Plaintiff in more than five cases).⁴

MPERS is a highly sophisticated institutional investor with extensive experience prosecuting securities class actions, and which is represented in this action by the Office of the

---

[3] *See also Dees v. Colonial Bancgroup, Inc.*, No. 2:09cv104-MHT, 2009 WL 1285424, at *2 (M.D. Ala. May 7, 2009) (holding "professional plaintiff" bar did not apply to pension funds and appointing group as lead plaintiff); *In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 338 n.4 (S.D.N.Y. 2005) ("While the PSLRA disfavors 'professional plaintiffs'…[t]his provision was not intended to target institutional investors") (citations omitted); *In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 264 (D.D.C. 2005) ("[T]he Court has the discretion to exempt an institutional investor from the 'professional plaintiff' restriction"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 512 (E.D. Pa. 2004) ("[T]he limitation against professional plaintiffs was not designed to be applied mechanically to institutional investors"); *In re DaimlerChrysler AG Sec. Litig.*, 216 F.R.D. 291, 299 (D. Del. 2003) ("Consistent with this legislative intent, the majority of courts applying the professional plaintiff restriction have concluded that the restriction does not apply to institutional investors.").

[4] NASIPF misconstrues not only the purpose of the PLSRA, but also the language of the professional plaintiff provision. In its Supplemental Objection, NASIPF insinuates that MPERS failed to include certain cases in its Certification, and suggests that this fact is relevant to the application of the professional plaintiff provision. Supp. Obj at 4. Not so. MPERS included every case required to be listed in its Certification under the relevant provision of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(2)(A)(v) (certification must identify actions in which movant sought to serve as a representative party that were "***filed*** during the 3-year period preceding the date on which the certification is signed") (emphasis added). The PSLRA's entirely separate and distinct "professional plaintiff" provision, 15 U.S.C. § 78u-4(a)(3)(B)(vi), which grants courts discretion to decline to appoint certain investors that have served in more than five actions during any three year period, says nothing about what is required to be listed in a movant's certification. *See, e.g.*, H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.A.A.N. 730, 733 (stating that institutional investors "do not represent the type of professional plaintiff this legislation seeks to restrict").

Mississippi Attorney General.[5]  Further, MPERS has already been actively engaged in this litigation and has coordinated with Union regarding supervising the case and counsel. Accordingly, there can be no question that MPERS has the resources, experience and expertise to oversee this litigation, together with the others in which it is participating.  *See* Joint Decl. ¶¶ 1-5, 8.  For that reason, and the clear weight of authority that rejects application of the professional plaintiff provision to institutional investors, NASIPF's argument in no way constitutes the necessary "proof" required to rebut the presumption afforded to the Public Pension Fund Group as the "most adequate plaintiff" under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  To the contrary, MPERS' experience and expertise in leading securities class actions under the PSLRA portends the benefits it can provide to the Class in this action, as many courts have recognized in rejecting the same "professional plaintiff" argument NASIPF advances here.

For all these reasons, NASIPF's Supplemental Objection should be denied.

Dated: March 23, 2010

Respectfully submitted,

**BERMAN DEVALERIO**

/s/ Peter A. Pease
Peter A. Pease (BBO #392880)
Glen DeValerio (BBO #122010)
Leslie R. Stern (BBO #631201)
One Liberty Square
Boston, MA 02109
Telephone:  (617) 542-8300
Fax:  (617) 542-1194
Email:  ppease@bermandevalerio.com

*Proposed Liaison Counsel for the Class*

---

[5]  *See generally* Joint Declaration of George W. Neville and Dr. Joachim von Cornberg, Ex. G to the Declaration of Gerald H. Silk (Dkt. #5) ("Joint Decl.").

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Gerald H. Silk
Avi Josefson
Michael D. Blatchley
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Telephone: (212) 554-1400
Fax: (212) 554-1444

*Counsel to the Public Employees' Retirement System of Mississippi and Proposed Lead Counsel for the Class*

**MOTLEY RICE LLC**
James M. Hughes
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Fax: (843) 219-9440
Email: jhughes@motleyrice.com

William H. Narwold
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone: (860) 882-1676
Fax: (860) 882-1682
Email: bnarwold@motleyrice.com

*Counsel to Union Asset Management Holding AG and Proposed Lead Counsel for the Class*

CERTIFICATE OF SERVICE

I, Peter A. Pease, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 23, 2010.

Dated: March 23, 2010                    /s/ Peter A. Pease
                                         Peter A. Pease