## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TIMOTHY W. HILL, Individually and on Behalf of All Others Similarly Situated, Plaintiff, | ) ) ) ) | |
| v. | ) ) | No. 1:09-cv-12146-NG |
| STATE STREET CORPORATION, RONALD E. LOGUE, EDWARD J. RESCH, PAMELA D. GORMLEY, AND JAMES J. MALERBA, Defendants. | ) ) ) ) ) | |
| MARILYN DEMORY, on behalf of herself and all similarly situated persons, Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:10-cv-10064-NG |
| STATE STREET CORPORATION, RONALD E. LOGUE, EDWARD J. RESCH, PAMELA D. GORMLEY, JAMES J. MALERBA, GOLDMAN, SACHS & CO., MORGAN STANLEY & CO. INC., CREDIT SUISSE SECURITIES LLC, LEHMAN BROTHERS INC., UBS SECURITIES LLC, TENLEY E. ALBRIGHT, KENNETT F. BURNES, TRUMAN S. CASNER, PETER COYM, NADER F. DAREHSHORI, AMEILIA C. FAWCETT, ARTHUR L. GOLDSTEIN, DAVID P. GRUBER, LINDA A. HILL, CHARLES R. LAMANTIA, MAUREEN J. MISKOVIC, RICHARD P. SERGEL, RONALD L. SKATES, GREGORY L. SUMME, DIANA CHAPMAN WALSH, ROBERT E. WEISSMAN, and ERNST & YOUNG LLP, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| CASEY J. RICHARD, individually and on behalf of a class of persons similarly situated and for the benefit of the State Street Corporation Salary Savings Program, Plaintiff, | ) ) ) ) ) ) | |
| v. | ) | No. 1:10-cv-10184-NG |

```
                                          )
STATE STREET CORPORATION;                 )
STATE STREET BANK AND TRUST               )
COMPANY; NORTH AMERICA                    )
REGIONAL BENEFITS COMMITTEE OF )
STATE STREET CORPORATION;                 )
STATE STREET CORPORATION                  )
INVESTMENT COMMITTEE; JAYNE               )
DONAHUE; PAMELA GORMLEY;                  )
DAVID GUTSHENRITTER; RICHARD              )
LOGUE; JAMES MALERBA; DAVID               )
O'LEARY; ALISON QUIRK; and JOHN           )
DOES 1 - 10, Defendants.                  )
```

**GERTNER, D.J.:**

## ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD COUNSEL, AND APPOINTING LEAD PLAINTIFF

This court hereby grants [3] Motion to Consolidate Cases, Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel by Public Employees' Retirement System of Mississippi, Union Asset Management Holding AG; denies [6] Motion to Consolidate Cases, Appointment As Lead Plaintiff, and Selection of Lead and Liaison Counsel by Pension Fund Group; denies [9] Motion to Consolidate Cases Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel by Miami Beach Employees Retirement Plan.

## I.    CONSOLIDATION

The following actions are consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a): Hill v. State Street Corporation et. al., 09-cv-12146; Demory v. Logue et. al., 10-cv-10064; Richard v. State Street Corporation et. al., 10-cv-10184. These actions involve a common question of law or fact, Fed. R. Civ. P. 42(a), as well as common parties – the defendants.

The Consolidated Actions, together with all other actions which may subsequently be consolidated pursuant to the provisions of this order, shall be collectively referred to as HILL v. STATE STREET CORPORATION ET. AL., No. 1:09-cv-12146-NG. All docket entries for the Consolidated Actions shall be made in the docket established for 09-cv-12146. The plaintiffs in the Consolidated Actions shall file a Consolidated Amended Complaint ("Consolidated Complaint") within fourteen (14) days of the entry of this order. Defendants shall have fourteen (14) days from the date of service of the Consolidated Complaint to answer or respond to that complaint, and no answer or response shall be required to the complaints presently on file.

## II.   LEAD PLAINTIFF APPOINTMENT

This court appoints MPERS/Union as Lead Plaintiff in the Consolidated Actions.

## III.    LEAD COUNSEL APPOINTMENT

This court appoints (i) Berman DeValerio Pease Tabacco Burt & Pucillo, (ii) Bernstein Litowitz Berger & Grossmann, and (iii) Motley Rice as Lead Counsel in the Consolidated Actions.

The court recognizes and shares National Automatic Sprinkler Industry Fund's (NASI) concerns about assuring fair and reasonable legal fees.  If appropriate, at the conclusion of the case, lead counsel will have to document and justify legal fees.  The NASI's request for intervention is premature.

This order is merely procedural and does not affect the rights of any party.

**SO ORDERED.**
**Date: May 7, 2010**                                 /s/ *Nancy Gertner*
                                                      -------------------------
                                                      **NANCY GERTNER, U.S.D.C.**