IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HILL v. STATE STREET CORPORATION )<br>)<br>)<br>)<br>THIS DOCUMENT RELATES TO THE )<br>ERISA ACTION )<br>)<br>Docket No. 10-CV-10184-NG )<br>) | Master Docket No. 1:09-cv-12146 |

## DEFENDANTS' MOTION TO DISMISS AND ORAL ARGUMENT REQUEST

Defendants hereby move to dismiss this putative class action in its entirety pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and further move pursuant to Rule 12(f) to strike Plaintiff's claim for a jury trial.[1] The grounds for this motion, which are explained in detail in the accompanying Memorandum of Law, include the following:

1.      Plaintiff's entire Complaint fails because it is premised on the factually unsupported assertion that State Street's foreign currency exchange ("FX") business was built on fraud and that State Street's financial results were, as a result, materially inflated.  In fact, documents that are appropriately considered as part of this motion refute Plaintiff's theory of fraud.  Furthermore, his allegations about State Street's financial results are entirely implausible because they are based on speculation, cherry-picked data, and flawed assumptions.

2.      Plaintiff's claim that State Street's stock was an imprudent investment fails for independent reasons.  Because the plan's stock was held in an Employee Stock Ownership Plan ("ESOP"), the law presumes that it was a prudent investment.  Plaintiff can only overcome that

---

[1]      The defendants include State Street Corporation ("State Street"), State Street Bank and Trust Company, North American Regional Benefits Committee of State Street Corporation, State Street Corporation Investment Committee, Charles Cutrell, Stephen DeSalvo, Jayne Donahue, Pamela Gormley, David Gutschenritter, Kathryn Horgan, Lee Jones, Jacques Longerstaey, James Malerba, Alison Quirk, David O'Leary, Ross McLellan, Doreen Rigby, Anne Tangen, and Ronald Logue.

presumption by pleading facts to plausibly show the company was on the verge of collapse. The Complaint contains nothing of the sort. Nor could it because documents that are properly before the Court show that State Street was (and remains) a strong, viable, and financially healthy company.

2. Plaintiff's claim that Defendants breached their ERISA fiduciary duty because State Street's SEC filings contained material misrepresentations about the company's FX business is likewise flawed. It fails at the outset because Plaintiff has not alleged reliance, which is an essential element of his claim. Moreover, the SEC filings he challenges are not subject to ERISA because they were corporate communications, not (as is required) plan communications made by a fiduciary while speaking to participants in a fiduciary capacity. And, even if they were, none of the statements Plaintiff challenges were false or misleading.

3. Plaintiff's claims against the individual defendants also fail because he has not alleged, as he must, a plausible basis to conclude that these defendants were even aware of the supposed issues in State Street's FX business.

4. Plaintiff's claim that the individual defendants had divided loyalties fails because it is derivative of his other failed claims, and also because Plaintiff has not pled facts to plausibly show that they had a conflict of interest or that they harmed the Plan through some form of self-dealing.

5. Plaintiff's claim against State Street and Mr. Logue for breaching the duty to properly monitor the Plan committee members likewise fails because it is derivative of other deficient claims. It also fails because Plaintiff has not pleaded facts to plausibly suggest that the committee members were not well-qualified or that their actions were not appropriately monitored.

6. Plaintiff's claim for a jury trial should be stricken because ERISA does not provide for jury trials.

7. As further grounds for its motion, Defendants rely on the Memorandum of Law submitted herewith.

WHEREFORE, Defendants respectfully request that the Court dismiss this action in its entirety with prejudice.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants respectfully request oral argument on this Motion.

Respectfully submitted,

DEFENDANTS

By their attorneys,

*/s/ Jeffrey B. Rudman*
Jeffrey B. Rudman (BBO No. 433380)
William H. Paine (BBO No. 550506)
John J. Butts (BBO No. 643201)
Timothy Perla (BBO No. 660447)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (facsimile)
jeffrey.rudman@wilmerhale.com

Dated: September 24, 2010

### CERTIFICATE OF SERVICE

I, Jeffrey B. Rudman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) dated September 24, 2010.

*/s/ Jeffrey B. Rudman*
Jeffrey B. Rudman

US1DOCS 7666331v1