**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HILL v. STATE STREET CORPORATION | MASTER DOCKET NO. 09-cv-12146-NG |
| THIS DOCUMENT RELATED TO THE ERISA ACTION: | ECF CASE |
| DOCKET NO. 10-cv-10184 | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE OF**
**SUPPLEMENTAL AUTHORITY AND RECENT FACTUAL DEVELOPMENTS**
**IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Casey Richard makes this submission to bring to this Court's attention two developments that impact the pending motion to dismiss:

1. The Report and Recommendation on Plaintiff's Motion for Leave to Amend of Magistrate-Judge Dein in *Kenney v. State Street Corp.*, Civil Action No. 09-10750-DJC (D. Mass.) (Exhibit A hereto);

2. State Street Corp.'s Form 10-Q for the period ending March 31, 2011 (available at .sec.gov) (excerpts of which are attached as Exhibit B hereto), in which State Street announced that the Securities and Exchange Commission ("SEC") had joined multiple other state and federal regulators in investigating whether State Street wrongfully overcharged its investment clients for foreign exchange services.

The supplemental authorities support a number of arguments made by Plaintiff in Opposition to Defendants' Motion to Dismiss the First Amended Complaint.

### A. The Report and Recommendation in *Kenney* Supports Plaintiff's Prudence Claim.

In the Report and Recommendation in *Kenney*, Magistrate-Judge Dein recommended that the Court sustain Plaintiffs' prudence claim, and rejected a number of arguments made by

1

Defendants in support of their motion to dismiss based on the same State Street Salary Savings Plan ("Plan") at issue in this action and a similar prudence claim.[1]  Specifically:

1. The Court held that "the test of prudence is … one of conduct, not a test of the performance of the investment.  Thus, the "focus of the inquiry is how the fiduciary acts, and not whether his investments succeed or failed."  *Kenney*, Report and Recommendation, at 26.

2. The Court rejected the application of the *Moench* presumption in light of the "disagreement, even among the courts that have adopted the *Moench* presumption, about the appropriateness of doing so at the pleading stage," and "the First Circuit['s] … resistance to the application of 'hard-and-fast rule[s]' in ERISA fiduciary duty cases.  *Id.* at 28-29;

3. The Court applied "the generally accepted prudence standard" rejected the argument that at the pleading stage Plaintiff must show "that the company stock was 'so extraordinarily risky' that 'not one cent' of company stock should be held in Plan assets."  *Id.*, at 29-30.

4. The Court held applied a "knew or should have known" standard and held that "the question is whether Defendants acted imprudently by failing to cease investments in the Company's stock at a time when they knew or should have known that the crisis in the credit markets had significantly enhanced the risk that State Street would suffer severe losses from its exposure to the conduit business."  *Id.* at 32.  *See also id.* at 37.

5. The Court held that "while the drop in the stock price is relevant to the [prudence] analysis, it is only 'one factor' bearing on whether the stock was an imprudent investment."  *Id.* at 33.

6. The Court recognized "the importance of record development of facts" in ERISA fiduciary duty cases.  *Id.* at 33-34.

---

[1] The Court also dismissed the disclosure claim because Kenney "has not alleged any facts indicating that he relied on the challenged statements," and rejected his argument that "material misrepresentations and non-disclosures is presumed." Report and Recommendation, at 38-43.  Since Plaintiff in this action has alleged reliance, First Amended Complaint, ¶187, this Court need not reach the question of presumed reliance at this juncture.

**B.     The SEC Has Joined Numerous Government Agencies Investigating State Street's Foreign Exchange Pricing Practices**.

On May 9, 2011, State Street announced in its Form 10-Q for the period ending March 31, 2011, that:

> [A]ttorneys general from a number of these other jurisdictions, as well as U.S. Attorney's offices, the SEC and other regulators, have made inquiries or issued subpoenas concerning our foreign exchange pricing.

State Street Corp. Form 10-Q, at 65.  This is the first time that State Street has disclosed that the SEC is involved in the ongoing government investigations into its foreign exchange practices. The SEC's decision to join the multiple investigations into State Street's foreign exchange practices belies State Street's primary argument for dismissal – that the alleged foreign exchange fraud was an "isolated contract dispute" that did not have a "material" impact on State Street's financials.

Dated:  May 31, 2011                                            Respectfully submitted,

                                                                                    SHAPIRO HABER & URMY LLP

                                                                                    /s/ Michelle H. Blauner
                                                                                    Thomas G. Shapiro BBO # 454680
                                                                                    Michelle H. Blauner BBO # 549049
                                                                                    53 State Street
                                                                                    Boston, MA 02109
                                                                                    Telephone: (617) 439-3939
                                                                                    Facsimile:  (617) 439-0134
                                                                                    @shulaw.com
                                                                                    @shulaw.com

                                                                                    Richard Vita BBO # 510260
                                                                                    Vita Law Offices P.C.
                                                                                    77 Franklin Street
                                                                                    Boston, MA 02109
                                                                                    (617) 426-6566
                                                                                    @vitalaw.com

## CERTIFICATE OF SERVICE

I, Michelle H. Blauner, hereby certify that on the 31st day of May, 2011, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Michelle H. Blauner

## LOCAL RULE 7.1 CERTIFICATION

I, Michelle H. Blauner, hereby certify that I conferred with counsel for the defendants. Counsel for the defendants indicated that they do not object to to the statement of supplemental authority with regard to Magistrate-Judge Dein's report and recommendation; however, they do to the introduction of facts not in the complaint.

/s/ Michelle H. Blauner