

# BERMAN DeVALERIO

GLEN DEVALERIO
gdevalerio@bermandevalerio.com
617-542-8300

August 16, 2011

**Via Hand Delivery**

Hon. Nancy J. Gertner
United States District Judge
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

    Re:   *Hill v. State Street Corporation*
            Master Docket No. 09-cv-12146-NG

Dear Judge Gertner:

    We, together with Bernstein Litowitz Berger & Grossmann LLP and Motley Rice LLC, represent Lead Plaintiffs The Public Employees' Retirement System of Mississippi and Union Asset Management Holding AG in the above-captioned matter. We write regarding the reassignment of this case in light of Your Honor's impending retirement.

    Local Rule 40.1 provides that "[i]n the interest of justice or to further the efficient performance of the business of the court, a judge may return a case to the clerk for reassignment, whether or not the case is related to any other case, with the approval of the Chief Judge, or, with respect to civil cases only, may transfer the case to another judge, if the other judge consents to the transfer." Pursuant to this rule, and in order to "further the efficient performance of the business of the court," we respectfully submit that the above-captioned civil action should be transferred to The Honorable Denise J. Casper. Judge Casper currently presides over *Kenney v. State Street Corporation*, No. 09-10750-DJC, which has substantially overlapping allegations and common parties to this action. In addition, the *Kenney* case is in a procedural posture that will likely enable the parties to efficiently coordinate discovery in both matters, and thus minimize the burdens on the court.

    Both *Hill* and *Kenney* are class actions asserted against, among others, State Street Corporation ("State Street") brought on behalf of investors and/or ERISA plan participants in connection with their holdings or their accounts' holdings of State Street securities. Moreover, both cases involve similar allegations concerning State Street's asset-backed commercial paper conduits. Indeed, the gravamen of the *Kenney* case, which is brought under ERISA, is that State Street and other Defendants breached their fiduciary duty of prudence by continuing to offer State Street stock as a Plan investment option because the Company was facing a "significant risk of loss . . . as a result of its sponsor-ship of four-asset-backed commercial paper conduits."





## BERMAN DeVALERIO

Hon. Nancy J. Gertner
August 16, 2011
Page 2

*See* May 18, 2011 Opinion and Order, *Kenney* Docket No. 141. Thus, while there are additional allegations in the *Hill* case relating to an alleged foreign currency exchange fraud, there is a significant overlap of allegations between the *Hill* and *Kenney* cases.

The *Kenney* case was initially filed on May 7, 2009, and assigned to Judge Saris. On March 15, 2010, Judge Saris issued an Opinion and Order sustaining claims for negligent misrepresentation arising from an October 15, 2008 Form 8-K and press release. *See* Memorandum and Order, *Kenney* Docket No. 56. Defendants subsequently deposed the proposed class representative in that case and moved for summary judgment on July 1, 2010. On December 9, 2010, Judge Saris granted summary judgment in favor of defendants based solely on the fact that plaintiffs could not establish the necessary element of "actual reliance." *See* Memorandum and Order, *Kenney* Docket No. 122. Prior to summary judgment being granted, plaintiffs had filed a motion seeking leave to file a second amended complaint to add substantial allegations relating to State Street's conduits. *See* July 16, 2010 Motion, *Kenney* Docket No. 92.

On February 28, 2011, the *Kenney* case was reassigned to Judge Casper. On May 18, 2011, Magistrate Judge Dein, following full briefing and oral argument, issued a report and recommendation concluding that the *Kenney* plaintiffs' motion for leave to file a second amended complaint should be granted in part, and found that the allegations supporting Kenney's conduit-based claims should be sustained. The parties filed objections to Judge Dein's report, and those objections are fully briefed and have been pending before Judge Casper since July 8, 2011. As the Court is aware, on August 3, 2011, the Court denied defendants' motion to dismiss in *Hill* and thus discovery is just beginning.

Given the substantial overlap in allegations between the two cases relating to State Street's conduits, and the fact that State Street is a defendant in both the *Hill* and *Kenney* cases, as well as the similar procedural postures of the cases, we respectfully submit that it would be in the interest of justice and most efficient for the Court if the above-captioned matter were assigned to Judge Casper. We thank you for your consideration.

Respectfully submitted,

Glen DeValerio

cc: The Honorable Denise J. Casper, USDJ
Sarah Allison Thornton, Clerk of the Court
Thomas G. Shapiro, Esq. (ERISA counsel)
All Defense Counsel of Record

CERTIFICATE OF SERVICE

       I hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and a paper copy will be sent to those indicated as non-registered participants by first class mail on August 16, 2011.

Dated: August 16, 2011                    /s/ Glen DeValeiro
                                                  Glen DeValerio