# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HILL v. STATE STREET CORPORATION | Master Docket No. 1:09-cv-12146 |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS |  |
| THOMAS U. KENNEY, on Behalf of Himself and a Class of Persons Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET CORPORATION, et al.<br><br>Defendants. | Civil Action No. 09-10750 |

### MOTION TO COORDINATE *KENNEY V. STATE STREET CORP., ET AL.,* WITH *HILL V. STATE STREET CORP., ET AL.* (FILED CONCURRENTLY IN BOTH ACTIONS)

Four related putative securities and ERISA class actions are pending in this District against State Street Corporation and others: *Kenney v. State Street Corporation et al.,* 09-10750 ("*Kenney*"), *Hill v. State Street Corporation et al.*, 09-cv-12146 ("*Hill*"), *Demory v. Logue et al.*, 10-cv-10064 ("*Demory*"), and *Richard v. State Street Corporation et al.*, 10-cv-10184 ("*Richard*"). The Court has already consolidated *Hill, Demory,* and *Richard* (hereinafter "the Consolidated Action").[1] The State Street Defendants,[2] with the assent of all Defendants, now

---

[1] The Court has consolidated *Hill* and *Demory* for all purposes, and *Richard* for pre-trial proceedings.

respectfully request that this Court enter an order that discovery proceedings for all of the actions be coordinated before the Court in the Consolidated Action.[3]

The State Street Defendants made a similar request once before, which this Court deemed unripe. On March 30, 2010, shortly after *Hill* was filed, they moved to coordinate *Kenney* with the Consolidated Action. *See* Motion to Coordinate and Track, *Kenney* Docket No. 58 (Mar. 30, 2010). Judge Saris (then presiding over *Kenney*) denied the Motion because the Consolidated Action was at the pleading stage whereas discovery had begun in *Kenney* (on a now dismissed claim). *See Kenney* Electronic Order (Mar. 31, 2010). However, she also called for later coordination if both cases proceeded into discovery. *See id.* ("I will not wait for [the Consolidated Action]. If Judge Gertner denies the Motion to Dismiss [in the Consolidated Action], the cases can then be coordinated for discovery."). That condition is now satisfied: the Court has denied motions to dismiss the Consolidated Action, and the plaintiffs in *Kenney* just filed a Second Amended Complaint asserting a new claim that will require substantial additional discovery. Thus, both cases are just entering discovery on the claims sustained, and coordination is ripe.

In making this motion, the State Street Defendants seek efficient and uniform management of discovery issues, not to move the cases from one Court to another. They believe that this can only be done by having discovery coordinated and managed by the Court to which the Consolidated Action is assigned, because only the Consolidated Action addresses all of the substantive issues in both actions: *e.g.*, FX, conduits, investment portfolio, and ERISA plan

---

[2] The State Street Defendants are: (i) all Defendants in *Kenney*, (ii) all Defendants in *Richard*, and (iii) the following Defendants in *Hill* and *Demory*: State Street Corp., Ronald E. Logue, Edward J. Resch, Pamela D. Gormley, Kennett F. Burnes, Peter Coym, Nader F. Darehshori, Amelia C. Fawcett, David P. Gruber, Linda A. Hill, Charles R. Lamantia, Maureen J. Miskovic, Richard P. Sergel, Ronald L. Skates, Gregory L. Summe, and Robert E. Weissman.

[3] The State Street Defendants have filed this Motion concurrently in *Kenney* and the Consolidated Action, and seek the same relief (allowance of this Motion) from both sessions.

committee actions. The *Kenney* action presents only two of these sets of issues. Thus, not all of the relevant discovery issues are before the *Kenney* court. The State Street Defendants do not seek to reallocate any substantive merits or class issue from the Court to which each of the actions is now assigned.

I.  **Coordination Is Warranted Where, As Here, Cases Are Related And Opportunities Are Ripe to Achieve Efficiency**

The Court has the power to coordinate scheduling and discovery among multiple, related actions that concern common issues and where efficiencies are to be realized. *See* Fed. R. Civ. P. 26(d)(2) (court may sequence discovery "for the parties' and witnesses' convenience and in the interests of justice"); *In re AOL Time Warner, Inc., Securities and ERISA Litig.*, MDL No. 1500, 02 Civ. 8853 (SWK), 2003 WL 22227945, at *1 (S.D.N.Y. Sept. 26, 2003) (coordinating ERISA and securities fraud cases where, as here, "a significant portion of [the ERISA suit] concerns issues common to the Securities Action"). Under this standard, *Kenney* and the Consolidated Action should be coordinated.

