# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILL v. STATE STREET CORPORATION )<br><br>THIS DOCUMENT RELATES TO ALL CLASS ACTIONS<br><br>Docket No. 09-cv-12146 | Master Docket No. 1:09-cv-12146 (GAO) |

| | |
|---|---|
| THOMAS U. KENNEY, on Behalf of Himself and a Class of Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET CORPORATION; NORTH AMERICA REGIONAL BENEFITS COMMITTEE OF STATE STREET CORPORATION; ALISON QUIRK; PAMELA GORMLEY; ROSS MCLELLAN; DAVID O'LEARY; SKIP CURTRELL; JAYNE DONAHUE; DAVID GUTSCHENRITTER; JAMES MALERBA; STATE STREET CORPORATION INVESTMENT COMMITTEE; AND JOHN DOES 1-10<br><br>Defendants. | Civil Action No. 1:09-CV-10750 (DJC) |

**PLAINTIFF THOMAS KENNEY'S RESONSE TO DEFENDANTS'
MOTION TO COORDINATE KENNEY V. STATE STREET CORP.
ET AL. WITH HILL V. STATE STREET CORP. ET AL.**

Thomas U. Kenney ("Plaintiff") hereby respectfully responds to Defendants' Motion to

Coordinate *Kenney v. State Street Corp. et al.* with *Hill v. State Street Corp. et al*.

**PRELIMINARY STATEMENT**

While Plaintiff agrees with Defendants that some coordination of the two cases is appropriate, Plaintiff disagrees with the mechanism proposed by Defendants of transferring all discovery responsibility to the Consolidated Case as unfair and unnecessary. Plaintiff also disputes Defendants' characterization of the degree of advancement of *Kenney* as purported justification for the mechanism they propose.[1] Defendants' motion suggests a subtle attempt at judge shopping.[2]

When the mischaracterizations in Defendants' papers have been swept away it will become apparent that if these cases are to coordinate discovery, it should be coordinated under the supervision of Judge Casper.

**THERE HAS BEEN SIGNIFICANT DISCOVERY IN KENNEY**

Throughout their motion, Defendants use misleading language to try to give a sense that neither the Consolidated Action nor *Kenney* have left the starting gate in terms of the discovery process. While no discovery has been taken in the Consolidated Action and a status conference or scheduling conference has yet to be scheduled, significant progress has been made in *Kenney* although it is true that much still needs to be done. For example in *Kenney*, with respect to party discovery, Plaintiff has served two document requests, Defendants have served responses to those requests, the scope of discovery has been subject to negotiation, approximately 600,000 pages have been produced, interrogatories have been served, and responses to interrogatories

---

[1] While it is hard to argue against a concept that will avoid unnecessary duplication of efforts, Plaintiff asks for some assurance that in view of the more advanced state of discovery in *Kenney* that Plaintiff will not face undue delay in zealously moving his case forward if coordination is ordered and Plaintiff requests that to the extent that the actions are coordinated, that there be a provision for Plaintiff to seek relief from a coordination order in appropriate circumstances.

[2] To the extent that this motion is deemed a motion to consolidate, pursuant to Local Rule 40.1(J), such motion should be made in the first filed case which is the *Kenney* case.

including spreadsheets identifying all of State Street's asset backed conduits have been produced. Defendants previously objected to producing documents in response to numerous requests for lack of a "prudence" claim. After the filing of Plaintiff's Second Amended Complaint which contained a "prudence" claim, Plaintiff's counsel and Defendants' counsel have communicated concerning, among other things, production of those documents that previously had been withheld based upon the dismissal of Plaintiff's prudence claim. Moreover, the parties have already had discovery motion practice before Magistrate Judge Dein who adjudicated Plaintiff's Motion to Compel.

Non-party discovery has seen significant activity as well in *Kenney*. Plaintiff has served third party subpoenas on Goldman Sachs & Co., Fitch, Inc., Oliver Wyman, Standard & Poors, Ernst & Young LLP, MBIA, Inc., and Ambac, Inc., as well as on the four asset backed commercial papers conduits that are the focus of the *Kenney* action. Prior to summary judgment being granted on Plaintiff's disclosure claim for lack of proof of reliance, Plaintiff's counsel was engaged in discussions with Goldman Sachs regarding the scope of production. These discussions halted when summary judgment was granted but have now resumed with Goldman Sachs agreeing to produce certain documents and discussion continuing regarding the production of others. Ernst & Young, LLP, State Street's independent auditors also produced documents as a result of negotiations that occurred after Plaintiff had moved to compel production of documents.[3]

At the time summary judgment was granted to Defendants relating to the issue of reliance, a motion to compel was set for a hearing with respect to the subpoena of Oliver Wyman, a consultant retained by State Street to perform work, among other things, related to the

---

[3] Whether the filing of Plaintiff's Second Amended Complaint will result in Plaintiff seeking additional documents from Ernst & Young is under consideration.

asset backed conduits. Recently, Plaintiff's counsel and counsel for Oliver Wyman have renewed discussions concerning the scope of discovery and those discussions are ongoing. There has been production of certain documents from Standard & Poor's. Additional production is a possibility. Fitch, MBIA and Ambac so far have not produced any documents.

