**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HILL v. STATE STREET CORPORATION ) | Master Docket |
| ) | No. 1:09-cv-12146-GAO |
| THIS DOCUMENT RELATES TO THE ) | |
| SECURITIES ACTIONS ) | |
| Docket No. 09-cv-12146 ) | |
| | |
| THOMAS U. KENNEY, on Behalf of Himself and ) | |
| a Class of Persons Similarly Situated ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| v. ) | No. 09-10750-PBS |
| STATE STREET CORPORATION, et al. ) | |
| Defendants. ) | |

**SECURITIES PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO COORDINATE *KENNEY V.
STATE STREET CORP.* WITH *HILL V. STATE STREET CORP.*
(FILED CONCURRENTLY IN BOTH ACTIONS)**

The Securities Lead Plaintiffs in the action captioned *Hill v. State Street Corporation*, the Public Employees' Retirement System of Mississippi and Union Asset Management Holding AG (collectively, "Lead Plaintiffs"), respectfully submit this response to Defendants' motion to coordinate discovery between *Kenney v. State Street Corporation* (before Judge Casper) and *Hill* (*Hill* Docket No. 121) ("Motion" or "Mot.") (before Judge O'Toole).[1]

## PRELIMINARY STATEMENT

Lead Plaintiffs agree with Defendants that the interests of judicial efficiency could be advanced by coordinating (or even consolidating) the *Kenney* and *Hill* actions, but respectfully submit that it would be more efficient and appropriate for a single judge to oversee all aspects of both cases. Lead Plaintiffs defer to the Courts' guidance as to which Court is better positioned to preside over both actions. While Lead Plaintiffs have no objection to proceeding before either Judge O'Toole or Judge Casper, as discussed below, Lead Plaintiffs respectfully submit that substantial efficiencies could be achieved by having Judge Casper preside over both cases given that Judge Casper has presided over *Kenney* for nearly eight months, and has had an opportunity to become familiar with the overlapping issues.[2]

---

[1] On May 25, 2010, Judge Gertner consolidated *Hill v. State Street Corporation et al.*, 09-cv-12146 and *Demory v. Logue et al.*, 10-cv-10064 (the "Securities Actions"), for all purposes, and consolidated the Securities Actions with *Richard v. State Street Corporation et al.*, 10-cv-10184, for pretrial proceedings, including discovery. *See Hill* Docket No 37. Both the Securities and ERISA Actions are consolidated under a "Master File Docket" referred to as *Hill v. State Street Corp.*, 09-cv-12146.

[2] Indeed, in an August 16, 2011 letter to Judge Gertner, Lead Plaintiffs noted the substantial overlap in the allegations at issue in *Kenney* and *Hill* and, citing Local Rule 40.1, pointed out the benefits that could be achieved by coordinating these cases before a single judge. *See* Exhibit 1. At that time, *Hill* was before Judge Gertner, who was scheduled to retire in September, and *Kenney* had been pending before Judge Casper for approximately six months. Defendants took no position regarding Lead Plaintiffs' August 16, 2011 letter.

## **ARGUMENT**

Defendants seek to assign responsibility for overseeing discovery in both *Kenney* and *Hill* to Judge O'Toole, while having Judge Casper retain authority for unspecified "substantive merits or class issues" in the *Kenney* case. *See* Def. Mot. at 3. As explained in detail in the *Kenney* plaintiffs' response to Defendants' Motion (*see* Docket No. 123), Defendants are essentially asking to remove all discovery responsibility from the presiding judge who is overseeing an earlier-filed case (*Kenney*), has had months to become familiar with the issues that overlap in both cases, and has issued a substantive and detailed legal ruling. *See Kenney* Resp. at 5. Defendants' request – purportedly made in the interests of "efficiency" – makes little sense.

As an initial matter, if efficiency is truly the goal, it would be far better served by having a single judge oversee all aspects of both cases, including discovery and merits. While Defendants' motion focuses extensively on the efficiencies that their requested coordination would achieve for *Defendants* (*see* Def. Motion at 4-6), they do not address how their request would create efficiencies for plaintiffs or the Courts. In reality, their proposal would create unnecessary inefficiency. For instance, a judge overseeing discovery will obtain significant familiarity with the core legal and factual issues, and that familiarity will make it easier and more efficient for the judge to later make rulings on "substantive merits and class issues." *See id.* at 3. But Defendants' proposal would essentially remove the *Kenney* case from Judge Casper's docket for months or perhaps years while extensive discovery is ongoing, and then force her to address complex factual and legal disputes without having any background. At a minimum, this would create inefficiencies for the Court and the parties as Judge Casper would have to become familiar with a voluminous discovery record – and without the benefit of the institutional knowledge that would be gained by presiding over discovery throughout the proceedings. The same issues would

arise in reverse if Judge Casper were to oversee discovery in both cases, only to have the merits issues in *Hill* subsequently sent back to Judge O'Toole.[3]

