## Skadden, Arps, Slate, Meagher & Flom LLP

ONE BEACON STREET

BOSTON, MASSACHUSETTS 02108-3194

TEL: (617) 573-4800
FAX: (617) 573-4822
www.skadden.com

FIRM/AFFILIATE OFFICES
—
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 6, 2012

**BY ECF FILING**

The Honorable Judith G. Dein
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210

      RE:    Hill v. State Street Corporation (No. 09-12146-GAO)

Dear Magistrate Judge Dein:

      I write on behalf of defendant Ernst & Young LLP ("E&Y") and the defendant underwriters in the above-referenced action.

      When the parties last appeared before the Court on November 9, 2011, the defendants requested that there be a way for the Court to consider the issue of class certification on the Securities Act of 1933 Sections 11 and 12 claims in this case before the completion of merits discovery. Those Securities Act claims are the only claims asserted against the defendant underwriters (Sections 11 and 12) and E&Y (Section 11). Specifically, in order to have standing to assert Securities Act claims, plaintiffs must be able to trace the shares they own to the secondary offering of State Street shares they challenge, rather than to the approximately 90 percent of all shares then outstanding that were not part of that offering. In order to have a timely claim (and so be a member of the class proposed, potentially typical and adequate to represent others), plaintiffs also must show that the applicable statute of limitations one-year time bar was tolled. In this regard, defendants intend to show, by a threshold Rule 23(c)(1)(A) motion, that the proof of plaintiffs Public Employees Retirement System of Mississippi ("MPERS") and Union Asset Management Holding AG ("Union") will be predominated by unique questions regarding whether they can demonstrate reasonable reliance in fact on the complaint filed on January 15, 2010 on behalf of plaintiff Marilyn Demory who lacked Securities Act claim standing. That unique proof regarding untimeliness of filing their Securities

The Honorable Judith G. Dein
February 6, 2012
Page 2

Act claims should foreclose MPERS or Union from being certified as typical of a timely-filed class of Securities Act claimants who present predominating common questions, and it will demonstrate that they cannot adequately represent a Securities Act claims class.

With the aid of discovery on plaintiffs' Section 11/12 standing (tracing) and the time bar (tolling), defendants would be in a position in the near term to request that the Court consider whether to certify any class with respect to those claims long before the completion of merits discovery.[1] Without a prompt path to resolution of that threshold question, defendant underwriters and E&Y will be involved in protracted coordinated discovery on Rule 10b-5 claims (as to which they are not defendants) and untraced/untimely Securities Act claims (as to which they are). Limited discovery can be accomplished by means of responses to paragraphs 1 through 10 of State Street Defendants' First Request For Production of Documents served on January 27, 2012 and by means of Requests to Admit and Interrogatories directed to the issues, followed by depositions on those subjects to the extent needed. Accordingly, defendants ask that the Court schedule a status conference to consider this request, and: (1) provide that the parties' discovery regarding plaintiffs' standing to assert, and timeliness of, any Securities Act claims should be conducted as predicate for early ruling on whether any class can be certified on those claims; (2) order that any such discovery requests shall not count against discovery event limitations under Local Rule 26.1(C); and (3) set a deadline of June 15, 2012 for completion of such discovery. Defendants do not intend for this request to have any impact on other discovery, which will continue to proceed simultaneously.

This procedure will allow Securities Act standing and timeliness discovery to proceed on a prompt basis, rather than awaiting extensive ongoing merits discovery that will take much longer to complete. For example, on January 23, 2012 plaintiffs served the State Street defendants with a 64-page, 230-paragraph first set of document requests. In contrast, the discovery needed on the issues of Securities Act standing and timeliness amounts to relatively limited written discovery and possibly depositions on those issues of plaintiffs MPERS, Union and Marilyn Demory. It is fair to those defendants who are named only with respect to the purported Securities Act claims, does not prejudice plaintiffs, and is consistent

---

[1] The Court did not set any deadlines concerning class certification in its Scheduling Order issued on November 9, 2011. Rather, the Scheduling Order provides: "Any party who wishes to file a motion relating to class certification before the court has set a schedule for the filing of such motions shall confer with the remaining parties in an attempt to reach agreement. If no agreement is reached, an appropriate motion may be filed with the court." (Scheduling Order, ECF Doc. No. 129.)

The Honorable Judith G. Dein
February 6, 2012
Page 3

with Fed. R. Civ. P. 23(c)(1)(A) which provides that the Court should determine whether a class is certifiable "[a]t an early practicable time." Postponing consideration of Securities Act class certification for more than a year[2] would delay potential early practicable resolution of the threshold Section 11/12 class question and result in undue burden and expense.

Respectfully submitted,

*Thomas J. Dougherty*
Thomas J. Dougherty

cc:   Counsel Of Record (via email)

---

[2] In the Joint Statement filed on November 4, 2011, plaintiffs proposed that they not file any motion for class certification until March 1, 2013. (See Joint Statement Re: Coordinated Actions For November 9, 2011 Scheduling Conference Before Magistrate Judge Judith G. Dein, ECF Doc. No. 128, at 10.)