## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE BEACON STREET

BOSTON, MASSACHUSETTS 02108-3194

—
TEL: (617) 573-4800
FAX: (617) 573-4822
www.skadden.com

FIRM/AFFILIATE OFFICES
—
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 24, 2012

**BY ECF FILING**

The Honorable Judith G. Dein
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210

RE:   Hill v. State Street Corporation (Civ. No. 09-12146-GAO)

Dear Magistrate Judge Dein:

I write on behalf of defendant Ernst & Young LLP ("E&Y") in the above-referenced action.

Early consideration of whether a Securities Act class is certifiable at the request of a defendant is permitted under Rule 23(c)(1)(A)[1] and would not involve duplicative effort here. The threshold questions of whether plaintiffs Public Employees' Retirement System of Mississippi ("MPERS") and Union Asset Management Holding AG ("Union") have standing to represent the proposed Securities Act class and the timeliness of their Securities Act claims can be considered promptly, and only once. There would be no need to relitigate those Rule 23 questions.

Furthermore, although a concurrent motion for summary judgment may also be appropriate depending on the outcome of discovery, even if there were to be a factual dispute precluding summary judgment on the ground of lack of standing or tolling, those same disputed facts would still be germane to the Rule 23 analysis of whether the nature of MPERS' and

---

[1]   See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 939-40 (9th Cir. 2009) (noting that "district courts throughout the nation" have considered defendants' motions to deny certification, and that plaintiff retains Rule 23's burdens in such contexts); Spagnola v. Chubb Corp., 264 F.R.D. 76, 92 (S.D.N.Y. 2010) (granting defendant's motion to deny class certification and holding that "[e]ven though the issue of class certification thus comes before the Court on Defendants' motion, the burden remains on Plaintiffs to prove that each of the required elements for class certification under Rule 23 has been satisfied."). Threshold questions, such as the class representative's standing, can be considered initially and separately. See Mansfield v. Midland Funding, LLC, No. 09cv358L(WVG), 2011 WL 1212939, at *3 (S.D. Cal. Mar. 30, 2011) (granting defendant's motion to deny class certification and holding that "[plaintiff]'s lack of standing prevents his ability to act as class representative which forecloses class certification. The issues of typicality, predominance, superiority, and other challenges to [plaintiff]'s class representation need not be considered.").

The Honorable Judith G. Dein
February 24, 2012
Page 2

Union's proof at trial will render them atypical and inadequate as class representatives because their Securities Act claims are subject to individualized defenses. It would not prejudice plaintiffs, and would be fair to E&Y and the underwriters (who are named only with respect to the Securities Act claims) because it would eliminate or limit their potential exposure and expense without requiring them to wait until the completion of protracted coordinated discovery on Rule 10b-5 claims (as to which they are not defendants). And Rule 23(f) review could be immediately available.

      Specifically, MPERS and Union must show that they each purchased shares in or traceable to the June 3, 2008 State Street common stock offering (the "June 2008 Offering") in order to have standing to assert any § 11 claim.[2]  For this, they must demonstrate the "chain of custody" of share certificates newly issued and purchased by them, in contrast to the 390,960,437 already outstanding shares then available for trading at the offering price of $70 per share on that date.  Document requests (Nos. 2, 3 and 4) directed to this issue were served on January 27, 2012.[3]  Those Requests and Interrogatories (Nos. 1 and 2), served today, may suffice as discovery unless a Rule 30(b)(6) deposition limited to this issue is needed following plaintiffs' responses.[4]

      Limited discovery also will show that the one-year Securities Act statute of limitations was not tolled by the filing of the Demory complaint and that neither MPERS nor Union would be typical or adequate representative plaintiffs of the proposed Securities Act class.  Both the Demory complaint and the Hill complaint allege that State Street's "conduit" commercial paper risks were materially misstated in the June 2008 Offering materials and that after the close of the market on January 16, 2009, and before market open on January 20, 2009, State Street "stunned" the stock market with the revelation of the "truth" about those risks and nearly ten billion dollars of unrealized losses, resulting in a 60% one-day market price plunge

