# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| HILL v. STATE STREET CORPORATION ) <br> ) <br> ) Master Docket No.1:09-cv-12146-GAO <br> ) <br> THIS DOCUMENT RELATES TO THE ) <br> SECURITIES ACTIONS ) <br> ) <br> DOCKET NO. 09-cv-12146-GAO ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT ERNST & YOUNG LLP'S MOTION
## TO COMPEL LEAD PLAINTIFFS TO RESPOND TO
## REQUESTS FOR ADMISSION AND INTERROGATORIES

Dated: May 18, 2012

Thomas J. Dougherty
Kara E. Fay
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts  02108
(617) 573-4800

Counsel for Defendant
Ernst & Young LLP

## Background

On February 24, 2012, E&Y[1] served its First Set Of Requests For Admission ("RFA") And Interrogatories To Lead Plaintiffs (attached hereto as Exhibit A). This document contained thirteen RFAs and five interrogatories addressing the specific issues of standing under Section 11 of the Securities Act of 1933 and tolling of the statute of limitations applicable to that claim. Lead Plaintiffs responded on April 13, 2012[2] with objections and statements that Lead Plaintiffs "do not admit or deny" RFAs Nos. 1, 4, 5, 6, 7, 8, 9, 10, 11, or 12, and with no substantive responses to any of the interrogatories as summarized in the chart below.

On May 7, 2012, in advance of a telephonic meet and confer among the parties, E&Y's counsel provided Lead Plaintiffs with the following chart summarizing Lead Plaintiffs' non-responses:

| RFA | | Lead Plaintiffs' Response |
|---|---|---|
| 1) | Union has no '33 Act standing | "Do not admit or deny" |
| 4-5) | MPERS/Union did not rely on filing of Demory complaint | "Do not admit or deny" |
| 6) | MPERS first became aware of Demory Action more than one year after 1/19/09 | "Do not admit or deny" |
| 7) | MPERS understood that Demory had no '33 Act standing | "Do not admit or deny" |
| 8-9) | On 1/15/10 MPERS/Union was not aware of any '33 Act class action claim re the June 2009 Offering | "Do not admit or deny" |
| 10-11) | Prior to 1/15/10 MPERS/Union was aware of the pendency of the Hill Action | "Do not admit or deny" |
| 12) | MPERS first reviewed a notice of pendency of the Demory Action on or after 1/20/10 | "Do not admit or deny" |

---

[1]  Defendant Ernst & Young LLP ("E&Y").

[2]  Lead Plaintiffs' Responses And Objections To Defendant Ernst & Young's First Set Of Requests For Admissions And Interrogatories To Lead Plaintiffs (attached hereto as Exhibit B).

| | |
|---|---|
| <u>Interrogatory 1, 2</u><br>Facts re tracing | Merely refers to March 9, 2012 Letter Brief |
| <u>Interrogatory 3</u><br>Date MPERS learned of Demory Action | No substantive response |
| <u>Interrogatory 4</u><br>Identify documents demonstrating MPERS/Union can trace[*] | No substantive response |
| <u>Interrogatory 5</u><br>Who was consulted re responses? | No substantive response |

[*]One would expect the answer to refer to documentation in the possession of the purchaser, including: 1) indication of interest acknowledgment, 2) Preliminary Prospectus with red herring advisory, 3) "on offering" confirmation slip, 4) offering price, no commission noted on monthly statement, 5) share certificate with offering serial number.

───────────────────────────

E&Y's counsel conferred with Lead Plaintiffs' counsel on May 8 and again on May 18, 2012.  Lead Plaintiffs on each occasion stated that they would further consider whether to provide substantive responses to E&Y's RFAs and Interrogatories but do not commit to do so.  Lead Plaintiffs undertook to provide documents in their possession regarding share purchases.  Consequently, although the parties will continue to meet and confer prior to this Court's June 6, 2012 status conference, there have been no substantive responses to date.

**<u>Argument</u>**

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to facts, or opinions about either."  Fed. R. Civ. P. 36(a).  In turn:

> "A response to a request for admission is inadequate when the respondent fails to make the requested admission and none of the relevant exceptions set forth in Rule 37(c) apply; that is, where a responding party objects to a proper request for admission, makes an evasive denial (*i.e.*, one that does not specifically deny the matter), or makes a response that does not set forth '*in detail*' the reasons why the answering party cannot truthfully admit or deny the matter."

