# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILL v. STATE STREET CORPORATION ) <br> ) <br> ) | Master Docket No. 09-cv-12146-GAO |
| THIS DOCUMENT RELATES TO THE ) <br> SECURITIES ACTION ) <br> ) <br> DOCKET NO. 09-cv-12146-GAO ) | |

**DEFENDANT ERNST & YOUNG LLP'S FIRST SET OF
REQUESTS FOR ADMISSION AND INTERROGATORIES TO LEAD PLAINTIFFS**

PLEASE TAKE NOTICE THAT, pursuant to Rules 26, 33 and 36 of the Federal Rules of Civil Procedure, and Rules 26.1, 33.1 and 36.1 of the Local Rules of the United States District Court for the District of Massachusetts, defendant Ernst & Young LLP ("E&Y") hereby requests and demands that Lead Plaintiffs The Public Employees' Retirement System of Mississippi ("MPERS," as defined herein) and Union Asset Management Holdings AG ("Union," as defined herein) respond within thirty (30) days after service hereof, in accordance with the Definitions and Instructions set forth herein, to the following Requests For Admission and Interrogatories:

**REQUESTS FOR ADMISSION AND INTERROGATORIES**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Union has no standing to assert the Securities Act claims asserted in these consolidated actions.

**REQUEST FOR ADMISSION NO. 2:**

Admit that MPERS has no standing to assert the Securities Act claims asserted in these consolidated actions.

**REQUEST FOR ADMISSION NO. 3:**

Admit that MPERS and Union are sophisticated institutional investors with significant experience serving as Lead Plaintiffs in class action lawsuits alleging violation of the federal securities laws.

**REQUEST FOR ADMISSION NO. 4:**

Admit that MPERS did not rely on the filing of the complaint in the Demory Action to toll the statute of limitations with respect to its Securities Act claims regarding the June 2008 Offering.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Union did not rely on the filing of the complaint in the Demory Action to toll the statute of limitations with respect to its Securities Act claims regarding the June 2008 Offering.

**REQUEST FOR ADMISSION NO. 6:**

Admit that MPERS first became aware of the Demory Action more than one year after January 16, 2009.

**REQUEST FOR ADMISSION NO. 7**

Admit that at all times from and after MPERS reviewed the complaint filed in the Demory Action and the accompanying certification listing dates of purchase and number of shares purchased by plaintiff Demory, MPERS understood that Demory lacked standing to assert Securities Act claims regarding the June 2008 Offering.

---

If the responses to Request For Admission Nos. 4 and 5 are unqualified admissions, please do not respond to Request For Admission Nos. 8 through 12 and proceed to Interrogatory Nos. 1 through 5. If the responses to the Requests For Admission Nos. 4 and 5 are anything other than unqualified admissions, please respond to Requests For Admission Nos. 8 through 12 and Interrogatory Nos. 1 through 5.

**REQUEST FOR ADMISSION NO. 8**

Admit that on January 15, 2010, MPERS was not aware of any Securities Act class action claim filed regarding the June 2008 Offering.

**REQUEST FOR ADMISSION NO. 9**

Admit that on January 15, 2010, Union was not aware of any Securities Act class action claim filed regarding the June 2008 Offering.

**REQUEST FOR ADMISSION NO. 10**

Admit that prior to January 15, 2010, MPERS was aware of the pendency of the Hill Action.

2

**REQUEST FOR ADMISSION NO. 11**

Admit that prior to January 15, 2010, Union was aware of the pendency of the Hill Action.

**REQUEST FOR ADMISSION NO. 12**

Admit that MPERS first reviewed a notice of pendency of the Demory Action on or after January 20, 2010, a copy of which MPERS' counsel placed before this Court on February 17, 2010.[1]

**INTERROGATORY NO. 1**

If MPERS denies Request For Admission No. 2, state all facts and identify all records demonstrating that MPERS can trace each share purchased to shares issued in the June 2008 Offering, including but not limited to: (a) the original purchaser that acquired the shares in the June 2008 Offering; (b) the circumstances of the original purchaser's acquisition of the shares, including but not limited to the number of shares acquired, the price per share, the broker or brokerage firm through whom the acquisition was made, and the underwriter from who the shares were purchased; (c) each subsequent holder of those shares, including the dates on which each subsequent holder of the shares purchased and sold the shares and the price paid and received for the shares; and (d) the date that MPERS acquired the shares, from whom the shares were acquired, and the price paid for the shares.

