# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| HILL v. STATE STREET CORPORATION | ) | Master Docket No.1:09-cv-12146-GAO |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO THE | ) | |
| SECURITIES ACTIONS | ) | |
| | ) | |
| DOCKET NO. 09-cv-12146-GAO | | |

**LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO**
**DEFENDANT ERNST & YOUNG'S FIRST SET OF REQUESTS FOR**
**ADMISSION AND INTERROGATORIES TO LEAD PLAINTIFFS**

Pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure, and Rules 26.1, 33.1, and 36.1 of the Local Rules of the United States District Court for the District of Massachusetts, Lead Plaintiffs the Public Employees' Retirement System of Mississippi and Union Asset Management Holding AG (collectively, "Lead Plaintiffs"), by and through their counsel, hereby submit the following responses and objections to Defendant Ernst & Young's First Set of Requests for Admission and Interrogatories to Lead Plaintiffs (the "Requests" and the "Interrogatories," respectively).

The responses below are given without prejudice to Lead Plaintiffs' right at trial to produce other or additional evidence, including evidence of any subsequently discovered fact or facts.

Lead Plaintiffs respond to the Requests and Interrogatories pursuant and subject to the accompanying General Objections and objections to particular Requests and Interrogatories, without waiving and expressly preserving all such objections, and reserve the right to raise any other objection not expressly set forth herein. The General Objections are incorporated into each response below as though fully set forth therein. To the extent that General Objections are

restated in a specific response, they are believed to be particularly applicable to the specific Request or Interrogatory and are not to be construed as a waiver of any other General Objection applicable to information within the scope of the Request or Interrogatory or any other request or interrogatory. Lead Plaintiffs also submit these responses and objections subject to, without intending to waive, and expressly preserving: (a) the right to object to other discovery procedures involving or relating to the subject matter of the Requests and/or Interrogatories and (b) the right to revise, correct, supplement, or clarify any of the responses herein.

## <u>GENERAL OBJECTIONS</u>

1.     Lead Plaintiffs object to the Requests and Interrogatories, including the Definitions and Instructions to the extent that they seek discovery of or otherwise purport to impose obligations on Lead Plaintiffs beyond the requirements of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Civil Rules of the United States District Court for the District of Massachusetts (the "Local Rules").

2.     Lead Plaintiffs object to the Requests and Interrogatories to the extent that they are vague and ambiguous, and/or purport to require Lead Plaintiffs to speculate as to the nature and/or scope of the admission or information sought thereby.

3.     Lead Plaintiffs object to the Requests and Interrogatories to the extent that they seek admissions or information that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4.     Lead Plaintiffs object to the Requests and Interrogatories to the extent that they seek any admission or information that constitutes attorney work-product, contains privileged attorney-client communications, is protected by the joint prosecution privilege, and/or any other applicable privilege, law, statute or rule. Lead Plaintiffs hereby claim such privileges and

2

protections to the extent implicated by the Requests and Interrogatories and exclude privileged information from their responses.  Any disclosure of such protected or privileged information is inadvertent and not intended to waive those privileges or protections.  Inadvertent disclosure of any privileged or protected information shall not constitute a waiver of any privilege, work-product protection, or immunity, or any other ground for objecting to the Requests and Interrogatories.  Lead Plaintiffs reserve the right to demand and obtain the return of any privileged responses that they may provide and all copies thereof.  If any of Lead Plaintiffs' responses is deemed to be a waiver of any right or privilege, the waiver shall be a limited waiver pertaining to that response only.

5.      Lead Plaintiffs object to the Requests and Interrogatories to the extent that they call for the dissemination of information protected from disclosure by the privacy laws of any jurisdiction, including but not limited to the laws of the United States.

6.      Lead Plaintiffs object to the Requests and Interrogatories to the extent that they seek admissions or information prematurely, including admissions or information that is subject to expert discovery.

7.      Lead Plaintiffs object to the Requests and Interrogatories as premature at this stage of the litigation to the extent that they call for the disclosure of information concerning Lead Plaintiffs' factual and legal contentions in this action, when discovery has just commenced and the record has not yet been fully developed.

