# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

—————————————————————— )
)
HILL v. STATE STREET CORPORATION )
)
——————————————————————)     Master Docket No. 1:09-cv-12146
)
THIS DOCUMENT RELATES TO ALL CLASS )
ACTIONS )
)
——————————————————————)


—————————————————————— )
)
THOMAS U. KENNEY, on Behalf of Himself and )
A Class of Persons Similarly Situated )
)
Plaintiff, )
)     Civil Action
v. )     No. 09-10750-DJC
)
STATE STREET CORPORATION, et al. )
——————————————————————)

### Joint Status Report for June 6, 2012 Status Conference

Pursuant to the Scheduling Order dated April 5, 2012 (Master Dkt. No. 149) (the "April 5 Scheduling Order"), the parties submit this brief joint statement addressing the issues itemized in Paragraph 2 of that Order.  As more fully explained below, in order to address all of the pending discovery matters in one hearing, the parties will be requesting a brief adjournment of the June 6, 2012 status conference.

(i)     <u>The status of the case</u>:

**<u>Written Discovery to Date</u>**

| Date Served | Discovery Request | Status |
|---|---|---|
| January 23, 2012 | Plaintiffs' First Set of Document Requests to State Street Defendants | • Responses served on March 21, 2012 |

| Date Served | Discovery Request | Status |
|---|---|---|
| | | • Meet and Confer letters and conference calls on April 27, 30, May 1, 7, 8, 11, 14, 15, and 16, 2012<br>• Letter Requests to Compel filed on May 30, 2012 |
| January 27, 2012 | State Street Defendants' First Set of Document Requests to Plaintiffs | • Responses served on March 21, 2012<br>• Meet and Confer letters and conference calls on May 1, 8, 11, and 18, 2012.<br>• Letter request to Compel filed on May 18, 2012 |
| February 3, 2012 | State Street Defendants' First Set of Interrogatories to Plaintiffs | • Responses served on March 21, 2012 |
| March 27, 2012 | Lead Plaintiffs' First Request for Production of Documents to Defendant Ernst & Young LLP | • Responses served on April 30, 2012 |
| March 27, 2012 | Lead Plaintiffs' First Request for Production of Documents to Defendants Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated, Credit Suisse Securities (USA) LLC, and UBS Securities LLC | • Responses served on April 30, 2012 |
| February 24, 2012 | Ernst & Young LLP (E&Y)'s First Set of Requests for Admission and Interrogatories to Lead Plaintiffs in the *Hill* Action | • Responses served on April 13, 2012<br>• Meet and Confer letters and conference calls on May 1, 8, 11, and 18, 2012<br>• Motion to Compel filed on May 18, 2012 |

## Production of Documents from California AG Action

• On April 18, 2012, pursuant to Paragraph 1.A of the April 5 Scheduling Order, the State

   Street Defendants produced those documents then produced in California AG Action that the

State Street Defendants identified, by application of search terms shared with plaintiffs'

counsel, that were relevant and responsive to the document production requests in this action,

for the time period from October 17, 2004 through October 19, 2011 (the "Production

Period").  The production consisted of 79,223 documents/1,205,013 pages (the "April 18

Production").

- On May 2, 2012, pursuant to Paragraph 1.B of the April 5 Scheduling Order, the State Street

  Defendants identified certain document categories withheld from the April 18 Production as

  follows ("Non Production Categories"):

  **1.      Documents concerning solely the performance of State Street's non-foreign exchange custodial duties or functions:**  In the California AG Action, State Street produced a number of documents relating solely to the performance of custodial services for CalPERS and CalSTRS that did not concern foreign currency exchange.  The State Street Defendants did not produce documents in this action that related exclusively to State Street's performance of non-foreign exchange related custodial duties or functions – in total, 60,250 documents (261,202 pages).

  **2.      Documents that do not concern foreign currency exchange:**  In their April 18, 2012 document production, the State Street Defendants withheld documents that, based on relevant search term identification, do not relate to State Street's foreign currency exchange practices.  Specifically, the State Street Defendants did not produce documents from the Production Period that lacked any reference to the following terms:  fx, "foreign /3 exchange," "foreign /3 currency," CFX, forex, repatriat+, or AIR – in total, 7,454 documents (30,834 pages).

  On the same day, the State Street Defendants produced an additional 3,155 documents

  totaling 14,040 pages from the Production Period that were not produced as part of the April

  18, 2012 Production and do not fall within either of the two Non-Production Categories.

