# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HILL v. STATE STREET CORPORATION ) | |
| ) | Master Docket No.1:09-cv-12146-GAO |
| ) | |
| THIS DOCUMENT RELATES TO THE ) | ** LEAVE TO FILE GRANTED |
| SECURITIES ACTIONS ) | ON JUNE 18, 2012 ** |
| ) | |
| DOCKET NO. 09-cv-12146-GAO ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT
## ERNST & YOUNG LLP'S MOTION TO COMPEL LEAD PLAINTIFFS
## TO RESPOND TO REQUESTS FOR ADMISSION AND INTERROGATORIES

Dated: June 18, 2012

Thomas J. Dougherty
Kara E. Fay
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts  02108
(617) 573-4800

Counsel for Defendant
Ernst & Young LLP

**Preliminary Statement**

In their Opposition[1] to Defendant Ernst & Young LLP's ("E&Y's") motion to compel responses to its requests for admission ("RFAs") and interrogatories,[2] Lead Plaintiffs[3] do not address their unfounded objections based on purported undue burden, lack of specificity, vagueness and ambiguity. E&Y addresses each of the equally incorrect arguments raised in the Opposition below.

**1.   E&Y Did Not Waive Its Right To Argue Section 11
      Standing And Tolling, Or To Seek Discovery Related To Those Issues**

On February 24, 2012, E&Y submitted a letter request to the Court (ECF Doc. 141) seeking early consideration of whether a Securities Act class is certifiable in this case based on the threshold questions of whether Lead Plaintiffs have standing to represent the proposed Securities Act class, and whether their Securities Act claims were timely filed. E&Y also served its RFAs and Interrogatories to Lead Plaintiffs at that time. Lead Plaintiffs responded to E&Y's letter request on March 9, 2012. (ECF Doc. 145.)

By subsequent letter dated March 14, 2012 (ECF Doc. 146), E&Y withdrew its request for an <u>early</u> determination of those issues, and, in the interest of efficiency, reserved its right to raise them when class certification is addressed by the Court or at another appropriate time. Contrary to Lead Plaintiffs' suggestion in their Opposition that E&Y's withdrawal acted as some sort of concession, E&Y expressly stated in its March 14 letter that it did <u>not</u> agree with

---

[1]   Lead Plaintiffs' Memorandum Of Law In Opposition To Defendant Ernst & Young LLP's Motion To Compel Lead Plaintiffs To Respond To Requests For Admission And Interrogatories And The State Street Defendants' Joinder In That Motion With Respect To Certain Document Requests, filed June 7, 2012 (ECF Doc. 166) ("Opposition").

[2]   Defendant Ernst & Young LLP's Motion To Compel Lead Plaintiffs To Respond To Requests For Admission And Interrogatories, filed May 18, 2012 (ECF Doc. 154) ("Motion") and supporting Memorandum Of Law, filed May 18, 2012 (ECF Doc. 155) ("Memorandum").

[3]   Public Employees' Retirement System of Mississippi ("MPERS") and Union Asset Management Holding AG ("Union") (collectively "Lead Plaintiffs").

1

Lead Plaintiffs' legal arguments set forth in their March 9 response, and did <u>not</u> concede that either lead plaintiff has established that it has standing and that its Securities Act claims are timely. Nor did E&Y withdraw its RFAs and Interrogatories, as such discovery is relevant to later consideration of these issues by the Court.[4]

**2. Judge Gertner's Motion To Dismiss Ruling Does Not Excuse Lead Plaintiffs From Responding To E&Y's RFAs And Interrogatories**

Lead Plaintiffs also argue that the requested discovery is irrelevant because Judge Gertner already decided the tolling issue in her opinion on defendants' motions to dismiss. (<u>See</u> Opposition at 3-4.) However, Lead Plaintiffs ignore the clear First Circuit law cited by E&Y establishing that Judge Gertner's motion to dismiss ruling -- based on allegations assumed to be true <u>arguendo</u> -- does not bar the Court from considering issues of Section 11 standing and statute of limitations on a subsequent motion, or render RFAs or discovery on those topics moot. (<u>See</u> E&Y's Memorandum at 7, n. 6.)

For example, in <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 55 (1st Cir. 2005), the state trial court denied the defendant's motion to dismiss for lack of personal jurisdiction. The defendant later removed to federal court and again moved to dismiss for lack of personal jurisdiction. The district court granted the motion. The First Circuit affirmed, and held that "the law of the case doctrine -- understood as a bar to subsequent review -- was not implicated in this case, because 'interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case.'" <u>Id.</u>, quoting <u>Perez-Ruiz v. Crespo-Guillen</u>, 25 F.3d 40, 42 (1st Cir. 1994) (holding that the law of the case doctrine did not bar the district court from dismissing a case on statute of limitations grounds after a motion to

---

[4] Lead Plaintiffs themselves argued that these issues "should be raised, if at all, in a summary judgment motion <u>after discovery</u>." (<u>See</u> Plaintiffs' March 9, 2012 Letter, ECF Doc. 145, at 1) (emphasis added).

dismiss on the same grounds was earlier denied). See also In re Art Tech. Grp., Inc. Sec. Litig., 394 F. Supp. 2d 313, 319 (D. Mass. 2005) (holding, in a purported securities fraud class action, that the law of the case doctrine did not prohibit the court from considering a renewed motion to dismiss, particularly where the court relied on a factual allegation in connection with the original motion to dismiss which discovery proved to be without support) (Gertner, J., adopting Report and Recommendation of Dein, M.J.).[5]

Accordingly, Lead Plaintiffs' assertion that Judge Gertner's motion to dismiss ruling excuses them from providing the requested discovery is incorrect.[6]

### 3. Lead Plaintiffs Should Be Required To Respond To RFA No. 1

Lead Plaintiffs' argument that they should not have to respond to RFA No. 1 on whether Union has Securities Act standing because it calls for a "pure legal conclusion" is equally without merit. As stated in E&Y's Memorandum, the Federal Rules expressly permit requests for admission about "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A) (emphasis added).

