UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILL v. STATE STREET CORPORATION )  )  THIS DOCUMENT RELATES ) TO ALL CLASS ACTIONS ) _____) and ) ) THOMAS U. KENNEY, on Behalf of ) Himself and a Class of Persons ) Similarly Situated, ) ) Plaintiff, ) v. ) ) STATE STREET CORPORATION, et al., ) ) Defendants. ) | MASTER DOCKET NO. 09-12146-GAO    CIVIL ACTION NO. 09-10750-DJC  (filed concurrently in both actions) |

## SCHEDULING ORDER AND ORDER
## ON PARTIES' MOTIONS TO COMPEL

On June 26, 2012, this court held a status conference pursuant to Fed. R. Civ. P. 16(a) and a hearing to consider the parties' motions to compel discovery (Docket Nos. 153, 154, 156 and 157). After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

1.  The State Street Defendants' motion to compel documents concerning the plaintiffs' knowledge and understanding of "high quality" and other matters raised in the complaints (Docket No. 153) is ALLOWED IN PART and DENIED IN PART as follows:

    A.    The plaintiffs shall produce any documents reflecting industry definitions or understandings as to the meaning of the term "high quality," as well as any documents reflecting the plaintiff's understanding of State Street's use of the term "high quality," with respect to SIVs, mortgage-backed securities, Alt-A investments and asset-backed securities.

    B.    The plaintiffs shall produce any documents concerning their knowledge of State Street's exposure to particular assets held in the Conduits and in its investment portfolio during the Class Period.

    C.    The plaintiffs shall produce any documents from committees or other groups charged with risk analysis which reflect an analysis or internal assessment of the risk of investing in the types of assets at issue in this case.

    D.    The plaintiffs shall produce any documents reflecting their knowledge and understanding, during the Class Period, as to how State Street conducted foreign exchange transactions and charged its custodial clients for such transactions.

2. Ernst & Young's "Motion to Compel Lead Plaintiffs to Respond to Requests for Admission and Interrogatories" (Docket No. 154) is ALLOWED to the extent that the lead plaintiffs shall supplement their responses to Ernst & Young's requests by **July 31, 2012**. Nothing herein shall be deemed a waiver of any claim or defense.

3. The plaintiffs' motion to compel the production of documents relating to State Street's internal assessments regarding the need to consolidate Conduit losses on its own financial statements during the Class Period (Docket No. 156) is ALLOWED IN PART and DENIED IN PART as follows:

    A.    The parties shall confer in an effort to reach agreement as to which documents relating to consolidation will be produced by the

        defendants.  By **July 11, 2012**, the parties shall notify the court as to whether they have reached an agreement, and if no agreement has been reached, they shall submit separate proposed requests for documents.

    B.    Any response to the opposing party's proposed request for documents shall be filed with the court by **July 18, 2012**.

    C.    This court has concluded that the plaintiffs' challenge to State Street's accounting relating to consolidation has not been waived based on this court's reading of Judge Gertner's ruling on the motions to dismiss.  Any motion for clarification regarding Judge Gertner's ruling on the motions to dismiss in the Hill action shall be filed by **July 26, 2012**.

4.    The plaintiffs' motion to compel the production of documents previously produced in the California AG Action (Docket No. 157) is ALLOWED IN PART and DENIED IN PART as follows:

    A.    By **July 31, 2012**, the State Street Defendants shall either (1) review by hand the approximately 8,000 documents withheld based on lack of relevance, and produce any additional documents that are relevant to this action; or (2) conduct a new search of the documents using the plaintiffs' proposed search terms and produce relevant documents.  If the defendants elect to proceed under option (2), any documents that are being withheld from production shall be identified on a log.

    B.    By **July 31, 2012**, the State Street Defendants shall produce any custodial contracts and requests for proposals ("RFPs") that were produced in the California AG Action and are responsive to the plaintiffs' discovery requests in this action.  In addition, the State Street Defendants shall produce 25 randomly selected exemplars of FX pricing provisions from RFPs and custodial contracts that State Street contends are not typical of or identical to the FX pricing provisions contained in its contracts with the California pension funds.

      C.      The State Street Defendants shall supplement their document production, by **July 31, 2012**, by producing any communications with regulatory and law enforcement officials that were produced in the California AG Action and are responsive to the plaintiffs' requests for other specific categories of documents in this case. Any documents that are withheld as non-responsive shall be identified on a log which shall be produced to the plaintiffs.

5.      The next status conference shall take place on **August 7, 2012 at 2:30 p.m.** in Courtroom #15 on the 5th floor. To the extent any party wishes to be heard on a discovery motion at the status conference, that party shall make arrangements to have the motion fully briefed at least three (3) business days before the conference. In addition, at the conference, the parties shall be prepared to discuss:

      (i)      the status of the case;
      (ii)     scheduling for the remainder of the case through trial;
      (iii)    the use of alternative dispute resolution ("ADR") programs; and
      (iv)    consent to trial before the Magistrate Judge.

6.      The parties shall submit a brief joint statement no later than five (5) business days before the conference addressing the issues itemized in paragraph 5 above. With respect to the use of ADR and having one or more of the matters tried by a Magistrate Judge, the parties shall indicate whether an agreement has been reached, but shall not identify their respective positions.

                                                              / s / Judith Gail Dein
                                                              Judith Gail Dein
Dated: June 27, 2012                       United States Magistrate Judge