# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Charles E. Tompkins
Ian J. McLoughlin
Adam M. Stewart
Robert E. Ditzion
Rachel M. Brown
Patrick J. Vallely

July 18, 2012

*Counsel*
Thomas G. Hoffman

E-mail:
mblauner@shulaw.com

The Honorable Judith G. Dein
United States Magistrate Judge
United States District Court
District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way – Suite 6420
Boston, MA 02210

    Re:    Letter Motion to Compel ERISA Discovery
              *Richard v. State Street Corporation, et al.*, Case No. 10-cv-10184 (GAO)
              *Kenney v. State Street Corporation, et al.,* Master Docket No. 09-cv-10750 (DJC)

Dear Judge Dein:

        In accordance with the Court's Order of June 27, 2012, Plaintiffs Casey J. Richard and Thomas U. Kenney ("Plaintiffs") in the above-captioned matters wish to submit certain ERISA discovery matters to you for argument at the August 7, 2012 status conference. Specifically, Plaintiffs seek to compel production of documents in four areas where the parties have not been able to reach agreement:

1. The ERISA Defendants (as defined below) have improperly refused to search for or produce discoverable documents that do not specifically reference the Employee Stock Ownership Plan (the "ESOP").

2. The ERISA Defendants have designated too narrow a list of custodians whose files they will search for documents responsive to Plaintiffs' requests.

3. The ERISA Defendants have improperly limited the type of documents for which they will search in response to admittedly relevant discovery requests.

> 4. The ERISA Defendants have improperly objected to certain other specific document requests enumerated below and as a result are improperly withholding certain documents.

## I. General Background

In these two coordinated cases, the Court has sustained complaints alleging that the ERISA Defendants breached their fiduciary duties under ERISA to act prudently to protect the interests of participants in the State Street Corporation Salary Savings Program (the "Salary Savings Program" or "Plan"). In particular, Plaintiffs allege that the ERISA Defendants breached their fiduciary duties to the Plan Participants by continuing to offer them the opportunity to invest in the stock of the State Street Corporation ("State Street" or the "Company") through the ESOP when State Street stock was not a prudent investment option. Richard Complaint (09-cv-12146-GAO, Dkt. #46), ¶¶ 8, 45-58, 122-40, 157-66; Kenney Complaint (09-cv-10750-DJC, Dkt. #157) ¶¶ 1, 3, 38, 49, 91, 92. Specifically, Plaintiffs allege as follows:[1]

- The ERISA Defendants failed to prudently and loyally maintain Plan assets, and thus improperly allowed investment in Company Stock despite the Company's serious problems with foreign exchange transactions and conduits. Richard Complaint, ¶¶157-66 (foreign exchange transactions); Kenney Complaint, ¶¶ 62, 91, 105 (conduits).

- The ERISA Defendants failed to avoid conflicts of interest between their personal interests as senior State Street executives and their fiduciary duties to Plan Participants. These conflicts resulted from the Company's serious problems with foreign exchange transactions. Richard Complaint, ¶¶ 190-97.

- The ERISA Defendants failed to monitor other fiduciaries to make certain that they properly protected Plan Participants from harm resulting from the Company's serious problems with foreign exchange transactions. Richard Complaint, ¶¶ 167-77.

- The ERISA Defendants failed to provide complete and accurate information to Plan Participants about the Company's serious problems with foreign exchange transactions. Richard Complaint, ¶¶ 178-89.

---

[1] The District Court sustained all of these claims in the Richard Action. *See* 09-cv-12146-GAO, Dkt. #108. The District Court has limited the Kenney Action to the first (prudence) claim in his case. *See Kenney v. State St. Corp.,* No. 09-10750-DJC, 2011 WL 4344452 (D. Mass. Sept. 15, 2011) (Casper, J.).

