WILMERHALE

July 18, 2012

**By ECF**

John J. Butts

+1 617 526 6515(t)
+1 617 526 5000(f)
john.butts@wilmerhale.com

The Honorable Judith G. Dein
United States District Court
District of Massachusetts
John Joseph Moakley Courthouse
One Courthouse Way, Suite 6420
Boston, MA 02210

Re:   *Hill v. State Street Corp. et al.*, 09-12146 (GAO)

Dear Judge Dein,

Pursuant to the Court's Order dated June 27, 2012, the State Street Defendants and the Plaintiffs have conferred regarding the production of conduit accounting related documents while Judge O'Toole addresses the motion for clarification that the State Street Defendants expect to file in the next few days asking him to rule on whether Plaintiffs abandoned any conduit accounting claim when they elected not to respond to that aspect of Defendants' motion to dismiss. Indeed, not only did Plaintiffs fail to respond to the Defendants' showing that these allegations were premised on a fundamental misapplication of the relevant accounting rules, but Plaintiffs also remained silent on conduit accounting at the hearing on Defendants' motion.

Although the Court did not accept this position at the last status conference, it suggested that the State Street Defendants file a motion for clarification. In the meantime, the Court asked the parties to meet and confer on a set of consolidation related documents that are "easy to produce," such as "a category plus documents for a finite period that led to the decision to consolidate," while reserving their rights on burdensome requests until after Judge O'Toole rules on the motion for clarification. Transcript of June 26, 2012 Status Conference at 113, 117-18.

Earlier today, the State Street Defendants offered to produce, in addition to the consolidation related documents they have already agreed to produce, more than eighteen months' worth monthly reports as to the output of the FIN 46 model for each conduit. Those reports provide an objective measure as to whether or not State Street was a conduit's "primary beneficiary" under FIN 46. If State Street was the primary beneficiary, it would have consolidated the relevant conduit's balance sheet onto State Street's own.

The State Street Defendants were optimistic that their proposal would result in an agreement because, in a meet and confer on July 10, 2012, Plaintiffs asked for documents relating to quarterly consolidation assessments of consolidation. The State Street Defendants were surprised that not only was their offer rejected, but that Plaintiffs demanded much more than they had asked for on July 10. More particularly, Plaintiffs demanded "*all*" documents relating to a number of broad categories, which cannot be squared with the Court's direction that the parties

WILMERHALE

The Honorable Judith G. Dein
July 18, 2012
Page 2

discuss the key documents that are "easy to produce." Likewise, Plaintiffs' six-page single-spaced memorandum explaining their positions on relevance is difficult to square with the Court's direction that parties should "submit separate proposed requests for documents" if they are unable to reach agreement.

The parties have agreed to confer over the next week to see if they can resolve their differences in advance of the next filing date, but an agreement seems unlikely given the scope of their differences. If there is no agreement, the State Street Defendants will, as contemplated by the Court's Order, submit a letter explaining the merits of their proposal and the deficiencies of Plaintiffs' proposal.

Sincerely,

*John J. Butts*

John J. Butts
cc:     Counsel of record