**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                           )
HILL v. STATE STREET CORPORATION        )
                                                           )        MASTER DOCKET
THIS DOCUMENT RELATES                      )        NO. 09-12146-GAO
TO THE SECURITIES ACTIONS                  )
                                                           )
DOCKET NO. 09-12146-GAO                     )
_____)

## MEMORANDUM IN SUPPORT OF STATE STREET DEFENDANTS' MOTION FOR CLARIFICATION

The State Street Defendants submit this memorandum in support of their motion for an

order making clear that certain claims included in the operative amended complaint

("Complaint") were abandoned when Plaintiffs chose not to respond to the State Street

Defendants' motion to dismiss them (no doubt because they do not state a claim upon which

relief may be granted).  In the alternative, these Defendants request that the Court rule on this

issue, which Judge Gertner's opinion as to Defendants' motions to dismiss did not expressly

address.[1]  Resolution of this motion is necessary because Plaintiffs now seek to obtain expansive,

extensive, and time-consuming discovery with respect to the claims, despite having abandoned

them.  Magistrate Dein concluded that this issue has not been submitted to her, and suggested

that Defendants raise the issue in this Court.

## INTRODUCTION

In the Complaint, Plaintiffs challenged State Street's accounting under Generally

Accepted Accounting Principles (GAAP) with respect to four asset backed commercial paper

conduits sponsored by State Street Bank and Trust Company.  The memorandum in support of

---

[1] The State Street Defendants include Defendants State Street Corporation ("State Street"), Ronald E. Logue, Edward J. Resch, Pamela D. Gormley, Kenneth F. Burnes, Peter Coym, Nader F. Darehshori, Amelia C. Fawcett, David P. Gruber, Linda A. Hill, Charles R. LaMantia, Maureen J. Miskovic, Richard P. Sergel, Ronald L. Skates, Gregory L. Summe, and Robert E. Weissman.

the motion to dismiss demonstrated that the Complaint's challenge to the accounting completely misapprehended the accounting rules. *See* State Street and Underwriter Defs' Mem. in Supp. of their Mot. to Dismiss ("MTD Br.") (Dkt. 73) at 7-16, 20-21, 36, 42-45 (attached hereto as Ex. A). Plaintiffs' opposition to the motion did not address these arguments *at all.* Under the law, Plaintiffs' utter silence constituted abandonment of these claims, which no longer can be pursued.

The background facts relating to the conduits and the relevant accounting rules were set forth in great detail in the State Street Defendants' motion to dismiss. *See* Exhibit A. In summary, as reflected in the detailed disclosures in State Street's SEC filings, the conduits at issue were four off-balance sheet entities that issued asset backed commercial paper. A GAAP rule known as FASB Interpretation No. 46(R) ("FIN 46R") governed whether the conduits' financial statements were required to be consolidated with State Street's own. *See id.* at 13. That analyis turned on identifying the "primary beneficiary" of each entity, as that term (and other terms bearing on that conclusion) is defined in FIN 46R.

According to FIN 46R, the "primary beneficiary" of a conduit (or other "variable interest entity") is the entity that would absorb the majority of the "expected losses" of the conduit. *See* Ex. A at 14. "Expected losses" also is a term specially defined by FIN 46R. *Id.* FIN 46R makes clear that "expected losses" as therein defined "are not actual losses (they are hypothetical), and they are not unrealized losses (which do not affect cash flow)." *Id.* Plaintiffs' challenge to State Street's conduit accounting assumes incorrectly that unrealized losses (based on the decline in market value of certain assets of the conduits) are the same as expected losses. *Id.* at 15, 36, 42-45. Because they are not, and because the Plaintiffs' accounting allegations do not otherwise grapple with the actual accounting rules and terms, the Complaint does not state a claim.

Plaintiffs also fail to state a claim as to State Street's application of conduit accounting because they are opinions as to which Plaintiffs did not adequately allege falsity or scienter. *See id.* at 36, 44-45.

