# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>HILL v. STATE STREET CORPORATION )<br>)<br>_____) <br>)<br>THIS DOCUMENT RELATES TO ALL CLASS )<br>ACTIONS )<br>)<br>_____) | Master Docket No. 1:09-cv-12146 |

| | |
|---|---|
| _____ )<br>)<br>THOMAS U. KENNEY, on Behalf of Himself and )<br>A Class of Persons Similarly Situated )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE STREET CORPORATION, et al. )<br>_____) | Civil Action<br>No. 09-10750-DJC |

## Joint Status Report for August 7, 2012 Status Conference

Pursuant to the Scheduling Order and Order on the Parties' Motions to Compel dated

June 27, 2012 (Master Dkt. No. 172) (the "June 27 Order"), the parties submit this brief joint

statement addressing the issues itemized in Paragraph 5 of that Order.

(i)     The status of the case:

## Written Discovery to Date

| Date Served | Discovery Request | Status |
|---|---|---|
| January 23, 2012 | Plaintiffs' First Set of Document Requests to State Street Defendants | • Responses served on March 21, 2012<br>• Meet and Confer letters and conference calls on April 27, 30, May 1, 7, 8, 11, 14, 15, 16, June 21, 28, and July 4, 5, 10, 11, 13, |

| Date Served | Discovery Request | Status |
|---|---|---|
| | | 16, 23 2012<br>• Letter Requests to Compel filed on May 30, 2012 (Conduit and FX issues)<br>• June 27 Order orders production on FX issues from California AG production<br>• Letter Request to Compel filed July 18, 2012 (ERISA issues)<br>• Letters addressing the State Street Defendants and plaintiffs' respective proposals for the scope of discovery on conduit consolidation, accounting, and risk of loss filed on July 18 and 19, 2012; responses filed on July 25, 2012 |
| January 27, 2012 | State Street Defendants' First Set of Document Requests to Plaintiffs | • Responses served on March 21, 2012<br>• Meet and Confer letters and conference calls on May 1, 8, 11, 18, and July 4, 19, 26, 2012<br>• Letter Request to Compel filed on May 18, 2012<br>• June 27 Order allows in part and denies in part request to compel and orders limited production on "plaintiffs' knowledge and understanding of 'high quality' and other matters raised in the complaints." |
| February 3, 2012 | State Street Defendants' First Set of Interrogatories to Plaintiffs | • Responses served on March 21, 2012 |
| March 27, 2012 | Lead Plaintiffs' First Request for Production of Documents to Defendant Ernst & Young LLP | • Responses served on April 30, 2012 |
| March 27, 2012 | Lead Plaintiffs' First Request for Production of Documents to Defendants Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated, Credit Suisse Securities (USA) LLC, and UBS | • Responses served on April 30, 2012 |

| Date Served | Discovery Request | Status |
|---|---|---|
| | Securities LLC | |
| February 24, 2012 | Ernst & Young LLP (E&Y)'s First Set of Requests for Admission and Interrogatories to Lead Plaintiffs in the *Hill* Action | • Responses served on April 13, 2012<br>• Meet and Confer letters and conference calls on May 1, 8, 11, and 18, 2012<br>• Motion to Compel filed on May 18, 2012<br>• June 27 Order orders supplemental responses<br>• Supplemental responses served on July 31, 2012 |

**Production of Documents Pursuant to June 27 Order on Motions to Compel**

Paragraph 1 of the June 27 Order allowed in part and denied in part "[t]he State Street Defendants' motion to compel documents concerning the plaintiffs' knowledge and understanding of 'high quality' and other matters raised in the complaints," identifying four categories of documents to be produced, to the extent they exist.[1]  June 27 Order at 1.   On July 4, 2012 the State Street Defendants requested the *Hill* plaintiffs' proposed search terms and custodians for the production of such documents.  On July 19, 2012, the State Street Defendants and the *Hill* plaintiffs participated in a Meet and Confer in response to the July 4 letter, followed by correspondence on July 26, 2012.  The *Hill* plaintiffs informed the State Street Defendants that they would perform targeted searches of their records for responsive documents and, in addition, would be using the term "State Street" and its logical derivations to narrow their

---

[1] The June 27 Order provides that the plaintiffs shall produce:  "(A) . . . any documents reflecting industry definitions or understandings as to the meaning of the term "high quality," as well as any documents reflecting the plaintiff's understanding of State Street's use of the term "high quality," with respect to SIVs, mortgage-backed securities, Alt-A investments and asset-backed securities; (B) . . . any documents concerning their knowledge of State Street's exposure to particular assets held in the Conduits and in its investment portfolio during the Class Period; (C) . . . any documents from committees or other groups charged with risk analysis which reflect an analysis or internal assessment of the risk of investing in the types of assets at issue in this case; (D) . . . any documents reflecting their knowledge and understanding, during the Class Period, as to how State Street conducted foreign exchange."  June 27 Order at 1.

searches for responsive electronic documents.  The *Hill* plaintiffs are currently in the process of searching for these documents for production.  The *Hill* plaintiffs also agreed to identify proposed custodians and departments, groups or committees within the course of document discovery.