*Kenney* is a purported ERISA class action brought against State Street and certain of its employees on behalf of participants in the State Street Salary Savings Program ("the Plan"). Plaintiff's core allegation is that State Street's common stock was not a prudent investment during the economic downturn of 2008 as a result of exposure to four asset backed commercial paper conduits ("conduits"). His initial complaint alleged that Defendants had violated ERISA by allowing Plan participants to invest in State Street common stock when such investment was imprudent as a result of the conduits ("ERISA prudence claim"), and by failing to properly Plan participants with adequate information about the conduits ("ERISA disclosure claims"). The Court dismissed the ERISA prudence claim and, indeed, all claims except one ERISA disclosure claim. After discovery, the Court granted Defendants' Motion For Summary Judgment on the

ERISA disclosure claim (leaving no live claims).  On September 15, 2011, the Court allowed Plaintiff's Motion for Leave to File a Second Amended Complaint, which the Court permitted to include only the ERISA prudence claim (and not any other claims).  Although some of the prior discovery to date will be relevant to that claim, discovery is still in its infancy on the claims sustained in each of the actions.  For example, prior documents productions covered only a small portion of the current class period and no depositions have taken place.

The Consolidated Action consists of three putative class actions (*Hill, Demory,* and *Richard*) against State Street and others.  *Demory* and *Hill* are purported shareholder class actions alleging violations of the federal securities laws.  Like *Kenney*, they assert claims based on State Street's exposure to conduits during the economic downturn.  *See* Consolidated Securities Complaint ¶¶ 1-4, Docket No. 45, 09-cv-12146.[4]  In addition, the *Demory* Complaint asserts claims about State Street's foreign currency exchange ("FX") trading business.  *Richard* is a purported class action under ERISA which asserts, among other claims, that State Street's stock was an imprudent investment due to alleged practices in State Street's foreign exchange trading business.  *See* ERISA Complaint ¶¶ 1-4, Docket No. 46, 09-cv-12146.  On August 3, 2011, Judge Gertner denied Defendants' Motions to Dismiss the Consolidated Action.  *See* Memorandum and Order, Docket No. 108, 09-cv-12146.[5]  The Consolidated Action was thereafter reassigned to Judge O'Toole, and it is now entering discovery.

The substantial factual and legal overlap between *Kenney* and the Consolidated Action is plain.  *Kenney, Hill,* and *Demory* are all premised on allegations concerning State Street's

---

[4] The *Demory* Complaint also asserts claims about State Street's investment portfolio and securities lending business.

[5] In its opinion, the Court acknowledged the overlap between *Kenney* and the Consolidated *Hill* Action.  *See* Memorandum and Order, Docket No. 108, 09-12146 (Aug. 3, 2011) ("At the core of the case [*Kenney*] was the same issue before this Court – whether the defendants had exposed State Street to over $9 billion in potential losses through high-risk assets in the same investment portfolio and four conduits at issue here.").

exposure to the conduits, and therefore discovery will involve the same documents, witnesses, factual disputes, discovery disputes, experts, summary judgment issues, etc.  Common topics for discovery potentially include, but are not limited to, the mechanics of the conduits, conduits holdings, commercial paper sold by the conduits, disclosures concerning the conduits, conduit accounting, and State Street's relationship to the conduits.  Similarly, because *Kenney* and *Richard* are both ERISA class actions concerning the same ERISA Plan, they too are likely to implicate common documents (*e.g.,* Plan related documents, disclosures to plan participants, investments by plan participants, identities of plan participants), common witnesses (*e.g.,* the members of the committee that administered the Plan),[6] common legal issues (*e.g.,* the ERISA fiduciary standard applicable to Defendants), and common factual issues (*e.g.*, Defendants' actions with regard to managing the Plan and the prudence of investing in State Street stock). Moreover, all of the cases are now just poised to enter discovery on the sustained claims, so they are ripe for coordination, which will not materially delay the prosecution of any member case.