Accordingly, Defendants' contentions that "both cases are just entering discovery on the claims sustained (Defs. Motion at 2), "although some of the prior discovery to date will be relevant to that claim,[4] discovery is still in its infancy on the claims sustained in each of the actions" (Defs. Motion at 4), and that "*Kenney* and the Consolidated Action are both beginning discovery" (Defs.' Motion at 6), are wrong.

### THE EXPERIENCE OF THE JUDGES ADDRESSING ISSUES RELEVANT TO THE RESPECTIVE CASES

*Kenney* was originally assigned to Judge Saris. Judge Saris issued two substantive decisions, one on a motion to dismiss and the other on a motion for summary judgment (which addressed the reliance issue only) before the case was transferred to Judge Casper, who now presides over the Kenney case. Judge Casper has had the opportunity to become thoroughly familiar with the issues in *Kenney* and in the Consolidated Action to the extent that it overlaps with Kenney. For example, she ruled on Plaintiff's Motion to File a Second Amended Complaint and the related objections to Magistrate Judge Dein's Report and Recommendation involving the review of extensive briefing and exhibits which included, among other things, numerous State Street SEC filings. The Consolidated Action had been assigned to Judge Gertner, who issued a

---

[4] Most of the discovery to date while not covering the full relevant time period concerned subjects such as State Street's analysis of the conduits, the unrealized losses of the conduits, the pricing of the conduits and the model for determining whether the conduits were required to be consolidated onto State Street's financial statement. Thus, the information contained in those documents are just as relevant whether the subject of the action is the accuracy of a statement made about the quality of the conduits or the prudence the investment committee permitting continued holding or investment in State Street stock by plain participants.

ruling on a motion to dismiss in the ERISA case and Securities case. Judge Gertner retired shortly after ruling on the motion and the Consolidated Case was assigned to Judge O'Toole. Because of the timing of events, Judge O'Toole, although an extremely experienced District Judge, has not had the opportunity to consider any motions, substantive or with respect to discovery.

### THE MECHANISM PROPOSED BY DEFENDANTS IS NOT APPROPRIATE

Based upon Defendants incorrectly contending that *Kenney* is only in its infancy in terms of discovery, Defendants ask that the Court in the Consolidated Action that should be charged with addressing all discovery issues but that for substantive purposes, the two cases should continue to be heard by the judges to which they are presently assigned. Defendants' premise is that because the Court in the Consolidated Action will be addressing conduit issues, foreign exchange issues and ERISA issues it is better equipped to deal with discovery issues. But what Defendants suggest, in reality, is that responsibility for discovery be transferred from the judge with the case that has had substantial discovery activity to the Court which has not yet had any discovery activity, and from a judge who is familiar with the issues in *Kenney* (and the Consolidated Action to the extent they overlap with *Kenney)* to a judge, because of happenstance, is likely to be unfamiliar with the issues. Thus, from the point of view of the Plaintiff, it makes little sense to transfer the discovery responsibility from Judge Casper or split the discovery and substantive responsibilities between two judges. If there is to be coordination of discovery between *Kenney* and the Consolidated Action, it is most efficient to have Judge Casper handle the discovery scheduling and issues for both cases and to continue to handle the substantive issues for *Kenney*.

Plaintiff takes no position on whether, in view of Judge Casper's experience in addressing substantial issues in *Kenney*, the Consolidated Action should be transferred to her for all issues. Counsel for *Kenney* will leave it to counsel in those cases to present their positions if they want to propose such an arrangement.

Counsel in *Kenney* will be prepared to discuss the issues related to this motion at the October 18, 2011 conference before Judge Casper.

## CONCLUSION

Based on the factual development of these cases, Plaintiff requests that to the extent that coordination is ordered, that Judge Casper be given overall responsibility for discovery including the setting of a discovery schedule and that any coordination order contain a provision for Plaintiff to seek relief from the Court if, in any respect, coordination causes undue delay with the prosecution of Plaintiff's claims.

October 13, 2011

Respectfully submitted,

**HUTCHINGS, BARSAMIAN,
MANDELCORN & ZEYTOONIAN, LLP**

By: /s/ Theodore M. Hess-Mahan_____
Theodore M. Hess-Mahan
thess-mahan@hutchingsbarsamian.com
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Tel: (781) 431-2231 ext. 234
Fax: (781) 431-8726

**STULL, STULL & BRODY**
Mark Levine
Patrick Slyne
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

**MAJOR KHAN, LLC**
Major Khan
1120 Avenue of the Americas
Suite 4100
New York, NY 10036
Tel: (646) 546-5664
Fax: (646) 546-5755

*Counsel for Plaintiff*

**Certificate of Service**

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 13, 2011.

/s/**Theodore M. Hess-Mahan**
Theodore M. Hess-Mahan