Indeed, Defendants cite no authority supporting their unusual suggestion that having one judge oversee discovery, but no other pre-trial rulings, in separate cases that are assigned to separate judges would *increase* efficiency. The only case cited by Defendants, *In re AOL Time Warner, Inc., Securities and ERISA Litigation*, MDL No. 1500, 02 Civ. 8853 (SWK), 2003 WL 22227945, at *1 (S.D.N.Y. Sept. 26, 2003) (Def. Mot. at 3), involved a situation where the *same judge* presided over *both* ERISA actions and securities actions pending against defendants. *See AOL Time Warner*, MDL No. 02-md-01500, MDL Docket No. 1 (S.D.N.Y. Dec. 20, 2002). Thus, the same court heard all merits and discovery issues in both the ERISA and securities case, and coordination in those cases was obviously more efficient for the court. *Id.*

Here, as in *AOL Time Warner,* the goals of efficiency would be best advanced by having the same judge oversee all aspects of *Hill* and *Kenney*. While Lead Plaintiffs have no objection to coordinated proceedings before either Judge O'Toole or Judge Casper, they respectfully submit that it would be more efficient and more typical for Judge Casper to oversee proceedings in both actions for a number of reasons, including that:

- *Kenney* is the earlier filed case. It was filed on May 7, 2009 – more than *seven months* earlier than the first complaint filed in *Hill*.[4] In order to avoid forum-shopping, courts typically coordinate proceedings in front of the judge that is assigned to the earliest-filed case. Local Rule 40.1(J) acknowledges

---

[3] Having merits issues decided by two different judges also creates a risk of inconsistent adjudications because, as all parties acknowledge, both *Kenney* and *Hill* involve overlapping factual allegations relating to State Street's conduits. *See Kenney* Resp.. at 4-5, n.4; Def. Mot. at 4-5 . Moreover, both cases involve similar legal issues relating to the claims asserted under ERISA. *See id*.

[4] *Hill* was filed on December 18, 2009; *Demory* was filed on January 15, 2010; and *Richard* was filed on February 5, 2010.

- this practice by requiring that a motion to consolidate be made in the first-filed case. *See* L.R. 40.1(J).

- Moreover, as outlined in the *Kenney* plaintiffs' response, significant discovery, including the production of 600,000 pages of documents, depositions, and extensive third-party discovery, has taken place in *Kenney*. *Kenney* Resp. at 2-4. By contrast, there has been no discovery in *Hill*.

- *Kenney* was reassigned from Judge Saris to Judge Casper on February 28, 2011. Since that time, Judge Casper has performed extensive substantive work on the case. Among other things, she has (i) reviewed Magistrate Judge Dein's 50 page report and recommendation on the *Kenney* plaintiffs' motion to amend their complaint; (ii) reviewed more than 300 pages of filings made in connection with the parties' competing objections to that ruling, (iii) issued a fifteen page memorandum and order regarding the legal claims asserted in that case, and (iv) scheduled a status conference for October 18, 2011. *See Kenney* Docket Nos. 141-152, 156. By contrast, because of happenstance, Judge O'Toole has not had the opportunity to issue any rulings, or otherwise become familiar with the issues.

- Assignment to Judge Casper is consistent with the goals of Local Rule 40.1, which provides that "[in] the interest of justice or to further the efficient performance of the business of the court . . . with respect to civil cases only, a judge may transfer the case to another judge, if the other judge consents to transfer." *See* Exhibit 1 at 1.

In sum, Lead Plaintiffs agree that there could be some benefit from coordination between *Hill* and *Kenney*, but believe that all aspects of both cases should be overseen by the same judge. For the reasons set forth above, Lead Plaintiffs respectfully submit that it would be more efficient if the cases were overseen by Judge Casper.

## **CONCLUSION**

Lead Plaintiffs defer to the Court's guidance regarding the most efficient way to conduct discovery in *Hill*. Lead Counsel for the Securities Plaintiffs will attend the October 18, 2011 conference before Judge Casper and will be prepared to discuss the issues related to this motion.

Dated: October 17, 2011

Respectfully submitted,

LEAD PLAINTIFFS AND THE PROPOSED CLASS IN THE SECURITIES ACTION

By their attorneys,

*/s/ John C. Browne*
Steven B. Singer (*Admitted Pro Hac Vice*)
John C. Browne (*Admitted Pro Hac Vice*)
Lauren A. McMillen (*Admitted Pro Hac Vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1285 Avenue of the Americas, 38th Floor
New York, New York 10019
Tel.: (212) 554-1400
Fax.: (212) 501-0300
Email: johnb@blbglaw.com

**MOTLEY RICE LLP**
James M. Hughes (*Admitted Pro Hac Vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel.: (843) 216-9000
Fax: (843) 216-9450

William H. Narwold (*Admitted Pro Hac Vice*)
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Tel.: (860) 882-1676
(860) 882-1682

*Co-Lead Counsel for Lead Plaintiffs and the Proposed Class in the Securities Actions*

Bryan A. Wood (BBO#648414)**BERMAN DEVALERIO**
One Liberty Square
Boston, MA 02109
Tel.: (617) 542-8300
Fax: (617) 542-1194
Email: ppease@bermandevalerio.com

*Liaison Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, John C. Browne, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 17, 2011.

                                                   */s/ John C. Browne*
                                                       JOHN C. BROWNE