---

[2]  See Kirkwood v. Taylor, 590 F. Supp. 1375, 1378 (D. Minn. 1984).  See also In re Initial Public Offering Sec. Litig., 227 F.R.D. 65, 117-121 (S.D.N.Y. 2004) (holding that "[t]racing may be established either though proof of a direct chain of title from the original offering to the ultimate owner (e.g., if the owner was an allocant in the IPO, or took actual physical possession of share certificates directly from an allocant), or through proof that the owner bought her shares in a market containing only shares issued pursuant to the allegedly defective registration statement" and denying motions to certify section 11 classes where plaintiffs failed to meet this burden).

[3]  See State Street Defendants' First Request For Production Of Documents To Plaintiffs, dated January 27, 2012.

[4]  Plaintiffs suggest that if they lack such standing, it is curable by finding another class representative plaintiff.  However, if plaintiffs are found to lack Securities Act standing because they cannot trace their shares to the June 2008 Offering, they could substitute a new class representative only if the new class representative's claims are timely, which in turn depends on whether those claims were tolled by the filing of the original class action.  If there is no tolling, plaintiffs may not "cure" their lack of standing by substituting a new class representative.  See, e.g., In re Wells Fargo Mortgage-Backed Certificates Litig., No. 09-cv-01376-LHK, 2010 WL 4117477, at *5-7 (N.D. Cal. Oct. 19, 2010).

The Honorable Judith G. Dein
February 24, 2012
Page 3

on January 20, 2009.  The one-year Securities Act statute of limitations commenced running upon that announcement that day, January 16, 2009.[5]

Yet, Demory did not file a Securities Act lawsuit (no one did) challenging the June 2008 Offering until the very last day of that one-year period, January 15, 2010.  However, that filing did not toll the statute of limitations for two reasons:  (1) Demory had no standing to bring any Securities Act claims against anyone concerning the June 2008 Offering because Demory's only purchase of State Street shares occurred in July 2007, eleven months before the June 2008 Offering; and (2) discovery will show that neither MPERS nor Union refrained from filing their own Securities Act claims before the January 15, 2010 deadline in reliance on Demory's filing because the latter came too late and in any event Demory had, on the face of her filing, no standing to challenge an offering in which she obviously did not participate.  Discovery on this issue can be very limited (several Requests to Admit and Interrogatories).  In fact, on the question of whether the Securities Act claims challenging conduit disclosures were timely, plaintiffs' counsel stated at the February 13, 2012 scheduling conference that "nobody relied" on the Demory complaint filed "within hours of the deadline."  We agree.[6]

In connection with class certification, courts must consider questions of proposed representative standing and, when raised, statute of limitations tolling.  Judge Gertner, in her motion to dismiss decision, assumed MPERS' and Union's standing based on general averments taken as true for Rule 12(b)(6) purposes.  On a motion to dismiss, Judge Gertner did not consider the factual issue of non-reliance.  Judge Gertner also did not consider that Demory's Securities Act claims (as to which Ms. Demory admittedly lacked standing) could not be "intertwined" with her Exchange Act claims against E&Y or the underwriters because Demory asserted no Exchange Act claims against E&Y or the underwriters.  Furthermore, no court has ever upheld judicially created statutory-transcendent tolling of class action claims ("intertwined" or not) in any Rule 23 class certification decision to our knowledge, whereby a purported representative without standing to assert claims under one federal statute can

---

[5]   See Complaint (ECF Doc. No. 1), filed January 15, 2010 in Demory v. State Street Corp. et al., No. 10-cv-10064 ("Demory complaint"), at ¶¶ 3-6, 90-93; Consolidated Amended Class Action Complaint (ECF Doc. No. 51), filed July 29, 2010 in Hill v. State Street Corp. et al., No. 09-cv-12146 ("Hill complaint"), at ¶¶ 16, 143-48.