3

Herrera v. Scully, 143 F.R.D. 545, 549-50 (S.D.N.Y. 1992) (quoting Fed. R. Civ. P. 36(a)); see Booker v. Mass. Dep't of Pub. Health, 246 F.R.D. 387, 388 (D. Mass. 2007) (Under Rule 36(a), "a denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.") (quoting Rule 36(a)).  In Herrera, the defendants responded to requests for admissions by neither admitting nor denying the truth of the statement; the court found such responses inadequate because they lacked additional explanation or clarification.  143 F.R.D. at 550-51.[3]

### 1. The RFAs And Interrogatories Seek Relevant Information

Standing is a necessary element of Lead Plaintiffs' Section 11 claim against E&Y. Further, to have Section 11 standing, Lead Plaintiffs' must be able to trace their shares in State Street Corporation to State Street's June 3, 2008 common stock offering.  See Kirkwood v. Taylor, 590 F. Supp. 1375, 1378 (D. Minn. 1984).  Interrogatory Nos. 1-2 and 4 seek information relevant to that inquiry.

Similarly, Lead Plaintiffs' Section 11 claims must have been brought within the applicable one year statute of limitations unless their claims were tolled pursuant to American Pipe and Constr. Co. v. Utah, 414 U.S. 538 (1974).  Lead Plaintiffs' knowledge of and reliance on the complaint filed by Marilyn Demory, and their knowledge concerning Ms. Demory's own

---

[3] Similarly, as this Court has held, "to narrow and clarify the issues" through interrogatories "is a perfectly legitimate and proper purpose of discovery." Petroleum Ins. Agency v. Hartford Accident And Indemn. Co., 106 F.R.D. 59, 64 (D. Mass. 1985) (imposing sanctions on plaintiff for failure to provide complete answers to interrogatory requests). Interrogatory "[a]nswers are insufficient . . . if they neither clarify nor narrow the broad issues posed by the complaint." Rickles Inc. v. Frances Denny Corp., 508 F. Supp. 4, 7-8 (D. Mass. 1980) (granting motion to compel where plaintiff's answers were "general and conclusory").

lack of standing under Section 11 -- admissions and information sought by RFA Nos. 4-6 and 8-12 and Interrogatory No. 3 -- are relevant to the issue of tolling.[4]

### 2. E&Y's RFAs And Interrogatories Are Not Premature

The RFAs and Interrogatories seek admission of facts already known to Lead Plaintiffs, not facts Lead Plaintiffs will learn during discovery. For example, RFA No. 6 requests that MPERS admit it "first became aware of the Demory Action more than one year after January 19, 2009." Interrogatory No. 3 requests Lead Plaintiffs to state the date on which MPERS first learned of the Demory Action. These requests do not require further discovery -- Lead Plaintiffs can admit or deny and provide the requested date now based on information already within their knowledge.[5]

### 3. E&Y's RFAs And Interrogatories Are Not Unduly Burdensome, And A Request For Production Is Not A More Practical Way To Obtain Information

Lead Plaintiffs also object on the ground that certain of E&Y's RFAs and Interrogatories are "overbroad and unduly burdensome" or that a request for production is a "more practical way to obtain this information." See Lead Pls.' Resps. to RFAs No. 7 and Interrogatory Nos. 1, 2, 4, and 5 (unduly burdensome) and RFAs Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12

---

[4] Lead Plaintiffs' counsel stated at the February 13, 2012 status conference that "Ms. Demory filed her complaint, the one that gives us American Pipe tolling, within hours of the deadline. Nobody relied on that complaint by not filing another complaint in the few hours that were left." Status Conf. Tr. 20:2-5, ECF Doc. No. 140, Feb. 13, 2012 (emphasis added).

[5] Moreover, Lead Plaintiffs can -- and are, in fact, required to -- supplement their responses if further discovery has any material impact on their responses. Fed. R. Civ. P. 26(e); see Colon-Millin v. Sears Roebuck De Puerto Rico, Inc., 455 F.3d 30, 37 (1st Cir. 2006) ("Under Fed. R. Civ. P. 26(e), a party must supplement its answers to interrogatories if the party learns that the response is in some material respect incomplete or incorrect and the other party is unaware of the new or corrective information . . . .") (citing Licciardi v. TIG Ins. Grp., 140 F.3d 357, 363 (1st Cir. 1998)). Lead Plaintiffs have sufficient information to provide specific responses to the RFAs now, and they can (and must) supplement their responses throughout discovery.

and Interrogatory Nos. 1, 2, and 4 (request for production more practical).  However, "the mere statement by a party that the interrogatory . . . was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection. . . . On the contrary, the party resisting discovery must show specifically . . . how each question is overly broad, burdensome, or oppressive."  Vazquez-Fernandez v. Cambridge College, Inc., 269 F.R.D. 150, 155-56 (D.P.R. 2010) (quotations omitted).

Moreover, "to narrow and clarify the issues" through interrogatories "is a perfectly legitimate and proper purpose of discovery."  Petroleum Ins. Agency, 106 F.R.D. at 64.  E&Y's RFAs and Interrogatories are designed to narrow and clarify the scope of particular issues, and promote efficiency by obtaining a simple admission or denial from the responding party.