**INTERROGATORY NO. 2:**

If Union denies Request For Admission No. 1, state all facts and identify all records demonstrating that Union can trace each share purchased to shares issued in the June 2008 Offering, including but not limited to: (a) the original purchaser that acquired the shares in the June 2008 Offering; (b) the circumstances of the original purchaser's acquisition of the shares, including but not limited to the number of shares acquired, the price per share, the broker or brokerage firm through whom the acquisition was made, and the underwriter from who the shares were purchased; (c) each subsequent holder of those shares, including the dates on which each subsequent holder of the shares purchased and sold the shares and the price paid and received for the shares; and (d) the date that Union acquired the shares, from whom the shares were acquired, and the price paid for the shares.

**INTERROGATORY NO. 3:**

State the exact date and manner in which MPERS learned of the Demory Action.

---

[1] Silk Declaration Exhibit F, discussed in Memorandum Of Law In Support Of The Public Employees' Retirement System Of Mississippi's And Union Asset Management Holding AG's Motion For Appointment As Lead Plaintiff, Approval Of Their Selection Of Lead Counsel, And Consolidation Of All Related Actions, filed February 17, 2010 (ECF Documents 4, 5), at 5.

## INTERROGATORY NO. 4

Identify all documents, including but not limited to all communications between MPERS or Union and any other person or persons, demonstrating that MPERS or Union can trace shares of State Street stock that they purchased to the June 2008 Offering.

## INTERROGATORY NO. 5

Separately identify, with respect to each interrogatory, all documents and persons that you consulted in preparing your response to each interrogatory.

## DEFINITIONS AND INSTRUCTIONS

E&Y incorporates by reference the Uniform Definitions In Discovery Requests set forth in Local Rule 26.5, and the instructions set forth in Local Rules 33.1 and 36.1. Additionally, the following definitions and instructions shall apply:

A. "Demory" means Marilyn Demory, including her heirs, executors, administrators, agents, estates, predecessors in interest, predecessors, successor(s) in interest, successor(s), representatives, trustees, assigns and transferees, and all persons and entities acting for or on behalf of, or claiming under, her.

B. "Demory Action" means the litigation entitled: Demory v. Logue et al., Docket No. 10-cv-10064, filed on January 15, 2010 in the United States District Court for the District of Massachusetts.

C. "Hill Action" means the litigation entitled: Hill v. State Street Corp. et al., 09-cv-12146, filed on December 18, 2009 in the United States District Court for the District of Massachusetts.

D. "June 2008 Offering" has the same meaning as used in Paragraph 399 of the Consolidated Amended Class Action Complaint, filed in the Hill Action on July 29, 2010 (ECF Document 51).

E. "MPERS" means the Public Employees' Retirement System of Mississippi and each of its agents, investment managers, investment advisors, past and present subsidiaries, business segments, predecessors, officers, directors, employees, and any other persons acting or purporting to act on its behalf; however, "MPERS" does not include external counsel engaged to represent it in this action unless the words "MPERS' counsel" are used.

F. "State Street" means State Street Corporation and its past and present subsidiaries, business segments, predecessors, officers, directors, employees, and any other person acting or purporting to act on its behalf.

G. "Union" means Union Asset Management Holding AG, Union Investment Group, the Union Funds, and each of their agents, investment managers, investment advisors, past and present subsidiaries, business segments, predecessors, officers, directors, employees, and any other persons acting or purporting to act on all or any of their behalf; however, "Union"

4

does not include external counsel engaged to represent it in this action unless the words "Union's counsel" are used.

H. Whenever in these Interrogatories you are asked to "describe in detail," you are requested to describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law. Where applicable, particularize as to time, date, manner and identify each and every person having personal knowledge of such facts.

I. The matters set forth in the Requests For Admission herein shall be deemed admitted unless within thirty (30) days after service of this request, MPERS and Union each serve upon E&Y either (1) written statements signed by MPERS and Union under the penalties of perjury specifically denying the matter or setting forth in detail why MPERS or Union cannot truthfully admit or deny the matter; or (2) a written objection addressed to the matter, signed by MPERS and Union or their attorneys. Any such responses or objections must comply with Rule 36 of the Federal Rules of Civil Procedure and Rule 36.1 of the Local Rules of the United States District Court for the District of Massachusetts.