8.      Lead Plaintiffs object to the Requests and Interrogatories to the extent that they call for admissions or information that have already been the subject of briefing in this action and/or have already been decided by the Court as a matter of law in the action as moot.  Lead Plaintiffs expressly incorporate the arguments that they made in their letter to The Honorable

3

Judith G. Dein dated March 9, 2012 and its accompanying exhibits (Docket No. 145) (the "Securities Plaintiffs' Letter Brief") into each specific response below.

9.      Lead Plaintiffs reserve all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, and reserve the right to supplement responses prior to trial.

10.     Lead Plaintiffs object to the definitions of "Union," "MPERS," and "Demory" as overbroad and unduly burdensome.  Lead Plaintiffs will interpret the terms "Union" and "MPERS" to mean the lead plaintiffs in this action.  Lead Plaintiffs will interpret the term "Demory" to mean Marilyn Demory.

11.     Lead Plaintiffs object to Instruction H as irrelevant because no Interrogatories ask Lead Plaintiffs to "describe in detail."  Lead Plaintiffs further object to Instruction H on the ground that the purported distinction between "ultimate facts" and "underlying facts" is vague, ambiguous, and archaic.

12.     Lead Plaintiffs object to Instruction J to the extent that it purports to impose requirements on Lead Plaintiffs that are beyond the scope of the Federal Rules and the Local Rules.

13.     Lead Plaintiffs object to Instruction K to the extent that it purports to impose requirements on Lead Plaintiffs that are beyond the scope of the Federal Rules and the Local Rules.  Lead Plaintiffs further object to Instruction K to the extent that it purports to require Lead Plaintiffs to provide information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint prosecution privilege, and/or any other applicable privilege or immunity.

14.     Lead Plaintiffs object to Instruction M to the extent that it purports to impose requirements on Lead Plaintiffs that are beyond the scope of the Federal Rules and the Local Rules.  Lead Plaintiffs will produce a privilege log, if any, that complies with the Federal and Local Rules at a later appropriate time.

## RESPONSES AND OBJECTIONS TO
## SPECIFIC REQUESTS AND INTERROGATORIES

Subject to the foregoing, Lead Plaintiffs respond to each of the Requests and Interrogatories as follows:

**REQUEST FOR ADMISSION NO. 1:**   Admit that Union has no standing to assert the Securities Act claims asserted in these consolidated actions.

**LEAD PLAINTIFFS' RESPONSE:**

Lead Plaintiffs object to this Request on the ground that it seeks an admission that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Lead Plaintiffs further object to this Request to the extent that it seeks information or analysis that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint prosecution privilege, and/or any other applicable privilege or immunity.  Accordingly, Lead Plaintiffs do not admit or deny this Request.

**REQUEST FOR ADMISSION NO. 2:**   Admit that MPERS has no standing to assert the Securities Act claims asserted in these consolidated actions.

**LEAD PLAINTIFFS' RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 3:**   Admit that MPERS and Union are sophisticated institutional investors with significant experience serving as Lead Plaintiffs in class action lawsuits alleging violation of the federal securities laws.

 **LEAD PLAINTIFFS' RESPONSE:**

To the extent this Request calls for a legal conclusion, Lead Plaintiffs object to the Request.  Subject to the foregoing Objection, Lead Plaintiffs admit.

**REQUEST FOR ADMISSION NO. 4:**  Admit that MPERS did not rely on the filing of the complaint in the Demory Action to toll the statute of limitations with respect to its Securities Act claims regarding the June 2008 Offering.

**LEAD PLAINTIFFS' RESPONSE:**

Lead Plaintiffs object to this Request on the ground that it seeks an admission that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Lead Plaintiffs further object to this Request on the ground that the phrase "claims regarding the June 2008 Offering" is vague and ambiguous. Lead Plaintiffs further object to this Request to the extent that it seeks information or analysis that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint prosecution privilege, and/or any other applicable privilege or immunity.  Lead Plaintiffs further object to this Request on the ground that it is premature because discovery has just begun. Lead Plaintiffs further object to this Request because the more practical way to obtain this information is through a request for production.  Lead Plaintiffs further object to the extent this Request calls for a legal conclusion.  Lead Plaintiffs object to the Request Lead Plaintiffs further object to this Request on the ground that it is moot in light of Judge Gertner's opinion and order dated August 3, 2011 which rejected defendants' argument that plaintiffs need to show "actual reliance" on the complaint in the Demory Action as irrelevant to the question of whether *American Pipe* tolling applies and found as a matter of law that "the filing of the Demory complaint tolled the statute of limitations under American Pipe."  Order, at 48 (Docket No. 108). Accordingly, Lead Plaintiffs do not admit or deny this Request.