- On April 30, 2012, Counsel for the *Hill* and *Richard* Plaintiffs requested a meet and confer

  regarding the State Street Defendants' Objections and Responses to the Foreign Exchange

  Practices Document Requests set forth in Plaintiffs' First Request for Production of

3

Documents, including the scope of the State Street Defendants' April 18, 2012 Production. On May 4, 2012, Counsel for the *Hill* and *Richard* Plaintiffs requested that certain issues regarding the additional documents produced in the California AG Action since the April 18 Production, the adequacy of the Non-Production Categories, and whether relevant hard copy documents had been produced in the April 18 Production be added to the agenda for the meet and confer.  This meet and confer took place on May 7, 2012 and was followed by further conference calls and letters between the parties on May 11 and 15, 2012.

- On May 14, 2012, following an additional production of materials made in the California AG Action on April 30, 2012, the State Street Defendants produced those documents from this April 30 production identified, by application of the same search terms used for the April 18 Production, as relevant and responsive to the document production requests in this action, for the Production Period.  The production consisted of 21,041 documents/3,949,335 pages (the "May 14 Production").  As further documents are produced in the California AG Action, the State Street Defendants will produce those materials identified, by the procedures described above, as relevant and responsive to the document production requests in this action for the Production Period.

- On May 15, 2012, the State Street Defendants also identified which of the documents in the April 18 Production had been collected in hard copy format and the names of the custodians in the database from which the April 18 Production was made.

- The parties were not able to reach a resolution as to certain issues with respect to the State Street Defendants' production of documents from the California AG Action.  On May 30,

2012, Plaintiffs filed a letter brief seeking to compel the production of certain of these documents.

**Other Document Production**

In addition to the productions described above, on November 30, 2011, the State Street Defendants previously produced to the Securities Plaintiffs and Plaintiff Richard those materials already produced in the *Kenney* Action.  The production consisted of 22,520 documents/627,360 pages.

Following service of their responses to document requests and in parallel with the parties' Meet and Confers with respect to those requests and responses, as detailed above, the State Street Defendants have conducted further interviews of multiple State Street employees to identify additional custodians and sources of documents that may be responsive to plaintiffs' requests. They are now collecting the electronic communications and other documents of these custodians and from these sources, in order to be processed, culled in accordance with search terms identified to plaintiffs, reviewed, and produced to supplement the materials that State Street Defendants have already produced, as described above.

The *Hill and Richard* Plaintiffs have collected certain documents in response to Defendant's requests and the collection of additional documents in response to those requests is currently ongoing.  The *Hill and Richard* Plaintiffs will make an initial production of responsive documents prior to the June 6, 2012 conference and will continue to produce responsive documents on a rolling basis thereafter.

(ii)      Anticipated upcoming events to be addressed at the June 6, 2012 conference:  The parties have submitted their responses and objections to numerous discovery requests, as detailed

above.  A considerable amount of discussion has resulted in agreement, or at least an initial process for moving forward, on a number of objections and issues raised by the parties with respect to those responses and objections and the production of documents with respect thereto. The parties are continuing to discuss these issues and the production of documents on a number of fronts, but Plaintiffs anticipate that motion practice may be required to resolve certain critical disputes.  Should the parties not be able to resolve any disagreements on their own, they will raise such issues for the Court's consideration.

As of this Joint Statement, pursuant to Paragraph 2 of the April 5 Scheduling Order, the State Street Defendants and E&Y have, respectively, filed a letter and motion to compel (*see* Docket Nos. 153 & 154) with regard to plaintiffs' discovery responses for the Court's consideration at the June 6, 2012 status conference.  Plaintiffs in the *Hill* and *Kenney* actions have filed a letter with regard to the State Street Defendants' discovery responses with respect to the conduit and investment portfolio-related document requests.  Plaintiffs in the *Hill* and *Richard* actions have filed a letter with regard to the State Street Defendants' compliance with the April 5 Scheduling Order, including the adequacy of their production of documents from the California AG Action and their discovery responses with respect to the foreign exchange-related document requests.  It is the State Street Defendants' position that the May 30, 2012 letter submitted by the *Hill* and *Richard* Plaintiffs was not timely filed for consideration at the June 6 status conference.  Specifically, the April 5 Scheduling Order required that motions to compel be fully briefed at least three business days prior to the June 6 status conference in order to be considered, *i.e.*, by Friday, June 1, 2012.  Pursuant to Local Rule 7.1(B)(2), however, the

response of the State Street Defendants to Plaintiffs' May 30, 2012 motion to compel is not due until June 13, 2012.