---

[5] See also Geffon v. Micrion Corp., 249 F.3d 29, 38 (1st Cir. 2001) (holding that the district court did not abuse its discretion by reconsidering its first summary judgment opinion despite the lack of new evidence or intervening changes of law); Union Mut. Life Ins. Co. v. Chrysler Corp., 793 F.2d 1, 15 (1st Cir. 1986) ("Until entry of judgment, [interlocutory orders] remain subject to change at any time. The doctrine of law of the case does not limit the power of the court in this respect.") (citation omitted); In re Cabletron Sys., Inc., 311 F.3d 11, 21 n. 2 (1st Cir. 2002) ("The law of the case is a discretionary doctrine, especially as applied to interlocutory orders.") (citation omitted).

[6] Lead Plaintiffs' assertion that American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974) renders the issue of their reliance (or lack thereof) on the complaint filed by Marilyn Demory irrelevant (see Opposition at 4-5) is also incorrect. American Pipe involved attempts to intervene after class certification had been denied for lack of numerosity, and did not involve issues of standing. In addition, in In re Elscint, Ltd. Sec. Litig., 674 F. Supp. 374, 378 (D. Mass. 1987), Judge Keeton cautioned that plaintiffs should not be permitted to use American Pipe tolling "to circumvent the statute of limitation by filing a lawsuit without an appropriate plaintiff" -- such as a plaintiff who plainly lacked standing to bring the claim in question.

3

RFA No. 1 calls for just such an application of law to fact. Union has standing to assert Securities Act claims only if it purchased shares in or traceable to the June 2008 offering of State Street stock, a fact clearly within Union's knowledge. Despite holding itself out as a lead plaintiff with respect to the Securities Act claims, Union has never alleged that it purchased shares in or traceable to the June 2008 offering. Lead Plaintiffs now even concede in their Opposition that "<u>Union does not purport to have purchased shares directly traceable to the June 2008 Offering.</u>" (Opposition at 6, n. 5 (emphasis added).) If that is indeed the case, and Union did not purchase shares in or traceable to the June 2008 Offering, Lead Plaintiffs should admit RFA No. 1, and their attempt to evade making this admission should not be permitted.[7]

**4.      Lead Plaintiffs May Not Merely Refer To Their March 9, 2012 Letter**

Lead Plaintiffs also argue that they provided adequate responses to Interrogatory Nos. 1-4 by referring to their March 9, 2012 letter to the Court (ECF Doc. 145). However, that letter simply does not provide the requested information. E&Y's Interrogatory No. 1 asks, in part, that Lead Plaintiffs "state all facts and identify all records demonstrating that MPERS can trace each share purchased to the shares issued in the June 2008 Offering." E&Y's Interrogatory No. 4 asks Lead Plaintiffs to "[i]dentify all documents . . . demonstrating that [Lead Plaintiffs] can trace shares of State Street stock that they purchased to the June 2008 Offering." Lead Plaintiffs' March 9 letter attaches a single document that may be responsive (Exhibit 2 thereto),[8] but that

---

[7]   Tellingly, Lead Plaintiffs did <u>not</u> specifically object to the <u>identical</u> RFA directed to MPERS, which they simply denied. See Lead Plaintiffs' Response To RFA No. 2 (attached as Exhibit B to E&Y's Memorandum). In addition, although they incorrectly objected to other RFAs on the ground that they call for a "legal conclusion" -- which E&Y addressed in its Memorandum at 7-8 -- Lead Plaintiffs did <u>not</u> object to RFA No. 1 on that ground; this is something they asserted for the first time in their Opposition.

[8]   Lead Plaintiffs' March 9 letter itself, and the list of MPERS' transactions in State Street stock, presumably prepared by counsel for purposes of this litigation as an attachment to MPERS' PSLRA certification (Exhibit 1 to the March 9 letter), are not documents that may be used by MPERS to demonstrate that it purchased shares in or traceable to the offering.

does not excuse them from fully responding to E&Y's discovery requests. Lead Plaintiffs cite no authority to the contrary.

### 5. Lead Plaintiffs Should Be Required To Respond To Interrogatory No. 5

Finally, Lead Plaintiffs should be required to identify all documents and individuals consulted in responding to the RFAs and Interrogatories as requested in Interrogatory No. 5. Such documents and individuals are clearly relevant; for example, the documents could be the exact documents specifically requested to be identified in Interrogatory Nos. 1 and 4, and the individuals may be current or former employees of MPERS and/or Union that could be fact witnesses in this case. If the documents are indeed privileged, as Lead Plaintiffs assert in their Opposition (see Opposition at 6, n. 5), they may provide a privilege log as is standard.

### Conclusion

For the foregoing reasons herein, and the reasons stated in E&Y's Memorandum, E&Y respectfully requests that the Court enter an Order compelling the Lead Plaintiffs to respond to E&Y's First Set Of Requests For Admission And Interrogatories within ten (10) days of the entry of the Order.

Dated: June 18, 2012
       Boston, Massachusetts

Respectfully submitted,

/s/ Thomas J. Dougherty
Thomas J. Dougherty (BBO #132300)
Kara E. Fay  (BBO #638260)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts  02108
(617) 573-4800
dougherty@skadden.com

Counsel for Defendant
Ernst & Young LLP

---

**CERTIFICATE OF SERVICE**

I, Thomas J. Dougherty, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on June 18, 2012.

Dated:  June 18, 2012    /s/ Thomas J. Dougherty
                                    Thomas J. Dougherty