SHAPIRO HABER & URMY LLP

The Honorable Judith G. Dein
July 18, 2012
Page 3 of 12

One or both of the sustained complaints in this case allege that the following individuals and entities (the "ERISA Defendants"[2]) were Plan fiduciaries and breached their fiduciary duties to Plan Participants: (a) State Street; (b) State Street Bank and Trust Company ("State Street Bank"); (c) the North America Regional Benefits Committee of State Street Corporation (the "Benefits Committee"); (d) the Investment Committee of State Street Corporation (the "Investment Committee")[3]; (e) fourteen individual ERISA Defendants who served on the Benefits and/or Investment Committees; (f) Defendant Ronald E. Logue, who was a member of the Executive Committee of the State Street Board of Directors (the "Executive Committee")[4]; and (g) the Jane and John Doe ERISA Defendants, who are the unknown (to Plaintiffs) members of the Benefits Committee and/or the Investment Committee, or of any other committee which is or was responsible for carrying out the provisions of the Plan.

Following the Court's denial of the ERISA Defendants' dispositive motions, Plaintiffs served a number of ERISA-specific document requests on January 23, 2012. The ERISA Defendants responded on March 21, 2012.[5] All of the ERISA Defendants' responses were subject to numerous objections. Even subject to these objections, the ERISA Defendants only agreed to produce all responsive documents for one request (Request 200). By letters dated May 1, 2012 and June 21, 2012, Plaintiffs requested that Counsel for the ERISA Defendants meet-and-confer to discuss their ERISA document requests.[6] Meet-and-confer conferences were held on May 8, 2012 and June 28, 2012, but the parties were unable to resolve a number of disagreements.

---

[2] All of the listed individuals and entities are named Defendants in the *Richard* case. The *Kenney* case has the same named Defendants, except that Mr. Kenney is not pursuing claims against State Street Bank, Ronald E. Logue, and six of the individual Benefits and/or Investment Committee members named in the *Richard* case.

[3] The Benefits Committee and the Investment Committee, through its members, administered the Plan and had discretionary authority over the Plan's assets and the investment options offered under the Plan.

[4] The Executive Committee was a fiduciary of the Plan delegated with discretion and authority to appoint and remove members of the Benefits Committee and the Investment Committee.

[5] The definitions and instructions for Plaintiffs' Requests are attached as Exhibit 1. Plaintiffs' ERISA-specific requests, along with the ERISA Defendants' responses and objections, are attached as Exhibit 2.

[6] These letters and related correspondence are attached as Exhibits 3-7.

The Honorable Judith G. Dein
July 18, 2012
Page 4 of 12

## II. The ERISA Defendants Have Improperly Excluded Documents That Do Not Specifically Reference the ESOP

The ERISA Defendants' responses to Plaintiffs' document requests included ERISA General Objection No. 1, *see* Exhibit 2 at 19-20, which was incorporated into every ERISA-related response.[7] This objection broadly excludes from production all "Plan documents not limited to the ESOP." *Id.* During the meet and confer process, the ERISA Defendants reiterated that they would not produce any documents that did not specifically reference the ESOP. This objection is entirely improper. Plaintiffs have been unable to resolve their dispute on this issue and thus now ask the Court to order the ERISA Defendants to provide all responsive documents that are being withheld based on this objection.

### A. The Focus In Assessing Whether Defendants Breached Their Duties Is On The Process That They Followed In Undertaking These Duties, And Discovery Is Appropriate In This Area

ERISA fiduciaries must meet strict standards of conduct and must "discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries … with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104. As the First Circuit has made clear, the central inquiry here focuses on the process followed by fiduciaries in undertaking their duties. *Bunch v. W.R. Grace & Co.*, 555 F.3d 1, 7 (1st Cir. 2009) ("'[T]he test of prudence—the Prudent Man Rule—is one of conduct, and not a test of the result of performance of the investment.'") (citation omitted); *see also Kenney*, 2011 WL 4344452, at *3 ("The focus of this inquiry is on the conduct of the fiduciary, not on the performance of the investments."); Report & Recommendation Pls.' Mot. Leave Amend (09-cv-10750-DJC, Dkt. #141) (M.J. Dein), at 26 (quoting *Bunch*); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) ("In evaluating whether a fiduciary has acted prudently, we therefore focus on the process by which it makes its decisions rather than the results of those decisions.")