Plaintiffs opposed the Defendants' motion in its entirety, but did not mention conduit accounting at all in their 93-page opposition brief. Nor did they in any way challenge the conclusion that they failed to state a claim relating to conduit accounting. *See generally* Lead Plaintiffs' Mem. in Opp'n to Defs.' Motions to Dismiss ("Opposition Br."), Dkt. 79. The State Street Defendants' reply highlighted this omission in a section entitled "Plaintiffs Concede No GAAP Violation Occurred." State Street and Underwriter Defs' Reply Mem. in Supp. of their Mot. to Dismiss ("Reply Br.), Dkt. 84, at 21 (Ex. B hereto). As set forth in that memorandum:

> Plaintiffs do not even respond to Defendants' showing that State Street's accounting as to conduit consolidation was correct. (Mem. at 42-45). Unable to identify how the applicable accounting rules required consolidation of the conduits at any earlier time, or how State Street's disclosure regarding the consolidation of the conduits was incorrect, Plaintiffs simply walk away from their allegations that any GAAP violation occurred. Given this concession, Plaintiffs fail to state a claim on these grounds.

*Id.* Plaintiffs' failure to brief their accounting claim was no accident: they did not argue that State Street's accounting for the conduits violated GAAP at any time during the two-day hearing on the motion to dismiss. *See generally* Feb. 16, 2011 Hearing Tr., Dkt. 94 at 49-56; Feb. 17, 2011 Hearing Tr., Dkt. 95 at 3-29, 33, 43-59.

Judge Gertner's order denying the motion to dismiss was likewise silent as to whether the Complaint stated a claim relating to conduit accounting. She may have understood that Plaintiffs had abandoned and were no longer pursuing a conduit accouting claim; or she may have overlooked this issue. *See generally* Aug. 3, 2011 Mem. and Order re: Motions to Dismiss Securities Action and ERISA Action ("MTD Decision"), Dkt. 108.

Now, Plaintiffs seek to take advantage of their silence (and Judge Gertner's) by propounding expansive, expensive, and time-consuming discovery predicated on the notion that their abandoned conduit accounting allegations are not only alive, but a centerpiece of this case. For example, thirteen of their document requests seek detailed information that is focused directly on conduit accounting.  The State Street Defendants have refused to produce documents in response to each of those requests, explaining that "by failing to respond to Defendants' motion to dismiss arguments for dismissal of the accounting claim to which this Request relates, Plaintiffs have effectively abandoned such claim."

On June 26, 2012, Magistrate Judge Dein concluded that this was an issue better raised with this Court, and, recognizing that the issue deserved further examination, suggested that Defendants move for clarification.  Dkt. 172.

## ARGUMENT

### I.     Plaintiffs Have Abandoned Any Claim Regarding Conduit Accounting Through Their Silence in Response to Defendants' Motion to Dismiss.

Plaintiffs walked away from their conduit accounting allegations rather than defend them in the face of Defendants' motion to dismiss.  The allegations are obviously wrong, and do not state a claim.  Rather than strain to defend them, Plaintiffs apparently made a tactical decision to conserve their credibility and to abandon their claim.  Accordingly, they never addressed the issue in their brief, and after Defendants pointed out that they had abandoned the claims, they did not address them at oral argument.  Thus, Plaintiffs intentionally, irrevocably, abandoned their accounting claims (and Judge Gertner did not need to address them).

The law is clear:  silence in the face of a motion to dismiss constitutes abandonment of the claims at issue.  *See, e.g.*, *Daylily Farms, Inc. v. Chao*, 357 F. Supp. 2d 356, 359 (D. Mass. 2005) (O'Toole, J.) ("because the plaintiffs have not presented any argument at all . . . in

response to the motion to dismiss, the claim (if there was one) is deemed abandoned.").  A chorus of courts has reached this same conclusion:  "A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . ., has effectively abandoned his claim . . . ." *Carvalho v. Equifax Information Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010).  *See also Markert v. PNC Fin. Servs. Grp., Inc*., 828 F. Supp. 2d 765 (E.D. Pa. 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the uncontested issue."); *Adams v. New York State Educ. Dept*., 752 F. Supp. 2d 420, 426 n.5 (S.D.N.Y. 2010) (dismissing claim on the grounds that plaintiff "did not respond to Defendants' motion to dismiss as to this claim and thus . . . the claim should be deemed abandoned"); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (dismissing claim because plaintiff abandoned her discriminatory discharge claim by failing to respond to arguments made in motion to dismiss); *Elkins v. Elkins*, No. 09-582-P-H, 2010 WL 2301152, at *4 (D. Me. June 7, 2010) ("Although Erika Elkins's complaint is not limited to her quest to nullify the libel judgment, that objective is the only objective she advances in opposition to the motions to dismiss, which amounts to an abandonment of her other claims.").