The State Street Defendants notified the *Hill* plaintiffs by letter on July 26, 2012 that the plaintiffs have failed to identify custodians, search terms, date ranges, and methodology for the collection of their electronically stored information—and that plaintiffs have not produced organizational charts that would allow the State Street Defendants to review any proposed custodian list.  The State Street Defendants informed the *Hill* plaintiffs that they view the plaintiffs' document collection efforts thus far, to be inadequate including the limited nature of the search terms proposed to be employed and custodians to be reviewed.  The State Street Defendants have requested that the *Hill* plaintiffs provide a proposed protocol for document searches and collection by August 3, 2012.

The *Hill* plaintiffs reject the assertions made by the State Street Defendants as to the adequacy of their production efforts in general and in response to the June 27, 2012 Order.  On July 19, 2012, the *Hill* plaintiffs clearly described the targeted searches they were performing in order to locate documents ordered by the Court.  The *Hill* Plaintiffs' knowledge of State Street's use of the term "high quality," State Street's exposure to particular Conduit and investment portfolio assets, and State Street's manner of conducting foreign exchange transactions (June 27 Order, ¶1(A), (B), & (D)) will be captured through targeted hard copy searches and electronic searches using the term "State Street" and its logical derivations including "STT."  Documents in the possession of the *Hill* plaintiffs "reflecting industry definitions or understandings as to the meaning of the term 'high quality' (*id.*, ¶1(A)) can only be located, to the extent they exist,

through the targeted searches for such documents being completed by the *Hill* Plaintiffs.

Further, the *Hill* plaintiffs have requested guidance from the State Street Defendants as to any

such documents that could contain such definitions or understandings to aid their search.  This

request has been rejected.  Finally, the *Hill* Plaintiffs are performing targeted searches to

determine whether any "committees or other groups charged with risk analysis" possess

documents "which reflect an analysis or internal assessment of the risk of investing in the types

of assets at issue in this case," in full compliance with ¶1(C) of the June 27 Order.  The *Hill*

plaintiffs will respond in greater detail to the State Street Defendants' July 26 letter by August 3,

2012, as requested.

The State Street Defendants and the *Hill* plaintiffs continue to negotiate regarding the

content and scope of an appropriate protocol.  Should the State Street Defendants and the *Hill*

plaintiffs not reach an agreement on these issues, they expect to raise them before the Court at

the next status conference.

Pursuant to Paragraph 2.C of the June 27 Order, the lead plaintiffs in *Hill* supplemented

their responses to Ernst & Young's requests for admission and interrogatories on July 31, 2012.

On July 20, 2012, the State Street Defendants filed a motion for clarification regarding

the status of the *Hill* plaintiffs' challenge to State Street's accounting relating to the

consolidation of the conduits, pursuant to Paragraph 3.C of the June 27 Order.  The *Hill*

plaintiffs' opposition is due on August 3, 2012.  As for interim discovery on this issue, the State

Street Defendants and the *Hill* and *Kenney* plaintiffs conferred on July 10 and 18, 2012 regarding

the production of documents relating to State Street's accounting for the conduits, pursuant to

Paragraph 3.A of the June 27 Order, but were unable to reach an agreement.

Pursuant to Paragraph 3.B of the June 27 Order, the State Street Defendants and the *Hill* plaintiffs filed letter briefs with the Court on July 18, 2012.  On July 19, 2012, the *Kenney* plaintiff filed a letter brief independently seeking the same documents sought by the *Hill* plaintiffs in their July 18 letter brief and explaining independent and separate grounds the *Kenney* plaintiff believed those documents were relevant to the claim in the *Kenney case*. Responses to the competing proposals were filed on July 25, 2012.