Absent coordination, Defendants will surely face rounds of overlapping but inconsistent discovery demands.  Those demands will impose extraordinary unnecessary costs if Defendants are required to, among other things, collect and review electronically stored information, likely numbering in the millions of documents, on multiple occasions.  In addition, separate discovery schedules will unnecessarily consume the Court's resources because, although the parties will attempt to avoid discovery disputes, it is reasonably likely that some will arise, and have to be addressed more than once (with respect to disparate discovery requests).  Separate discovery schedules also will impose an unfair burden on the State Street employees and third parties who

---

[6] Eight committee members are defendants in both *Kenney* and *Richard*.

may be deposed on multiple occasions about the same events, or who will have to search for, review and produce documents relative to the same subjects more than once.[7]

Further, coordination will not delay or otherwise prejudice any of the Plaintiffs. As detailed above, *Kenney* and the Consolidated Action are both beginning discovery. Given the factual overlap of the cases, the reality is that the same State Street personnel will need to assist counsel with document collection and other discovery matters across the cases. Dividing their attention among competing document requests, interrogatories, or other discovery matters could only slow all cases down. Coordinating scheduling and discovery should add efficiency and minimize the delays that litigation of this scope could otherwise create.

Similarly, bringing all scheduling hearings and discovery disputes before one Court would conserve judicial resources and avoid duplicative or inconsistent rulings. There is an obvious opportunity for efficiency here: the Consolidated Action subsumes the issues likely to arise in *Kenney* (*Richard* will encompass ERISA Plan discovery and *Hill* will encompass discovery on the conduits). Because only the Court in the Consolidated Action will necessarily need to address all such issues, it makes the most sense for it simultaneously to adjudicate scheduling and discovery matters in *Kenney*.[8]

In sum, to avoid inconsistent results, as well as the inefficiencies and substantial additional cost of duplication, the State Street Defendants respectfully request that the Court order the parties in *Kenney* and the Consolidated Action to proceed with discovery in a coordinated fashion, including establishing a common schedule to be entered in connection with

---

[7] For example, *Kenney* has issued a third party subpoenas to Ernst & Young LLP, Goldman Sachs & Co., and Morgan Stanley & Co., Inc. each of which is a defendant in the Consolidated Action.

[8] The efficiency could not be realized by coordinating judicial proceedings in *Kenney* because that action does not raise numerous factual and legal issues raised by *Hill* and *Richard* (*e.g.,* foreign exchange trading, securities lending, State Street's Bond funds, State Street's 2008 stock offering). Thus, coordinating all discovery proceedings before the Court in *Kenney* would expand the scope of issues that the Court would otherwise need to address.

a joint scheduling conference in the Consolidated Action,[9] requiring common discovery requests, requiring common deposition scheduling, and common discovery dispute briefing and hearings to occur before the Court in the Consolidated Action.

## CONCLUSION

WHEREFORE, the State Street Defendants respectfully request that this Court allow this Motion, and order the parties in *Kenney* and the Consolidated Action to:

1. Pursuant to Rule 26(f), seek to negotiate a single scheduling order to govern all discovery matters;

2. Appear for a joint scheduling conference in the Consolidated Action on a date convenient to the Court, and at that time present a proposed scheduling order and any disputes for resolution;

3. Present a joint plan for coordination all requests for written discovery and depositions;

4. Adjudicate all discovery disputes and scheduling issues in a coordinated manner before the Court in the Consolidated Action, and

5. Otherwise coordinate discovery in the interests of efficiency and justice.

STATE STREET DEFENDANTS,

By their attorneys,

 */s/ Jeffrey B. Rudman*
Jeffrey B. Rudman (BBO No. 433380)
William H. Paine (BBO No. 550506)
James W. Prendergast (BBO No. 553073)
John J. Butts (BBO No. 643201)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
jeffrey.rudman@wilmerhale.com

---

[9] The parties to the Consolidated Action have already begun conferring under Rule 26(f), but no decisions have been made. Counsel for *Kenney* would henceforth be included in those efforts and any hearings.

## CERTIFICATE PURSUANT TO L.R. 7.1

I, Jeffrey B. Rudman, hereby certify that counsel for the State Street Defendants contacted counsel for all other parties in *Kenney* and the Consolidated Action to confer in good faith to attempt to resolve or narrow the issues presented.  Counsel for the other defendants assented to this motion.

 /s/ Jeffrey B. Rudman

Jeffrey B. Rudman

## CERTIFICATE OF SERVICE

I, Jeffrey B. Rudman, hereby certify that this document filed through the ECF system in *Kenney* and the Consolidated Action will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) dated October 12, 2011.

 /s/ Jeffrey B. Rudman

Jeffrey B. Rudman

ACTIVEUS 90745958v1