[6]   The "class action tolling rule" was established in American Pipe and Constr. Co. v. Utah, 414 U.S. 538 (1974), which involved a putative class action brought under the Sherman Antitrust Act.  After the district court denied certification, several would-be class members moved to intervene.  Although the applicable statute of limitations had run as to the intervenors, the Supreme Court held that their claims were not time-barred because the filing of the putative class action tolled the statute of limitations as to all alleged class members until the district court denied certification, "at least where class action status has been denied solely because of failure to demonstrate that the class is so numerous that joinder of all members is impracticable."  Id. at 552-53 (internal quotation marks omitted).  The Court expressly noted that it was not considering a case in which certification was denied "for lack of standing of the representative."  Id. at 553.  See also In re Elscint, Ltd. Sec. Litig., 674 F. Supp. 374, 377 (D. Mass. 1987).

The Honorable Judith G. Dein
February 24, 2012
Page 4

somehow toll claims thereunder if she has asserted timely claims under a <u>different</u> statute.[7]  The federal securities laws have no equivalent of the Clayton Act's inter-statutory tolling.  <u>See</u> 15 U.S.C. § 16(i) ("Suspension of limitations").  Nor has drafting of factually "intertwined" claims, absent other factors, ever been a tolling standard under the federal securities laws -- despite the innumerable times Exchange Act and Securities Act claims have been alleged in the same complaint.  Here, in fact, there also is no extraordinary reliance-based policy reason (such as mistaken reliance on the <u>Demory</u> filing) to approve Rule 23 tolling in any event.[8]

The proposed procedure expedites and focuses consideration of threshold questions otherwise not addressed for at least another year,[9] does not duplicate effort, allows for potential early appellate review, is potentially dispositive or limiting of Securities Act class claims challenging the June 2008 Offering, does not preclude summary judgment depending on the outcome of discovery, is in keeping with Rule 23(c)(1)(A)'s allowance of defendant initiative to resolve whether a claim is certifiable "at an early practicable time," and does not burden plaintiffs with added discovery or briefing given how limited and focused those will be here.  For these reasons, we reiterate requests (1), (2) and (3) in my February 6, 2012 letter (ECF Document 138).

The State Street defendants support this request.

Respectfully submitted,

*Thomas J. Dougherty*

Thomas J. Dougherty

cc:     Counsel Of Record (via ECF filing)

---

[7]  Regarding the cases referred to in the motion to dismiss opinion, <u>Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.</u>, 632 F.3d 762 (1st Cir. 2011) and <u>Harris v. White</u>, 479 F.Supp. 996 (D. Mass. 1979), involved no statute of limitations issue, and no tolling across different statutes.  <u>Rose v. Arkansas Valley Environmental & Utility Authority</u>, 562 F. Supp. 1180 (W.D. Mo. 1983) -- as Judge Keeton noted in his <u>Elscint</u> decision -- involved a challenge to the named plaintiff's standing <u>after</u> class certification had already been granted, and absent class members could have reasonably relied on the certification order as a reason not to intervene or bring their own individual claims.  <u>See Elscint</u>, 674 F. Supp. at 378-79.

[8]  Contrary to the statements of plaintiffs' counsel at the February 13, 2012 status conference, Judge Gertner's motion to dismiss ruling does not bar the Court from considering these issues on a subsequent motion.  <u>See</u> <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 55 (1st Cir. 2005) (affirming district court's dismissal of case for lack of personal jurisdiction even though an earlier motion to dismiss for lack of personal jurisdiction was denied); citing <u>Perez-Ruiz v. Crespo-Guillen</u>, 25 F.2d 40, 42 (1st Cir. 1994) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case.").

[9]  In the Joint Statement submitted in advance of the November 9, 2011 scheduling conference, plaintiffs proposed to file their motion for class certification on or before March 1, 2013, approximately thirty days after their proposed date for the close of fact discovery.