**4.      Lead Plaintiffs' Privilege Objections Lack Specificity**

Although privilege may be the basis for a proper objection, a party claiming privilege must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed."  Fed. R. Civ. P. 26(b)(5)(A); see Vazquez-Fernandez, 269 F.R.D. at 160 (objecting party must be "specific enough" to support its privilege objection); Diederich v. Dep't of the Army, 132 F.R.D. 614, 617 (S.D.N.Y. 1990) ("any objection based on work product or attorney/client or other legitimate privilege must be sufficiently particularized and properly articulated").  Here, Lead Plaintiffs' privilege objections lack particularity: "Lead Plaintiffs further object to this Request to the extent that it seeks information or analysis that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint prosecution privilege, and/or any other applicable privilege or immunity."  See Lead Pls.' Resps. to RFAs Nos. 1, 4, 5, 6, 7, 8, 9, 10, 11, and 12 and

Interrogatory Nos. 1, 2, 3, 4, and 5.  Lead Plaintiffs do not even indicate <u>which</u> privilege applies to each objection or how such privilege applies.

### 5. The RFAs And Interrogatories Are Not Moot

Lead Plaintiffs repeatedly object that responses to E&Y's RFAs and Interrogatories are "moot" in light of Judge Gertner's opinion and order on defendants' motions to dismiss in this matter dated August 3, 2011.  Lead Pls.' Resps. to RFAs Nos. 4, 5, 6, 7, 8, 9, 10, 11, and 12, and Interrogatory No. 3.

However, contrary to Lead Plaintiffs' objection, Judge Gertner's motion to dismiss ruling (which was based on mere allegations assumed to be true <u>arguendo</u>), does not bar the Court from considering issues of Section 11 standing and statute of limitations on a subsequent motion, or render RFAs or discovery on these topics moot.[6]

When answering a discovery request, "the spirit of the Civil Rules requires that a party be responsive, complete, and forthcoming . . . ."  <u>Steir v. Girl Scouts of the USA</u>, 383 F.3d 7, 14 (1st Cir. 2004).  The (incorrectly) asserted "mootness" of an RFA or interrogatory does not excuse Lead Plaintiffs from providing adequate responses.

### 6. The RFAs And Interrogatories Do Not Improperly Call For "Legal Conclusions"

Rule 36(a)(1)(A) expressly permits Requests for Admission about "facts, the application of law to fact, or opinions about either."  Fed. R. Civ. P. 36.  Similarly, "[a]n

---

[6] See <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 55 (1st Cir. 2005) (affirming district court's dismissal of case for lack of personal jurisdiction even though an earlier motion to dismiss for lack of personal jurisdiction was denied) (citing <u>Perez-Ruiz v. Crespo-Guillen</u>, 25 F.2d 40, 42 (1st Cir. 1994) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case.")).

interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2).

Lead Plaintiffs improperly object to a number of RFAs and Interrogatories on the grounds that these RFAs call for a "legal conclusion." See Lead Pls.' Resps. to RFAs Nos. 3, 4, and 5 and Interrogatory Nos. 1, 2, 3, and 4.  For example, Lead Plaintiffs object to an RFA requesting that they "[a]dmit that MPERS did not rely on the filing of the complaint in the Demory Action to toll the statute of limitations with respect to its Securities Act claims regarding the June 2008 Offering." Lead Pls.' Resps. to RFA No. 4. This RFA falls squarely within Rule 36's "application of law to fact." Accordingly, Lead Plaintiffs' objection is incorrect.

### 7.     The RFAs And Interrogatories Are Not Vague And Ambiguous

RFAs must be set forth "simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation . . . ." Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003).  Contrary to Lead Plaintiffs' objection, the RFAs and Interrogatories are stated in simple and clear English.  They are not set forth "vaguely or ambiguously" to prevent Lead Plaintiffs from offering some response.  The issues of Section 11 standing/tracing and tolling of the statute of limitations have been briefed by the parties and addressed before this Court; Lead Plaintiffs are therefore well aware of these issues and the precise information E&Y seeks.

### 8.     Lead Plaintiffs' May Not Merely Refer To Their March 9, 2012 Letter Brief

Lead Plaintiffs' "responses" which merely direct E&Y to their previously-filed "Securities Plaintiffs' Letter Brief" are also insufficient. The Letter Brief does not provide the specific requested information.

## Conclusion

For the foregoing reasons, E&Y respectfully requests that the Court enter an Order compelling the Lead Plaintiffs to respond to E&Y's First Set Of Requests For Admission And Interrogatories within ten (10) days of the entry of the Order.

Dated:  May 18, 2012
       Boston, Massachusetts

Respectfully submitted,

/s/ Thomas J. Dougherty
Thomas J. Dougherty (BBO #132300)
Kara E. Fay  (BBO #638260)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts  02108
(617) 573-4800
dougherty@skadden.com

Counsel for Defendant
Ernst & Young LLP

## Certificate Of Service

I, Thomas J. Dougherty, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 18, 2012.

Dated:  May 18, 2012

/s/ Thomas J. Dougherty
Thomas J. Dougherty