J. The Requests for Admission and Interrogatories shall be answered separately and fully in writing, and the Interrogatories shall be answered under oath in accordance with Rule 33(b)(3) of the Federal Rules of Civil Procedure. If any Request For Admission or Interrogatory cannot be answered in full, it should be answered to the fullest extent possible and include an explanation as to why the remainder of the Request For Admission or Interrogatory cannot be answered.

K. These Interrogatories call for all information known and/or available to Plaintiffs including all information in the possession of and/or available to their attorneys, investment managers, financial advisors, custodians, agents or representatives, or any other person acting on any of their behalf or under any of their direction of control. If the information sought is not within Plaintiffs' knowledge and/or control or in the knowledge and/or control of the aforementioned, indicate the entity and/or individuals who have such knowledge and/or control.

L. The singular includes the plural and the plural includes the singular; the words "and" and "or" shall be both conjunctive and disjunctive; "any" means "any and all" and "all" means "any and all"; and "including" means including without limitation.

M. If any answer or document responsive to these Requests For Admission or Interrogatories is withheld by reason of privilege or for any other reason, a list is to be furnished, on or before the time that any responses to these Requests For Admission and Interrogatories are furnished, identifying: (a) the nature of the privilege claimed, (b) the attorney and/or client claiming the privilege, (c) the author and/or writer of any document, (d) the recipient, addressee, or any other person to whom the original and/or copy of any document was sent or otherwise furnished, (e) the general subject matter of the information over which the privilege is claimed, (f) the date the subject matter of the information over which the privilege is claimed was written, typed or otherwise created, and mailed sent or otherwise delivered, (g) the reason why the information is claimed to be privileged or otherwise not subject to revelation, and (h) the

paragraph of these Requests For Admission and Interrogatories to which such information relates or is responsive.

        N.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests For Admission and Interrogatories shall be deemed continuing so as to require further and supplemental responses if MPERS or Union obtains additional information or documents between the time of initial response and the time of hearing or trial.

Dated:  February 24, 2012                    Respectfully submitted,
        Boston, Massachusetts

                                              Thomas J. Dougherty (BBO #132300)
                                              Kara E. Fay  (BBO #638260)
                                              SKADDEN, ARPS, SLATE,
                                                   MEAGHER & FLOM LLP
                                              One Beacon Street
                                              Boston, Massachusetts 02108
                                              (617) 573-4800
                                              dougherty@skadden.com
                                              kfay@skadden.com

                                              Counsel for Defendant
                                              ERNST & YOUNG LLP

### Certificate of Service

        I, Thomas J. Dougherty, hereby certify that on February 24, 2012, I caused a true copy of the foregoing Defendant Ernst & Young LLP's First Set Of Requests For Admission And Interrogatories To Lead Plaintiffs to be served by electronic mail and first class mail, postage prepaid, to counsel on the attached service list:

                                              Thomas J. Dougherty

## Service List

William H. Paine
James W. Prendergast
John J. Butts
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
william.paine@wilmerhale.com
james.prendergast@wilmerhale.com

Stephen D. Poss
Daniel P. Roeser
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
sposs@goodwinprocter.com
droeser@goodwinprocter.com

Steven B. Singer
John C. Browne
Lauren A. McMillen
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
johnb@blbglaw.com
lauren@blbglaw.com

James M. Hughes
Bill Narold
MOTLEY RICE LLP
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
jhughes@motleyrice.com
bnarwold@motleyrice.com

Jeffrey C. Block
BERMAN DEVALERIO
One Liberty Square
8th Floor
Boston, MA 02109
jeff@blockesq.com

Thomas G. Shapiro BBO
Michelle H. Blauner BBO
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
tshapiro@shulaw.com
mblauner@shulaw.com

Richard Vita
VITA LAW OFFICES P.C.
77 Franklin Street
Boston, MA 02109
rjv@vitalaw.com

Theodore M. Hess-Mahan
HUTCHINGS, BARSAMIAN,
MANDELCORN & ZEYTOONIAN, LLP
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
thess-mahan@hutchingsbarsamian.com

Mark Levine
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
mlevine@ssbny.com