**REQUEST FOR ADMISSION NO. 5**:   Admit that Union did not rely on the filing of the Demory Action to toll the statute of limitations with respect to its Securities Act claims regarding the June 2008 Offering.

**LEAD PLAINTIFFS' RESPONSE**:

Lead Plaintiffs object to this Request on the ground that it seeks an admission that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Lead Plaintiffs further object to this Request on the ground that the phrase "claims regarding the June 2008 Offering" is vague and ambiguous. Lead Plaintiffs further object to this Request to the extent that it seeks information or analysis that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint prosecution privilege, and/or any other applicable privilege or immunity.   Lead Plaintiffs further object to this Request on the ground that it is premature because discovery has just begun. Lead Plaintiffs further object to this Request because the more practical way to obtain this information is through a request for production.   Lead Plaintiffs further object to the extent this Request calls for a legal conclusion.   Lead Plaintiffs further object to this Request on the ground that it is moot in light of Judge Gertner's opinion and order dated August 3, 2011 which rejected defendants' argument that plaintiffs need to show "actual reliance" on the complaint in the Demory Action as irrelevant to the question of whether *American Pipe* tolling applies and found as a matter of law that "the filing of the Demory complaint tolled the statute of limitations under American Pipe."   Order, at 48 (Docket No. 108).   Accordingly, Lead Plaintiffs do not admit or deny this Request.

**REQUEST FOR ADMISSION NO. 6**:  Admit that MPERS first became aware of the Demory Action more than one year after January 19, 2009.

**LEAD PLAINTIFFS' RESPONSE**:

Lead Plaintiffs object to this Request on the ground that it seeks an admission that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Lead Plaintiffs further object to this Request to the extent that it seeks information or analysis that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint prosecution privilege, and/or any other applicable privilege or immunity.  Lead Plaintiffs further object to this Request on the ground that it is premature because discovery has just begun.  Lead Plaintiffs further object to this Request because the more practical way to obtain this information is through a request for production. Lead Plaintiffs further object to this Request on the ground that it is moot in light of Judge Gertner's opinion and order dated August 3, 2011 which found as a matter of law that "the filing of the <u>Demory</u> complaint tolled the statute of limitations under <u>American Pipe</u>."  Order, at 48 (Docket No. 108).  Accordingly, Lead Plaintiffs do not admit or deny this Request.

**REQUEST FOR ADMISSION NO. 7:**   Admit that at all times from and after MPERS reviewed the complaint filed in the Demory Action and the accompanying certification listing dates of purchase and number of shares purchased by plaintiff Demory, MPERS understood that Demory lacked standing to assert Securities Act claims regarding the June 2008 Offering.

**LEAD PLAINTIFFS' RESPONSE:**

Lead Plaintiffs object to this Request on the ground that it seeks an admission that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Lead Plaintiffs further object to this Request on the ground that the phrases "at all times from and after," "understood that Demory lacked standing," and "claims regarding the June 2008 Offering" are vague and ambiguous.  Lead Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome.  Lead Plaintiffs further object to this Request to the extent that it seeks information or analysis that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint prosecution

8

privilege, and/or any other applicable privilege or immunity.  Lead Plaintiffs further object to

this Request on the ground that it is premature because discovery has just begun.  Lead Plaintiffs

further object to this Request because the more practical way to obtain this information is

through a request for production.  Lead Plaintiffs further object to this Request on the ground

that it is moot in light of Judge Gertner's opinion and order dated August 3, 2011 which found as

a matter of law that "Demory personally had standing to bring her Exchange Act claims, but

lacked standing with respect to the Securities Act claims."   Order, at 48 (Docket No. 108).