Plaintiffs believe the motions have been timely filed and there is sufficient time for Defendants to address these issues at the June 6 conference, particularly given that these issues have been the focus of the meet-and-confer process, and the issues are relatively straightforward.   In any event, as Plaintiffs have informed Defendants, if Defendants are unable to respond meaningfully respond to the motions in advance of the June 6 hearing, Plaintiffs have informed Defendants that they will consent to a brief adjournment of the hearing date so that all outstanding issues can be heard at the same time in one status conference, as previously contemplated by the Court.  In Plaintiffs' view, it would be extremely inefficient to address Defendants' discovery issues at the June 6 hearing, and to hold a second hearing two weeks later to address Plaintiffs' discovery issues (particularly since  counsel for the Hill plaintiffs and the Kenney plaintiffs are from out of state).

In order to resolve the disagreement and have all currently pending motions heard together, the parties have agreed to contact the Court to seek a short continuance of the June 6 status conference, in order to allow State Street Defendants sufficient time to oppose Plaintiffs' letter prior to the conference.

(iii)    Scheduling for the remainder of the case through trial:  The Scheduling Order entered on November 9, 2011 (Master Docket No. 129) initially targeted August 17, 2012 as the date for substantial completion of document discovery.  As outlined above, the parties are meeting and conferring regularly with respect to document production issues and are working to collect, process, review, and produce documents as quickly as possible.

As raised at the scheduling conferences held on November 9, 2011, February 13, 2012, and April 4, 2012, however, the Defendants do not believe that document production in response to the 230 document requests that Plaintiffs served on the State Street Defendants, which will continue to require the Court's attention to varied disputes raised by the parties' requests, can be substantially completed by the current August 17, 2012 deadline, even with the significant effort now underway.

As the State Street Defendants complete their efforts to interview personnel in order to identify relevant document custodians and other sources of relevant hard copy and electronic documents, and then load and process those materials on their electronic review platform according to search terms identified to the plaintiffs, they will be in a position to evaluate the volume of information that will need to be reviewed for responsiveness and relevance.  At the next status conference, based on this effort, the State Street Defendants expect to be able to provide the Court with a meaningful estimation of when document production will be complete, which Defendants will discuss with plaintiffs in advance of such conference.  Until the next status conference, the State Street Defendants will continue to produce documents on a rolling basis as they are collected, processed, and reviewed.

The Plaintiffs agree that, given the status of discovery, the parties will not meet the August 17, 2012 substantial completion deadline.  Plaintiffs will work with Defendants to arrive at a reasonable estimation for the completion of document production, to be discussed at the next status conference.

Plaintiffs note, however, that since the Court's November 9, 2011 Scheduling Order, no substantive documents have been produced to date in this case other than the *Kenney* documents

and the California AG Action documents – all of which had already been previously reviewed by Defendants and produced in other forums.  Defendants have complained about the burden in discovery in this case since before they even saw Plaintiffs' requests.  Based on what Plaintiffs have observed from the California AG Action, State Street has the resources to quickly process and review documents, but, if the Court does not require adherence to strict deadlines, it may take several years to complete document discovery.

The State Street Defendants disagree with Plaintiffs' characterizations of the discovery efforts undertaken to date.  As an initial matter, Plaintiffs are incorrect that the California AG Action has been a quick process—the ongoing review and production process in that case began, at latest, in the Fall of 2010 (*i.e.*, nearly two years ago) and, as discussed above, a substantial volume of those documents were produced in that action just on April 30, 2012.  In addition, Plaintiffs only served their initial (well over 200) document requests on January 23, 2012, more than two and a half months into an eight-month document discovery period.  The meet and confer process—which by agreement or court intervention will ultimately determine the scope of production—is ongoing.  In that process, the State Street Defendants are still awaiting Plaintiffs to respond to multiple questions regarding search terms and custodians.  Until such matters have been addressed, State Street Defendants believe that it is premature to determine what deadlines should govern the completion of document discovery.

The parties propose that the next status conference be scheduled for early August 2012.

(iv)    <u>The use of alternative dispute resolution ("ADR") programs</u>:  The parties agree that ADR may well be appropriate at a later stage of this case, but that it is too early at this time.

(v)   <u>Consent to trial before a Magistrate Judge</u>:  At this point, the parties have not consented to a trial before a Magistrate Judge.

<u>**Conclusion**</u>

The parties believe that this Joint Status Report fully describes the current posture of these cases.