For this reason, Plaintiffs are entitled to explore the steps that the ERISA Defendants took to ensure that they were meeting the requirements of ERISA. Indeed, this Court has already made it clear in this case that the inquiry here goes beyond the ESOP to the overall Plan itself. *Kenney*, 2011 WL 4344452, at *3 ("The court must review an ERISA fiduciary's conduct in light of 'the totality of the circumstances' . . . [including] consideration of the 'plan structure and aims . . . .'") (citations omitted); Report & Recommendation Pls.' Mot. Leave Amend (09-cv-10750-DJC, Dkt. #141), at 25-26 (same); *see also Beauchem v. Rockford Products Corp.*, 2002 WL 100405, at *1-2 (N.D. Ill. Jan. 24, 2002) (overruling a

---

[7] All but three of the responses (193, 223, 224) specifically mention this objection, and the remaining three responses are all made "subject to and without waiving the foregoing General and Specific Objections." *See* Exhibit 2 at 240-41, 279-81.

relevance objection and allowing plaintiffs alleging breach of fiduciary duty with respect to an ESOP to obtain a wide range of documents – including meeting minutes, basic corporate documents, and financial statements – concerning the defendant company's general ERISA Plan and not just its ESOP); *Hammond v. Trans World Airlines, Inc.*, 1991 WL 93498, at *2 (N.D. Ill. May 22, 1991) (overruling relevance objection and allowing plaintiffs in an ERISA breach of fiduciary case to obtain documents concerning other ERISA plans not being litigated because these documents could provide important context to the case).

As discussed below, the ERISA Defendants' objection to producing "Plan documents not limited to the ESOP" prevents relevant inquiries in at least two important ways.

> B. **Plaintiffs Are Entitled To Understand Who Administered The Plan And How The Plan Was Administered**

Plaintiffs in this case have alleged that the ERISA Defendants were Plan fiduciaries who breached their broad duties under the Plan and under ERISA. Richard Complaint, ¶¶ 13-32, 45-58, 157-97; Kenney Complaint, ¶¶3, 12-21, 39, 105.  The ERISA Defendants have disputed these allegations.  They do not admit that they are Plan fiduciaries. Answer to Richard Complaint (09-cv-12146-GAO, Dkt. #118), ¶¶ 13-32; Answer to Kenney Complaint (9-cv-10750-DJC, Dkt. #167), ¶¶12-20.  They maintain that the Plan did not allow them to eliminate the ESOP as an investment option. *See, e.g.,* Reply Mem. Supp. Defs.' Mot. Dismiss (09-cv-12146-GAO, Dkt. #87), at 13.  They argue that they did not breach any duties to avoid conflicts of interest, or to monitor the performance of other fiduciaries.  Answer to Richard Complaint, ¶¶ 173-77, 194-97.  They argue that Richard's disclosure claims are based on statements that were not made in a fiduciary capacity. *See, e.g.,* Mem. Supp. Defs.' Mot. Dismiss (09-cv-12146-GAO, Dkt. #72), at 18-21.  They generally take a far more narrow view than Plaintiffs of the fiduciary duties under the Plan and ERISA. *See, e.g.,* Mem. Supp. Defs.' Mot. Dismiss, at 8-28.  The Court has addressed many of these issues in denying the ERISA Defendants' dispositive motions. *Kenney*, 2011 WL 4344452, at *1-6 (D. Mass. Sept. 15, 2011); *Hill v. State St. Corp.,* No. 09-cv-12146-NG, 2011 WL 3420439, at *28-37 (D. Mass. Aug. 3, 2011); Report & Recommendation Pls.' Mot. Leave Amend (09-cv-10750-DJC, Dkt. #141) (M.J. Dein), at 24-37.