Plaintiffs plainly did not respond to these Defendants' argument that they utterly misapprehended the accounting rules and therefore did not state a conduit accounting claim. They acknowledge that the opposition is silent.  *See* Letter Br., Dkt. 156, at 6.  After these Defendants pointed out in their reply brief that this silence in the opposition constituted a concession that no GAAP violation occurred (*see* Ex. B), Plaintiffs never said anything about conduit argument in a two day oral argument.  *See generally* Feb. 16, 2011 Hearing Tr., Dkt. 94 at 49-56; Feb. 17, 2011 Hearing Tr., Dkt. 95 at 3-29, 33, 43-59.

Plaintiffs cited no contrary case authority to Judge Dein.  One of their cases is irrelevant and the other cuts against them.  *Neives-Vega v. Ortiz Quiñones* held that express disavowal of a claim constitutes the claim's abandonment, but did not address whether a plaintiff's silence in the face of a motion to dismiss has the same effect.  443 F.3d 134, 138 n.2 (1st Cir. 2006). *Pacific Bell Telelphone Company v. Linkline Communications* held that plaintiffs had not unequivocally abandoned their claim when they referred to it both "in their brief and at oral argument."  555 U.S. at 446.  Of course, Plaintiffs here never referred to their conduit accounting claim *either* in their brief *or* at oral argument.  Instead, they apparently made a tactical decision that had consequences they now seek to evade.  This should not be permitted.  On this record, the Court should hold that Plaintiffs have abandoned their conduit accounting claim.

## II.     Even If Not Abandoned, Plaintiffs' Accounting Claim Should Be Dismissed.

If this Court finds that despite their silence, Plaintiffs did not abandon their claim that State Street's accounting for the conduits violated GAAP, it should rule on whether Plaintiffs have plausibly pled a conduit accounting claim so that the parties can focus discovery on what is actually at issue.  Judge Gertner never addressed this issue in her decision, presumably because she understood that Plaintiffs had walked away from it.  The closest she came was:

> The Securities Action Plaintiffs . . . allege that State Street; its Chairman of the Board of Directors and CEO during the class period, Logue; and its Executive Vice President and CFO during the claim period, Resch . . . violated the Exchange Act by making false and misleading statements concerning both their FX trading business and the debt securities contained in State Street's investment portfolio and four asset-backed commercial paper conduits.  In so doing, Plaintiffs claim, Defendants also violated generally accepted accounting principles ("GAAP").

MTD Decision at 16.  That fleeting reference to GAAP—the only reference to GAAP in the Court's 71-page order—cannot be reasonably read to suggest that Judge Gertner sustained conduit accounting allegations that Plaintiffs chose not to defend.  Judge Gertner's decision did

not cite or refer to the section of the State Street Defendants' briefing regarding conduit

accounting, and did not address the State Street Defendants' arguments on that subject.

     In light of Judge Gertner's understandable silence on this issue, the Court should rule on

this issue if it is unwilling to find that Plaintiffs have abandoned their claims.  The issue has been

fully briefed, and if it would help the Court, the parties can appear for argument on their

previously submitted papers.

## CONCLUSION

     For the foregoing reasons, the State Street Defendants respectfully request that the Court

find that Plaintiffs have abandoned their claims about State Street's conduit accounting, or in the

alternative, rule on the State Street Defendants' motion to dismiss this claim on the basis of the

already closed briefing.


                    STATE STREET DEFENDANTS

                    By their attorneys,

                    */s/ Jeffrey B. Rudman*
                    Jeffrey B. Rudman (BBO No. 433380)
                    William H. Paine (BBO No. 550506)
                    James W. Prendergast (BBO No. 553073)
                    John J. Butts (BBO No. 643201)
                    WILMER CUTLER PICKERING
                          HALE AND DORR LLP
                    60 State Street
                    Boston, Massachusetts 02109
                    Telephone: (617) 526-6000
                    jeffrey.rudman@wilmerhale.com
                    william.paine@wilmerhale.com
                    james.prendergast@wilmerhale.com
Dated: July 20, 2012          john.butts@wilmerhale.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served via email to the registered participants of the ECF system in the above-captioned matters on July 20, 2012.


*/s/ Jeffrey B. Rudman*
Jeffrey B. Rudman