On July 31, 2012, the State Street Defendants produced the following documents pursuant to Paragraph 4 of the June 27 Order:

1.      Pursuant to Paragraph 4.A of the June 27 Order, the State Street Defendants produced the documents that had been produced in the California AG Action, but withheld from production to the *Hill* and *Richard* plaintiffs on the basis of lack of relevance.  On June 27, 2012 the Court had ordered either the review of the withheld documents, or the production of relevant documents based on a new search using the *Hill* and *Richard* plaintiffs' proposed search terms.  On July 5, 2012, the *Hill* and *Richard* plaintiffs sent the State Street Defendants their proposed search terms.  The State Street Defendants have decided as a matter of cost and efficiency to produce the previously-withheld documents in order to moot a dispute regarding these search terms, and did so on July 31, 2012.  Plaintiffs have not yet had the opportunity to review these documents.

2.      Pursuant to Paragraph 4.B of the June 27 Order, the State Street Defendants produced on July 31, 2012, the custodial contracts and responses to the requests for proposals ("RFPs") previously-produced in the California AG Action deemed by the State Street Defendants to be typical of or identical to the FX pricing provisions contained in State Street's contracts with CalPERS and CalSTRS.  The State Street Defendants have also produced 25

randomly selected exemplars of FX pricing provisions from RFP responses previously-produced in the California AG Action that are not typical of or identical to the FX pricing provisions contained in State Street's contracts with CalPERS and CalSTRS. Plaintiffs have not yet had the opportunity to review these documents.

3.      Pursuant to Paragraph 4.C of the June 27 Order, the State Street Defendants produced on July 31, 2012, communications with regulatory and law enforcement officials that were produced in the California AG Action that are responsive to the *Hill* and *Richard* plaintiffs' document requests. The State Street Defendants have also identified in a log those communications that were withheld from this supplemental production of regulatory and law enforcement communications. Plaintiffs have not yet had the opportunity to review these documents.

**Other Document Production**

On June 6 and 8, and July 19, 26, and 27, 2012, Plaintiffs produced documents in response to the State Street Defendants' requests for production of documents. The State Street Defendants produced documents on June 21, 2012, July 13, 2012, and July 20, 2012 relating to conduit and investment portfolio issues, ERISA issues, and State Street's FX business, bringing the State Street Defendants' total production of documents in the coordinated actions to over 5,346,143 pages. The State Street Defendants have produced 142,477 pages that were not previously produced in the California Attorney General Action. Plaintiffs collectively have produced 17,190 pages.

Since May 1, 2012, the State Street Defendants and the *Richard* and *Kenney* plaintiffs have conferred numerous times by letter and conference call regarding the production of ERISA-related documents pursuant to plaintiffs' document requests. Because the State Street

Defendants and plaintiffs have ultimately been unable to agree on the scope of document production, the *Richard* and *Kenney* plaintiffs filed a letter request to compel on July 18, 2012. The State Street Defendants will file a responsive letter by August 1, 2012.

(ii)     Anticipated upcoming events to be addressed at the August 7, 2012 conference: The *Richard* and *Kenney* plaintiffs' letter request to compel ERISA-related documents will be fully briefed on August 7, 2012.  Pursuant to Paragraph 3.B of the June 27 Order, the *Hill* and *Kenney* plaintiffs' and the State Street Defendants' competing proposals regarding the scope of discovery relating to State Street's accounting for the conduits were fully briefed on July 25, 2012.

(iii)     Scheduling for the remainder of the case through trial:  As outlined above, the State Street Defendants and the Plaintiffs are meeting and conferring regularly with respect to document production issues and are working to collect, process, review, and produce documents as quickly as possible.  As raised at the scheduling conference held on June 26, 2012, the production of documents will not conclude by August 17, 2012.  The State Street Defendants and the Plaintiffs will continue to produce documents on a rolling basis as they are collected, processed, and reviewed.

Plaintiffs will work with Defendants to arrive at a reasonable estimation for the completion of document production.  While Plaintiffs believe that the Court should set a deadline for the completion of discovery, the State Street Defendants believe that setting a deadline for completion of discovery is premature.  The parties would like to discuss this issue at the status conference.

The parties propose that the next status conference be scheduled for early October 2012.

(iv)     <u>The use of alternative dispute resolution ("ADR") programs</u>:  The parties agree

that ADR may well be appropriate at a later stage of this case, but that it is too early at this time.

(v)     <u>Consent to trial before a Magistrate Judge</u>:  At this point, the parties have not

consented to a trial before a Magistrate Judge.

**<u>Conclusion</u>**

The parties believe that this Joint Status Report fully describes the current posture of

these cases.