Accordingly, Lead Plaintiffs do not admit or deny this Request.

**REQUEST FOR ADMISSION NO. 8:**   Admit that on January 15, 2010, MPERS was not
aware of any Securities Act class action claim filed regarding the June 2008 Offering.

**LEAD PLAINTIFFS' RESPONSE:**

Lead Plaintiffs object to this Request on the ground that it seeks an admission that is

neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to

the discovery of admissible evidence.   Lead Plaintiffs further object to this Request on the

ground that the phrase "claim filed regarding the June 2008 Offering" is vague and ambiguous.

Lead Plaintiffs further object to this Request to the extent that it seeks information or analysis

that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the

joint prosecution privilege, and/or any other applicable privilege or immunity.  Lead Plaintiffs

further object to this Request on the ground that it is premature because discovery has just begun.

Lead Plaintiffs further object to this Request because the more practical way to obtain this

information is through a request for production.  Lead Plaintiffs further object to this Request on

the ground that it is moot in light of Judge Gertner's opinion and order dated August 3, 2011

which found as a matter of law that "the filing of the <u>Demory</u> complaint tolled the statute of

limitations under <u>American Pipe</u>."  Order, at 48 (Docket No. 108).  Accordingly, Lead Plaintiffs

do not admit or deny this Request.

**REQUEST FOR ADMISSION NO. 9:**  Admit that on January 15, 2010, Union was not aware of any Securities Act class action claim filed regarding the June 2008 Offering.

**LEAD PLAINTIFFS' RESPONSE:**

Lead Plaintiffs object to this Request on the ground that it seeks an admission that is

neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to

the discovery of admissible evidence.  Lead Plaintiffs further object to this Request on the

ground that the phrase "claim filed regarding the June 2008 Offering" is vague and ambiguous.

Lead Plaintiffs further object to this Request to the extent that it seeks information or analysis

that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the

joint prosecution privilege, and/or any other applicable privilege or immunity.  Lead Plaintiffs

further object to this Request on the ground that it is premature because discovery has just begun.

Lead Plaintiffs further object to this Request because the more practical way to obtain this

information is through a request for production.  Lead Plaintiffs further object to this Request on

the ground that it is moot in light of Judge Gertner's opinion and order dated August 3, 2011

which found as a matter of law that "the filing of the <u>Demory</u> complaint tolled the statute of

limitations under <u>American Pipe</u>."  Order, at 48 (Docket No. 108).  Accordingly, Lead Plaintiffs

do not admit or deny this Request.

**REQUEST FOR ADMISSION NO. 10:**  Admit that prior to January 15, 2010, MPERS was aware of the pendency of the Hill Action.

**LEAD PLAINTIFFS' RESPONSE:**

Lead Plaintiffs object to this Request on the ground that it seeks an admission that is

neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to

the discovery of admissible evidence.  Lead Plaintiffs further object to this Request on the

ground that the phrase "aware of the pendency of the Hill Action" is vague and ambiguous.

Lead Plaintiffs further object to this Request to the extent that it seeks information or analysis

that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the

joint prosecution privilege, and/or any other applicable privilege or immunity.  Lead Plaintiffs

further object to this Request on the ground that it is premature because discovery has just begun.

Lead Plaintiffs further object to this Request because the more practical way to obtain this

information is through a request for production.  Lead Plaintiffs further object to this Request on

the ground that it is moot in light of Judge Gertner's opinion and order dated August 3, 2011

which found as a matter of law that "the filing of the <u>Demory</u> complaint tolled the statute of

limitations under <u>American Pipe</u>."  Order, at 48 (Docket No. 108).

   Subject to and without waiving the foregoing and the General Objections, Lead

Plaintiffs admit that the Hill Action was filed on December 18, 2009.  Lead Plaintiffs do not

admit or deny the remainder of this Request.

**REQUEST FOR ADMISSION NO. 11:**  Admit that prior to January 15, 2010, Union was
aware of the pendency of the Hill Action.