Respectfully submitted by the Plaintiffs,

| | |
|---|---|
| **PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI AND UNION ASSET MANAGEMENT HOLDING AG**<br><br>By their attorneys,<br><br>/s/ John C. Browne<br>Steven B. Singer (Admitted Pro Hac Vice)<br>John C. Browne (Admitted Pro Hac Vice)<br>Lauren A. McMillen (Admitted Pro Hac Vice)<br>Rebecca E. Boon (Admitted Pro Hac Vice)<br>**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>1285 Avenue of the Americas, 38th Floor<br>New York, New York 10019<br>Tel.: (212) 554-1400<br>Fax.: (212) 501-0300<br>Email: johnb@blbglaw.com<br><br>**MOTLEY RICE LLC**<br>William H. Narwold (Admitted Pro Hac Vice)<br>James M. Hughes (Admitted Pro Hac Vice)<br>Badge Humphries (Admitted Pro Hac Vice)<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464<br>Tel.: (843) 216-9000<br>Fax: (843) 216-9450<br><br>*Co-Lead Counsel for Lead Plaintiffs and the Proposed Class in the Securities Actions*<br><br>**BERMAN DEVALERIO** | **CASEY J. RICHARD**<br><br>By his attorneys,<br><br>/s/ Robert E. Ditzion<br>Thomas G. Shapiro BBO # 454680<br>Michelle H. Blauner BBO # 549049<br>Robert E. Ditzion BBO #660962<br>**SHAPIRO HABER & URMY LLP**<br>53  State Street<br>Boston, MA 02109<br>Telephone: (617) 439‐3939<br>Facsimile: (617) 439‐0134<br>tshapiro@shulaw.com<br>mblauner@shulaw.com<br>rditzion@shulaw.com<br><br>VITA LAW OFFICES P.C.<br>Richard Vita BBO # 510260<br>77 Franklin Street<br>Boston, MA 02109<br>(617) 426‐6566<br>rjv@vitalaw.com |

Bryan A. Wood (BBO#648414)
One Liberty Square
Boston, MA 02109
Tel.: (617) 542-8300
Fax: (617) 542-1194
Email: ppease@bermandevalerio.com

*Liaison Counsel for Plaintiffs*

**THOMAS U. KENNEY**

By his attorneys,

**HUTCHINGS, BARSAMIAN,
MANDELCORN & ZEYTOONIAN, LLP**
Theodore M. Hess-Mahan (BBO # 557109)
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Tel: (781) 431-2231 ext. 234
Fax: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

/s/ Mark Levine
**STULL, STULL & BRODY**
Mark Levine (Admitted Pro Hac Vice)
mlevine@ssbny.com
Patrick Slyne (Admitted Pro Hac Vice)
pkslyne@ssbny.com
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

**MAJOR KHAN, LLC**
Major Khan
1120 Avenue of the Americas
Suite 4100
New York, NY 10036
Tel: (646) 546-5664
Fax: (646) 546-5755

*Counsel for Plaintiff Kenney*

Respectfully submitted by the Defendants,

| | |
|---|---|
| **STATE STREET DEFENDANTS,**<br><br>By their attorneys,<br><br>/s/ James W. Prendergast<br>Jeffrey B. Rudman (BBO No. 433380)<br>William H. Paine (BBO No. 550506)<br>James W. Prendergast (BBO No. 553073)<br>John J. Butts (BBO No. 643201)<br>**WILMER CUTLER PICKERING**<br>   **HALE AND DORR LLP**<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br>jeffrey.rudman@wilmerhale.com | **CREDIT SUISSE SECURITIES (USA)**<br>**LLC; GOLDMAN, SACHS & CO.;**<br>**MORGAN STANLEY & CO. LLC,**<br>**formerly known as MORGAN STANLEY &**<br>**CO.  INCORPORATED;  AND UBS**<br>**SECURITIES LLC,**<br><br>By their attorneys,<br><br>/s/ Stephen D. Poss<br>Stephen D. Poss (BBO No. 551760)<br>Daniel P. Roeser (BBO No. 675223)<br>**GOODWIN PROCTER LLP**<br>53 State Street<br>Boston, Massachusetts 02109<br>Tel: 617-570-1000<br>Fax: 617-523-1231<br>Email: sposs@goodwinprocter.com<br>Email: droeser@goodwinprocter.com |
| **ERNST & YOUNG LLP**<br><br>By its attorneys,<br>/s/ Thomas J. Dougherty<br>Thomas J. Dougherty (BBO #132300)<br>Kara E. Fay  (BBO #638260)<br>**SKADDEN, ARPS, SLATE,**<br>   **MEAGHER & FLOM LLP**<br>One Beacon Street<br>Boston, Massachusetts  02108<br>(617) 573-4800<br>dougherty@skadden.com | |

**CERTIFICATE OF SERVICE**

I, James W. Prendergast, hereby certify that this document filed through the ECF system in the *Kenney* and the *Hill* Action will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) dated May 30, 2012.


/s/ James W. Prendergast_____