Now that their claims have been substantially sustained at the pleadings stage, Plaintiffs have sought discovery on the above issues by requesting documents reflecting how the Plan was administered, including who the fiduciaries were, the nature of their duties set forth under ERISA and in the Plan documents, how they carried out those duties, and how they were supervised and monitored.  The ERISA Defendants have objected to all of these requests by arguing that documents that concern these topics, but do not specifically reference the ESOP, are not relevant to this case.  This objection is meritless.  The Plan at issue in this case is the Salary Savings Program, and not the ESOP.  The ESOP was just one of the investment options made available under the Plan.  Thus, Plaintiffs are entitled to inquire about how the Plan (not the ESOP) was administered, who were the fiduciaries of the Plan (not the ESOP), how the Plan (not the ESOP) was interpreted, and

SHAPIRO HABER & URMY LLP

The Honorable Judith G. Dein
July 18, 2012
Page 6 of 12

generally how decisions were made regarding whether or not to include investment options in the Plan and what criteria were used.

One example of the overbreadth of the ERISA Defendants' objection is their refusal to provide any documents responsive to Plaintiffs' Request 186.[8] This request seeks discovery concerning the guidelines and procedures for selecting, removing, and monitoring investment options. Documents reflecting the process that ERISA Defendants (through committees) followed in selecting or removing investment options under the Plan, and for the evaluation, selection, monitoring, retention, and liquidation of Plan investments, are highly relevant to this case, whether or not they specifically mention the ESOP.

Another example that demonstrates the problems with the ERISA Defendants' objection is their refusal to provide any responsive documents in response to Request 204. This request seeks documents concerning the interpretation or implementation of any of the provisions of the Plan and the Plan's trust agreements. The Plan contains certain provisions governing the disputed matters in this case, including the selection of investment options. For example, Plan § 10.2 states that the Benefits Committee had "full discretionary power and authority to administer the Plan in all of its details," which included the power and authority "to select the investment options available under the Plan." *See* Exhibit 8 at 29-30. How the ERISA Defendants interpreted this Plan provision (as well as others) is thus an important factor in understanding the process that they followed to carry out their ERISA duties. Further, as with Request 186, there is no reason to believe that relevant documents would all specifically reference the ESOP. If, for example, State Street circulated a memo discussing the ERISA duty of Plan fiduciaries to terminate Plan investment options that they did not believe were prudent, such a memo would be relevant to this litigation even if it did not mention the ESOP.

There are numerous other examples of requests that the ERISA Defendants have improperly objected to on the same grounds. These include:

- **Request 187.** This request seeks discovery concerning the internal operating procedures of the committees that have responsibility for administering the Plan.

- **Request 189.** This request seeks all documents and communications concerning any consideration given to appointment of an independent fiduciary and/or advisor who could provide advice or make judgments concerning the Plan's investment in Company Stock or the ESOP.

---

[8] While the ERISA Defendants indicated in their response that they were willing to discuss providing additional documents responsive to some (but not all) of Request 186, *see* Exhibit 2 at 233-34, during the meet-and-confer process they did not identify any categories of documents they would produce that are responsive to this request.

- **Requests 190-92.**  These requests seek documents concerning the fiduciaries of the Plan under ERISA, the status of any of the ERISA Defendants as a fiduciary of the Plan under ERISA, and the delegation of fiduciary duties to any individual, committee, sub-committee, or entity.[9]

- **Request 195**.  This request seeks documents concerning all Plan-related activities (such as the provision of investment, allocation, trustee, fiduciary, custodial, oversight, monitoring, supervisory or other services provided to the Plan) of the ERISA Defendants and others involved with the administration of the Plan.

- **Request 207-08.**  This request seeks documents and communications concerning the oversight, monitoring, appointment, and removal of plan fiduciaries, including the members of Benefits and Investment Committees.

    C.    **The Process That The ERISA Defendants Used To Assess Non-ESOP Investments Is Relevant To This Litigation**

This litigation challenges the suitability of Plan investments in Company Stock through the ESOP.  Thus, in addition to seeking documents relating to the administration of the Plan generally, Plaintiffs have sought documents relating to the process that fiduciaries used to assess and monitor Plan investments.  The ERISA Defendants have broadly objected that responsive documents relating to investments other than the ESOP are not relevant.  This objection is meritless.  If the ERISA Defendants engaged in extensive analysis assessing the suitability of the non-ESOP investments in the Plan, but only engaged in minimal or cursory review of the suitability of the ESOP, that fact would also be directly relevant to whether the process followed by fiduciaries in scrutinizing the ESOP as an investment option met their fiduciary duties.  Thus, Plaintiffs would be entitled to know if the ERISA Defendants carefully reviewed the risk profiles of investment options outside of Company Stock, but only cursorily reviewed whether investing in Company Stock presented an appropriate risk profile for Plan Participants.  Plaintiffs have sought discovery of documents relating to precisely these issues, most specifically in Requests 196-99 and 203.  The ERISA Defendants have improperly refused to produce all documents responsive to these requests if they do not directly reference the ESOP.