Respectfully submitted by the Plaintiffs,

| | |
|---|---|
| **PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI AND UNION ASSET MANAGEMENT HOLDING AG**<br><br>By their attorneys,<br><br>/s/ John C. Browne_____<br>Steven B. Singer (Admitted Pro Hac Vice)<br>John C. Browne (Admitted Pro Hac Vice)<br>Lauren A. McMillen (Admitted Pro Hac Vice)<br>Rebecca E. Boon (Admitted Pro Hac Vice)<br>**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>1285 Avenue of the Americas, 38th Floor<br>New York, New York 10019<br>Tel.: (212) 554-1400<br>Fax.: (212) 501-0300<br>Email: johnb@blbglaw.com<br><br>**MOTLEY RICE LLC**<br>William H. Narwold (Admitted Pro Hac Vice)<br>James M. Hughes (Admitted Pro Hac Vice)<br>Badge Humphries (Admitted Pro Hac Vice)<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464<br>Tel.: (843) 216-9000<br>Fax: (843) 216-9450 | **CASEY J. RICHARD**<br><br>By his attorneys,<br><br>/s/ Robert E. Ditzion_____<br>Thomas G. Shapiro BBO # 454680<br>Michelle H. Blauner BBO # 549049<br>Robert E. Ditzion BBO #660962__<br>**SHAPIRO HABER & URMY LLP**<br>53  State Street<br>Boston, MA 02109<br>Telephone: (617) 439 ‐ 3939<br>Facsimile: (617) 439 ‐ 0134<br>tshapiro@shulaw.com<br>mblauner@shulaw.com<br>rditzion@shulaw.com<br><br>VITA LAW OFFICES P.C.<br>Richard Vita BBO # 510260<br>77 Franklin Street<br>Boston, MA 02109<br>(617) 426 ‐ 6566<br>rjv@vitalaw.com |

*Co-Lead Counsel for Lead Plaintiffs and the
Proposed Class in the Securities Actions*

**BERMAN DEVALERIO**
Bryan A. Wood (BBO#648414)
One Liberty Square
Boston, MA 02109
Tel.: (617) 542-8300
Fax: (617) 542-1194
Email: ppease@bermandevalerio.com

*Liaison Counsel for Plaintiffs*

**THOMAS U. KENNEY**

By his attorneys,

**HUTCHINGS, BARSAMIAN,
MANDELCORN & ZEYTOONIAN, LLP**
Theodore M. Hess-Mahan (BBO # 557109)
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Tel: (781) 431-2231 ext. 234
Fax: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

/s/ Mark Levine
**STULL, STULL & BRODY**
Mark Levine (Admitted Pro Hac Vice)
mlevine@ssbny.com
Patrick Slyne (Admitted Pro Hac Vice)
pkslyne@ssbny.com
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

**MAJOR KHAN, LLC**
Major Khan
1120 Avenue of the Americas
Suite 4100
New York, NY 10036
Tel: (646) 546-5664
Fax: (646) 546-5755

*Counsel for Plaintiff Kenney*

Respectfully submitted by the Defendants,

| | |
|---|---|
| **STATE STREET DEFENDANTS,**<br><br>By their attorneys,<br><br>/s/ James W. Prendergast<br>Jeffrey B. Rudman (BBO No. 433380)<br>William H. Paine (BBO No. 550506)<br>James W. Prendergast (BBO No. 553073)<br>John J. Butts (BBO No. 643201)<br>**WILMER CUTLER PICKERING<br>HALE AND DORR LLP**<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br>jeffrey.rudman@wilmerhale.com | **CREDIT SUISSE SECURITIES (USA)<br>LLC; GOLDMAN, SACHS & CO.;<br>MORGAN STANLEY & CO. LLC,<br>formerly known as MORGAN STANLEY &<br>CO. INCORPORATED; AND UBS<br>SECURITIES LLC,**<br><br>By their attorneys,<br><br>/s/ Stephen D. Poss<br>Stephen D. Poss (BBO No. 551760)<br>Daniel P. Roeser (BBO No. 675223)<br>**GOODWIN PROCTER LLP**<br>53 State Street<br>Boston, Massachusetts 02109<br>Tel: 617-570-1000<br>Fax: 617-523-1231<br>Email: sposs@goodwinprocter.com<br>Email: droeser@goodwinprocter.com |
| **ERNST & YOUNG LLP**<br><br>By its attorneys,<br>/s/ Thomas J. Dougherty<br>Thomas J. Dougherty (BBO #132300)<br>Kara E. Fay  (BBO #638260)<br>**SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP**<br>One Beacon Street<br>Boston, Massachusetts  02108<br>(617) 573-4800<br>dougherty@skadden.com | |

**CERTIFICATE OF SERVICE**

I, James W. Prendergast, hereby certify that this document filed through the ECF system in the *Kenney* and the *Hill* Action will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) dated July 31, 2012.

/s/ James W. Prendergast