**LEAD PLAINTIFFS' RESPONSE**:

   Lead Plaintiffs object to this Request on the ground that it seeks an admission that is

neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to

the discovery of admissible evidence.  Lead Plaintiffs further object to this Request on the

ground that the phrase "aware of the pendency of the Hill Action" is vague and ambiguous.

Lead Plaintiffs further object to this Request to the extent that it seeks information or analysis

that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the

joint prosecution privilege, and/or any other applicable privilege or immunity.  Lead Plaintiffs

further object to this Request on the ground that it is premature because discovery has just begun.

Lead Plaintiffs further object to this Request because the more practical way to obtain this

information is through a request for production.  Lead Plaintiffs further object to this Request on

the ground that it is moot in light of Judge Gertner's opinion and order dated August 3, 2011

which found as a matter of law that "the filing of the <u>Demory</u> complaint tolled the statute of

limitations under <u>American Pipe</u>."  Order, at 48 (Docket No. 108).

Subject to and without waiving the foregoing and the General Objections, Lead

Plaintiffs admit that the Hill Action was filed on December 18, 2009.  Lead Plaintiffs do not

admit or deny the remainder of this Request.

**REQUEST FOR ADMISSION NO. 12:**   Admit that MPERS first reviewed a notice of
pendency of the Demory Action on or after January 20, 2010, a copy of which MPERS' counsel
placed before this Court on February 17, 2010.

**<u>LEAD PLAINTIFFS' RESPONSE</u>:**

Lead Plaintiffs object to this Request on the ground that it seeks an admission that is

neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to

the discovery of admissible evidence.   Lead Plaintiffs further object to this Request on the

ground that the phrase "first reviewed" is vague and ambiguous.  Lead Plaintiffs further object to

this Request to the extent that it seeks information or analysis that is protected from disclosure by

the attorney-client privilege, the work-product doctrine, the joint prosecution privilege, and/or

any other applicable privilege or immunity.  Lead Plaintiffs further object to this Request on the

ground that it is premature because discovery has just begun.  Lead Plaintiffs further object to

this Request because the more practical way to obtain this information is through a request for

production.  Lead Plaintiffs further object to this Request on the ground that it is moot in light of

Judge Gertner's opinion and order dated August 3, 2011 which found as a matter of law that "the

filing of the <u>Demory</u> complaint tolled the statute of limitations under <u>American Pipe</u>." Order, at

48 (Docket No. 108). Accordingly, Lead Plaintiffs do not admit or deny this Request.

**INTERROGATORY NO. 1:** If MPERS denies Request For Admission No.2, state all facts and identify all records demonstrating that MPERS can trace each share purchased to shares issued in the June 2008 Offering, including but not limited to: (a) the original purchaser that acquired the shares in the June 2008 Offering; (b) the circumstances of the original purchaser's acquisition of the shares, including but not limited to the number of shares acquired, the price per share, the broker or brokerage firm through whom the acquisition was made, and the underwriter from who the shares were purchased; (c) each subsequent holder of those shares, including the dates on which each subsequent holder of the shares purchased and sold the shares and the price paid and received for the shares; and (d) the date that MPERS acquired the shares, from whom the shares were acquired, and the price paid for the shares.

**LEAD PLAINTIFFS' RESPONSE:**

Lead Plaintiffs object to this Interrogatory on the ground that it seeks information that is

neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to

the discovery of admissible evidence. Lead Plaintiffs further object to this Interrogatory on the

ground that the phrase "the circumstances of the original purchaser's acquisition of the shares" is

vague and ambiguous. Lead Plaintiffs further object to this Interrogatory on the ground that it is

overbroad and unduly burdensome. Lead Plaintiffs further object to this Interrogatory to the

extent that it calls for a legal conclusion. Lead Plaintiffs further object to this Interrogatory to

the extent that it seeks information or analysis that is protected from disclosure by the attorney-

client privilege, the work-product doctrine, the joint prosecution privilege, and/or any other

applicable privilege or immunity. Lead Plaintiffs further object to this Interrogatory on the

ground that it is premature because discovery has just begun. Lead Plaintiffs further object to

this Interrogatory because the more practical way to obtain this information is through a request

for production. Lead Plaintiffs further object to this Interrogatory on the ground that the

information sought is duplicative of the information that Lead Plaintiffs previously provided to

defendants and the Court in the Securities Plaintiffs' Letter Brief.