---

[9] The ERISA Defendants have even gone so far as to simply refuse to identify Plan's fiduciaries. *See* Exhibit 2 at 241.  Further, they have objected broadly to requests referencing the term "fiduciary" because it would purportedly require them to make a legal determination as to fiduciary status.  *See* Exhibit 2 at 12, ¶¶ 48, 238-41, 243-44, 246, 248, 252, 254, 257, 264, 268.  However, the Court has sustained Plaintiffs' complaints that ERISA Defendants are Plan fiduciaries who breached their fiduciary duties.  In light of Defendants' denial of fiduciary status, Plaintiffs are entitled to fully explore these issues.

### III. The ERISA Defendants Have Improperly Limited The List Of Custodians Whose Documents They Will Search

Under the Federal Rules, a party responding to a document request must produce all requested discoverable documents that are within that party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988) ("Once a proper discovery request has been seasonably propounded, we will not allow a party sentiently to avoid its obligations . . . by failing to examine records within its control."). In developing a list of custodians whose records must be searched, a responding party must identify all individuals who are likely to possess responsive documents. *Cardenas v. Dorel Juvenile Group, Inc.*, CV.A.04-2478 KHV-DJW, 2006 WL 1537394, at *7 (D. Kan. June 1, 2006); *Bratka v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 448, 461 (S.D. Ohio 1995).

Here, the ERISA Defendants have completely failed to do so. They have steadfastly limited their proposed custodian list to the 15 identified Individual ERISA Defendants. *See* Exhibit 4, at 1, 3. This list excludes many individuals who may have relevant documents. For example, this list does not include the John and Jane Doe Defendants and other individuals (such as Committee Secretaries or non-Defendant employees of any of the entity Defendants) who supported the work of the Benefits Committee, the Investment Committee, and the Executive Committee. The identity of these individual is known to the ERISA Defendants but not to Plaintiffs.

Unlike the ERISA Defendants, Plaintiffs have limited knowledge of State Street's internal organization and record management practices. However, without waiving their rights to later expand the custodian list, Plaintiffs respectfully request at this stage that the Court order the ERISA Defendants to search for all documents responsive to the ERISA requests held by:

a. The John and Jane Does Defendants;

b. All members of the Benefits Committee, the Investment Committee, and the Executive Committee during the relevant time period, the Secretaries of those Committees, as well as any other central repositories or other locations where potentially responsive documents for these Committees are typically stored;

c. All State Street employees who directly supported the above Committees and the Board of Director's oversight of the Committees, such as by preparing reports for the Committees and the Board; and

d. Any executives at State Street Corporation or State Street Bank and Trust who had responsibility for administering the Plan during the relevant time period.

The Honorable Judith G. Dein
July 18, 2012
Page 9 of 12

## IV. The ERISA Defendants Have Improperly Withheld Drafts And Other Types Of Documents That Are Responsive To Admittedly Relevant Document Requests

### A. The ERISA Defendants Have Improperly Refused To Produce Any Drafts Of Otherwise Discoverable Documents

During the meet-and-confer process, the ERISA Defendants have refused to produce drafts of otherwise discoverable documents. There is no justification for withholding drafts. Further, Local Rule 26.5(c)(2) states in its standard definition of "document" that "[a] draft or non-identical copy is a separate document within the meaning of ['document']." Drafts are highly relevant to understand the processes followed by the ERISA Defendants. If, for example, an initial draft report analyzing the suitability of investing Plan funds in Company Stock recommended appointing an independent fiduciary to evaluate this issue, but the final draft did not contain this recommendation, that fact would be highly relevant to Plaintiffs' case. Plaintiffs respectfully request that the Court order the ERISA Defendants to produce all drafts of otherwise discoverable documents.