13

Subject to and without waiving the foregoing and the General Objections, Lead Plaintiffs respond to this Interrogatory by referring defendants to the information provided in the Securities Plaintiffs' Letter Brief.

**INTERROGATORY NO. 2:**  If Union denies Request For Admission No. 1, state all facts and identify all records demonstrating that Union can trace each share purchased to shares issued in the June 2008 Offering, including but not limited to: (a) the original purchaser that acquired the shares in the June 2008 Offering; (b) the circumstances of the original purchaser's acquisition of the shares, including but not limited to the number of shares acquired, the price per share, the broker or brokerage firm through whom the acquisition was made, and the underwriter from who the shares were purchased; (c) each subsequent holder of those shares, including the dates on which each subsequent holder of the shares purchased and sold the shares and the price paid and received for the shares; and (d) the date that Union acquired the shares, from whom the shares were acquired, and the price paid for the shares.

**LEAD PLAINTIFFS' RESPONSE:**

Lead Plaintiffs object to this Interrogatory on the ground that it seeks information that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Lead Plaintiffs further object to this Interrogatory on the ground that the phrase "the circumstances of the original purchaser's acquisition of the shares" is vague and ambiguous.  Lead Plaintiffs further object to this Interrogatory on the ground that it is overbroad and unduly burdensome.  Lead Plaintiffs further object to this Interrogatory to the extent that it calls for a legal conclusion.  Lead Plaintiffs further object to this Interrogatory to the extent that it seeks information or analysis that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint prosecution privilege, and/or any other applicable privilege or immunity.  Lead Plaintiffs further object to this Interrogatory on the ground that it is premature because discovery has just begun.  Lead Plaintiffs further object to this Interrogatory because the more practical way to obtain this information is through a request for production.

**INTERROGATORY NO. 3:**  State the exact date and manner in which MPERS learned of the Demory Action.

**LEAD PLAINTIFFS' RESPONSE:**

Lead Plaintiffs object to this Interrogatory on the ground that it seeks information that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Lead Plaintiffs further object to this Interrogatory to the extent that it calls for a legal conclusion.  Lead Plaintiffs further object to this Request to the extent that it seeks information or analysis that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint prosecution privilege, and/or any other applicable privilege or immunity.  Lead Plaintiffs further object to this Request on the ground that it is moot in light of Judge Gertner's opinion and order dated August 3, 2011 which found as a matter of law that "the filing of the <u>Demory</u> complaint tolled the statute of limitations under <u>American Pipe</u>."  Order, at 48 (Docket No. 108).

**INTERROGATORY NO. 4:**  Identify all documents, including but not limited to all communications between MPERS or Union and any other person or persons, demonstrating that MPERS or Union can trace shares of State Street stock that they purchased to the June 2008 Offering.

**LEAD PLAINTIFFS' RESPONSE:**

Lead Plaintiffs object to this Interrogatory on the ground that it seeks information that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Lead Plaintiffs further object to this Interrogatory on the ground that it is overbroad and unduly burdensome.  Lead Plaintiffs further object to this Interrogatory to the extent that it calls for a legal conclusion.  Lead Plaintiffs further object to this Interrogatory to the extent that it seeks information or analysis that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint prosecution

privilege, and/or any other applicable privilege or immunity.  Lead Plaintiffs further object to this Interrogatory on the ground that it is premature because discovery has just begun.  Lead Plaintiffs further object to this Interrogatory because the more practical way to obtain this information is through a request for production.  Lead Plaintiffs further object to this Interrogatory on the ground that the information sought is duplicative of the information that Lead Plaintiffs previously provided to defendants and the Court in the Securities Plaintiffs' Letter Brief.

Subject to and without waiving the foregoing and the General Objections, Lead Plaintiffs respond to this Interrogatory by referring defendants to the information provided in the Securities Plaintiffs' Letter Brief.

**INTERROGATORY NO. 5:**  Separately identify, with respect to each interrogatory, all documents or persons that you consulted in preparing your response to each interrogatory.