### B. The ERISA Defendants Have Refused To Produce Relevant Communications And Other Documents

In response to a number of requests, the ERISA Defendants have conceded that Plaintiffs seek relevant material by agreeing to provide responsive formal committee resolutions or formal packages presented to committees. However, the ERISA Defendants have refused to provide non-final or informal materials and communications concerning those same subject matters.

The ERISA Defendants' refusal to provide these materials manifests itself in a dispute over Plaintiffs' definitions in their requests. Because Committees can only act through their members, Plaintiffs defined each of these Committees in their requests to include the Committees' members. *See* Exhibit 1 at 4, 9, 12. The ERISA Defendants objected to this definition, *see* Exhibit 2 at 5, 8, 9, and stood by this objection through the meet-and-confer process. As noted in the examples below, pursuant to this objection the ERISA Defendants have refused in many cases to produce communications or documents presented to individual members of State Street's Board of Directors and Committees, including the Individual ERISA Defendants themselves. Plaintiffs respectfully request that the Court overrule this patently unreasonable objection.

One specific example of this problem is the ERISA Defendants' response to Request 188. This request seeks all documents and communications concerning the decision to set a limit as of January 1, 2007 on the percentage of each Plan Participant's account balance that could be invested in the ESOP. The ERISA Defendants have agreed to produce minutes of the meeting in which the decision was made to set this limit, but have objected to the production of other communications and draft minutes of meetings at which this proposal was vetted. *See* Exhibit 2 at 235-36. These additional documents go directly to question of

SHAPIRO HABER & URMY LLP

The Honorable Judith G. Dein
July 18, 2012
Page 10 of 12

how the ERISA Defendants undertook their fiduciary duty to assess the suitability of Company Stock as a Plan investment.

Another example of this problem comes in response to Requests 196-97. These requests seek documents concerning meetings of, and communications between, the ERISA Defendants and certain other senior executives and groups concerning the Plan, any investment alternatives made available under the Plan, the Plan fiduciaries, the ESOP Fund or Plan investments in Company Stock of the ESOP Fund. The ERISA Defendants have offered to provide minutes and meeting materials from meetings of the Executive, Benefits, and Investment Committees. However, they have not agreed to produce drafts of these minutes or meeting materials, or to produce minutes or meeting materials from other meetings (such as meetings of the Board of Directors) where these matters were discussed. They also have refused to produce any other communications or other documents relating to these topics. *See* Exhibit 2 at 243-47.[10]

A final example of this problem comes in response to Requests 202-03. These requests seek documents and communications concerning reports, statements, opinions, analyses, recommendations, and advice with respect to Company Stock or Plan investments (including the ESOP). The ERISA Defendants have agreed to provide certain reports received by, advice given to, or solicitations for advice made by the Benefits, Executive, and Investment Committees. They have not agreed to provide drafts of these documents, or communications concerning these documents, including responsive documents received by individual members of these Committees or by the Board of Directors or its members. They have also not agreed to produce any documents concerning less formal opinions, statements, recommendations, or analyses.

V. **The ERISA Defendants Have Improperly Objected to Numerous Specific Document Requests And Have Refused To Produce Documents Responsive to Those Requests**

In addition to improperly withholding numerous documents based on the above general objections, the ERISA Defendants have also improperly objected to numerous specific ERISA document requests.

---

[10] The ERISA Defendants indicated in their response that they were willing to discuss providing additional documents responsive to Request 197 (but not 196). *See Id.* However, during the meet-and-confer process, they did not identify any additional documents that they would produce in response to Request 197. Plaintiffs respectfully request that the Court order the ERISA Defendants to produce all documents responsive to these requests.