**LEAD PLAINTIFFS' RESPONSE:**

Lead Plaintiffs object to this Interrogatory on the ground that it seeks information that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Lead Plaintiffs further object to this Interrogatory on the ground that it is overbroad and unduly burdensome.  Lead Plaintiffs further object to this Interrogatory to the extent that it seeks information or analysis that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint prosecution privilege, and/or any other applicable privilege or immunity.

Dated:  April 13, 2012

LEAD PLAINTIFFS AND THE PROPOSED CLASS

By their attorneys,


\_\_\_\_/s/ John C. Browne_____

Steven B. Singer
John C. Browne
Lauren A. McMillen
Rebecca E. Boon
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1285 Avenue of the Americas, 38th Floor
New York, New York 10019
Tel.: (212) 554-1400
Fax: (212) 554-1444
Email: steven@blbglaw.com
Email: johnb@blbglaw.com
Email: lauren@blbglaw.com
Email: rebecca.boon@blbglaw.com


William H. Narwold
**MOTLEY RICE LLC**
One Corporate Center
20 Church Street, 17th Floor
Hartford, Connecticut 06103
Tel.: (860) 882-1676
Fax: (860) 882-1682
Email: bnarwold@motleyrice.com

-and-

James M. Hughes
Badge Humphries
J. Brandon Walker

**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29464
Tel.: (843) 216-9000
Fax: (843) 216-9450
Email: jhughes@motleyrice.com
Email: bhumphries@motleyrice.com
Email: bwalker@motleyrice.com

*Co-Lead Counsel for Lead Plaintiffs and the
Proposed Class in the Securities Actions*

Bryan A. Wood
**BERMAN DEVALERIO**
One Liberty Square
Boston, Massachusetts 02109
Tel.: (617) 542-8300
Fax: (617) 542-1194
Email: bwood@bermandevalerio.com

*Liaison Counsel for Plaintiffs and the Proposed
Class in the Securities Actions*

Stuart L. Berman
Christopher L. Nelson
**KESSLER TOPAZ MELTZER
& CHECK, LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19087
Tel.: (610) 667-7706
Fax: (610 667-7056
sberman@ktmc.com
cnelson@ktmc.com

*Additional Counsel for Plaintiffs in the Securities
Actions*

Joshua H. Vinik
John R. S. McFarlane
One Pennsylvania Plaza
New York, New York 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
Email: jvinik@milberg.com
Email: jmcfarlane@milberg.com

*Counsel for Plaintiff Miami Beach Employees
Retirement Plan*

## VERIFICATION OF RESPONSES ON BEHALF OF LEAD PLAINTIFF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI

I, S. Martin Millette, III, declare on behalf of Lead Plaintiff the Public Employees' Retirement System of Mississippi, that:

I have read Lead Plaintiffs' Responses and Objections to Defendant Ernst & Young's First Set of Requests for Admission and Interrogatories to Lead Plaintiffs, and I state that the responses contained therein are true and correct to the best of my knowledge, information and belief.

Executed on April 13, 2012

_____
S. Martin Millette, III
Special Assistant Attorney General
Executive Counsel

19

**VERIFICATION OF RESPONSES ON BEHALF OF LEAD PLAINTIFF
UNION ASSET MANAGEMENT HOLDING AG**

We, Dr. Joachim von Cornberg and Fabian Hannich, declare on behalf of Lead Plaintiff Union Asset Management Holding AG, that:

We have read Lead Plaintiffs' Responses and Objections to Defendant Ernst & Young's First Set of Requests for Admission and Interrogatories to Lead Plaintiffs and we state that the responses contained therein are true and correct to the best of our knowledge, information and belief.

Executed on _03, 29_, 2012

Dr. Joachim von Cornberg, General Counsel
Union Asset Management Holding AG

Fabian Hannich, General Counsel
Union Asset Management Holding AG

## <u>CERTIFICATE OF SERVICE</u>

I, Lauren A. McMillen, hereby certify that on this 13th day of April, 2012, a copy of the foregoing was served by email to counsel for the parties in the above-captioned action.


<u>s/   Lauren A. McMillen          </u>

21