The Honorable Judith G. Dein
July 18, 2012
Page 11 of 12

- **Request 182.**  This request seeks all government filings concerning the Plan and the ESOP.  These documents are highly relevant as they contain basic information about the Plan and its fiduciaries, including information provided to the Department of Labor in compliance with ERISA.  The ERISA Defendants have refused to produce any of these documents.  Their objections lack merit.  Notably, despite the ERISA Defendants' assertions to the contrary, *see* Exhibit 2 at 228-29, many of these documents are not public and are not otherwise available to Plaintiffs.  During the meet-and-confer, Plaintiffs limited this request to Forms 11-K, Forms S-8, and Forms 5500, the forms that they are most interested in, but the ERISA Defendants refused to produce even this subset of responsive documents.  Plaintiffs respectfully request that the Court order the ERISA Defendants to produce all Forms 11-K, Forms S-8, and Forms 5500, and all related exhibits, schedules, and attachments thereto.

- **Request 183.**  This request seeks all annual reports, summary annual reports, audited financial statements, financial statements, statements of financial condition or income, and actuarial reports, valuations, and analyses for the Plan.  The State Street Defendants have refused to produce any documents in response to this request.  Their objections lack merit.  Notably, despite the ERISA Defendants' assertions to the contrary, *see* Exhibit 2 at 229-31, many of these documents are not public and are not otherwise available to the Plaintiffs.  These documents are highly relevant to this litigation.  They are important for understanding damages and the performance of the ESOP and the Plan overall, as well as for comparing the performance of the ESOP to the performance of other Plan investments.

- **Request 205.**  This request seeks documents and communications concerning the central question of whether, and to what extent, the Plan required the Plan fiduciaries to offer Company Stock or the ESOP as an investment option under Plan or gave Plan fiduciaries discretion to remove or eliminate these investment options under the Plan.  The ERISA Defendants indicated in their response that they were willing to discuss providing additional documents responsive to this request.  *See* Exhibit 2 at 257.  However, during the meet-and-confer process, they refused to agree to produce any further documents.  Plaintiffs respectfully request that the Court order the ERISA Defendants to produce all responsive documents.

- **Requests 209-14, 220.**  In these requests, Plaintiffs in various ways seek the production of communications with Plan Participants concerning the Plan, the ESOP, and the financial performance of the company.  These communications are necessary to address Richard's allegations that the ERISA Defendants failed to provide complete and accurate information to Plan Participants about the Company's problems with foreign exchange transactions.  *See* Richard Complaint (09-cv-12146-GAO, Dkt. #46), ¶¶ 138, 178-89.  The ERISA Defendants have not agreed to even provide all form communications sent to all employees or to all Plan Participants or all responsive documents posted on State Street's intranet site.  The

SHAPIRO HABER & URMY LLP

The Honorable Judith G. Dein
July 18, 2012
Page 12 of 12

ERISA Defendants indicated in their response that they were willing to discuss providing additional documents responsive to Request 213 (but not the other requests).  *See* Exhibit 2 at 260-68, 276-77.  However, during the meet-and-confer process, they refused to agree to produce any further documents.  Plaintiffs respectfully request that the Court compel the ERISA Defendants to produce all responsive form communications sent to all employees or to all Plan Participants as well as all responsive documents posted on State Street's intranet site.

- **Request 226.**  In this request, Plaintiffs seek discovery about the Individual ERISA Defendants' purchases, sales, and retention of Company Stock outside of the Plan.  While the Individual ERISA Defendants have agreed to provide information about their Company Stock purchases through the Plan in response to Plaintiffs' Request 225, they have refused to provide any information about non-Plan transactions.  These transactions are equally relevant to Plaintiffs' allegations.  How the Individual ERISA Defendants viewed investing in Company Stock when their own money was at stake may shed light on whether the Individual ERISA Defendants faithfully protected the interests of Plan Participants and avoided conflicts of interest when they offered Company Stock through the Plan.

Plaintiffs look forward to discussing the issues outlined above at the August 7, 2012 conference.

Respectfully Submitted,


  /s/ Michelle Blauner                              /s/ Mark Levine
Thomas G. Shapiro                            Mark Levine
Michelle H. Blauner                            Patrick Slyne
Robert E. Ditzion                                **STULL, STULL & BRODY**
**SHAPIRO HABER & URMY LLP**      6 East 45th Street
53 State Street                                    New York, NY  10017
Boston, MA  02109


cc.: all counsel (by ECF)