# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HILL v. STATE STREET CORPORATION ) | |
| ) | Master Docket No. 1:09-cv-12146 |
| THIS DOCUMENT RELATES TO THE ) SECURITIES ACTION ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO THE
## STATE STREET DEFENDANTS' MOTION FOR CLARIFICATION

Dated: August 9, 2012

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
John C. Browne
Lauren A. McMillen
1285 Avenue of the Americas
New York, NY  10019

**MOTLEY RICE LLC**
William H. Narwold
Badge Humphries
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

*Counsel for Lead Plaintiffs and
Proposed Class*

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION AND BACKGROUND .................................................................................. 1

    I.    As Judge Dein Has Already Determined, the August 3, 2011 Opinion Denied the State Street Defendants' Motion to Dismiss In Its Entirety And Did Not Dismiss Any Aspect of Lead Plaintiffs' Complaint ............................................................ 5

    II.   The State Street Defendants' Request That This Court Reconsider and Reverse Judge Gertner's August 3, 2011 Opinion is Baseless and Untimely ...................... 9

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. N.Y. State Educ. Dept,*
 752 F. Supp. 2d 420 (S.D.N.Y. 2010)...............................................................................8

*In re Ambac Fin.Grp. , Inc. Sec. Litig.*,
 693 F. Supp. 2d 241 (S.D.N.Y. 2010)...............................................................................7

*In re Burlington Coat Factory Sec. Litig.*,
 114 F.3d 1410 (3d Cir. 1997)..................................................................................3, 7, 10

*Carvahlo v. Equifax Info. Servs.*,
 629 F.3d 876 (9th Cir. 2010) .............................................................................................9

*Devinsky v. Kingsford*,
 05 Civ. 2064 (PAC), 2008 WL 2704338 (S.D.N.Y. July 10, 2008) ..................................5

*Elkins v. Elkins*,
 Civ. No. 09-582, 2010 WL 2301152 (D. Me. June 7, 2010) ............................................9

*Ferdinand-Davenport v. The Children's Guild,*
 742 F. Supp. 2d 772 (D. Md. 2010) ..................................................................................9

*In re Global Crossing Ltd. Sec. Litig.*,
 322 F. Supp. 2d 319 (S.D.N.Y. 2004)...............................................................................7

*Kenney v. State Street Corp.*,
 694 F. Supp. 2d 67 (D. Mass. 2010) .........................................................................3, 6, 7

*Markert v. PNC Fin. Servs. Grp., Inc.*
 828 F. Supp. 2d 765 (E.D. Penn 2011) ..........................................................................8, 9

*Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*,
 455 F.3d 7 (1st Cir. 2006).........................................................................................4, 10

*Rita v. United States*,
 551 U.S. 338 (2007)..........................................................................................................6

*S.E.C. v. Caserta*,
 75 F. Supp. 2d 79 (E.D.N.Y. 1999) ..................................................................................7

*Standard Quimica De Venezuela v. Central Hispano Intern., Inc.*,
    189 F.R.D. 202 (D.P.R. 1999) ..............................................................................................10

Lead Plaintiffs the Public Employees' Retirement System of Mississippi ("MissPERS") and Union Asset Management Holding AG ("Union") (collectively "Lead Plaintiffs") respectfully submit this Memorandum of Law in Opposition to the State Street Defendants' Motion for Clarification (Dkt. 178) ("Motion"). For the reasons stated below, the State Street Defendants' Motion should be denied.[1]

## INTRODUCTION AND BACKGROUND

On August 3, 2011, following more than 250 pages of briefing, two days of oral argument, and approximately 40 pages of post-argument submissions, Judge Gertner issued a detailed 71-page opinion and order denying in their entirety Defendants' motions to dismiss Lead Plaintiffs' Complaint. *See* Dkt. 108 (the "Opinion") at 3, 44, 45, 69. Judge Gertner's Opinion clearly stated that Defendants' motions were "**DENIED**," addressed and rejected numerous arguments raised by each Defendant, and expressly sustained each of Lead Plaintiffs' five claims alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Sections 11, 12(a) and 15 of the Securities Act of 1933 ("Securities Act"). *See id.* (emphasis in original).

Defendants did not make a motion for reconsideration or for clarification of Judge Gertner's Opinion. Instead, the case proceeded into discovery and was ultimately reassigned to this Court following Judge Gertner's retirement from the bench. More than seven months later, the State Street Defendants refused to produce a number of highly relevant documents on the grounds that certain accounting allegations related to State Street's Conduits were supposedly "not addressed" by either Lead Plaintiffs in connection with the motion to dismiss briefing, or in

---

[1] All references herein to the "Complaint" or "¶__" refer to the Consolidated Amended Class Action Complaint filed on July 29, 2010 (Dkt 51). All emphases herein are added unless otherwise indicated.

Judge Gertner's August 3, 2011 Opinion, and therefore Judge Gertner must have intended to dismiss them (despite clear language in the Opinion to the contrary). The State Street Defendants subsequently raised this argument in submissions made to Chief Magistrate Judge Dein. On June 26, 2012, following oral argument on these issues, Judge Dein rejected Defendants' contentions, stating "I can't find on this record that it's been abandoned . . . I am finding that . . . <u>Judge Gertner's order denying the motion to dismiss left intact the issues in the complaint</u>[.]" *See* June 26 Motion Hearing Transcript ("June 26 Tr."), at 105, 113:13-18 (Dkt. 177) (emphasis added). On June 27, 2012, Judge Dein issued a written order affirming her position:

> This court has concluded that the <u>plaintiffs' challenge to State Street's accounting relating to consolidation has not been waived</u> based on this court's reading of Judge Gertner's ruling on the motion to dismiss.

"June 27 Order" at 3 (Dkt 172) (emphasis added).[2]

Now, nearly one year after Judge Gertner's decision denying their motion to dismiss, the State Street Defendants have filed what they style a "motion for clarification." In reality, the State Street Defendants are not seeking to have Judge Gertner's Opinion "clarified" – they are seeking to have it reconsidered and reversed. Indeed, as an "alternate" ground for relief, they expressly request that the Court revisit the motions to dismiss and "rule on whether Plaintiffs have plausibly pled a conduit accounting claim." Motion at 6. As discussed below, the State

---

[2] The State Street Defendants' assertion that "Magistrate Dein concluded that this issue has not been submitted to her" is patently false. *See* Dkt 178, at 1. Defendants submitted this issue to Magistrate Judge Dein, and she fully addressed – and rejected – their arguments both on the record at oral argument and in a subsequent written order. *See* June 26 Tr. at 105, 113; June 27 Order at 3. When Defendants nonetheless sought permission to bring a formal motion for "clarification," Judge Dein merely held that such a motion, if made, must be brought on or before July 26, 2012 (June 27 Order at 3) and she stated that "<u>Judge O'Toole will either refer it to me or he can decide it on his own</u>." June 26 Tr. at 105. Lead Plaintiffs have no objection to this motion being referred to Judge Dein (nor do they object to it being determined by Judge O'Toole).

2

Street Defendants' belated effort to reargue their motion to dismiss – which was fully vetted and decided more than one year ago – is untimely and without merit.

The State Street Defendants' primary argument is that Judge Gertner was "silent" on the issue of whether Lead Plaintiffs adequately alleged that State Street failed to follow Generally Accepted Accounting Principles ("GAAP") in connection with consolidation of certain off-balance sheet entities called Conduits, and by her supposed "silence," Judge Gertner intended to <u>grant</u> their motion to dismiss these allegations. Motion at 3. Defendants are wrong. Judge Gertner <u>expressly</u> acknowledged that Lead Plaintiffs alleged that "Defendants also violated generally accepted accounting principles ("GAAP")," and she clearly held that "Defendants' motion to dismiss the Exchange Act claims <u>concerning the conduits and portfolio is **DENIED**</u>." Opinion at 44 (bold emphasis in original); *see also id.* at 45 (denying Defendants' motions to dismiss Securities Act claims). In so doing, Judge Gertner implicitly acknowledged that arguments based on the proper application of GAAP are inherently fact-based and unsuited for resolution on a motion to dismiss: "'while State Street insists the asset's quality did remain high and the unrealized losses were just an analytical accounting requirement that reflected no true loss in value, <u>this record does not allow the Court to resolve that disputed fact</u>.'" *Id.* at 38 & n.12 (quoting *Kenney v. State Street Corp.*, 694 F. Supp. 2d 67, 79 (D. Mass. 2010) (Saris, J.)); *see also id.* at 7, n.2 (quoting *Kenney*, 694 F. Supp. 2d at 76) ("'it is unclear whether the continued off-balance sheet treatment of the conduits is an overly aggressive accounting gimmick or a prudent investment strategy'"). *Accord, e.g.*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) (issues of GAAP compliance cannot be resolved on a motion to dismiss).

Indeed, there is not a single line anywhere in Judge Gertner's 71-page opinion that reasonably can be read as granting any portion of Defendants' motions to dismiss. Moreover,

3

Defendants do not cite a single case that stands for the proposition that a District Court's "silence" can be interpreted as <u>granting</u> a defendants' motion to dismiss – and particularly not where, as here, the District Court explicitly denied those motions to dismiss in their entirety. In sum, there is no basis in fact or law for Defendants' assertion that Judge Gertner intended (through "silence" or otherwise) to grant any portion of the State Street Defendants' motion to dismiss Lead Plaintiffs' Complaint, and their attempts to have this Court "interpret" her Opinion as doing so is blatant revisionism.

Defendants reveal the true nature of their motion in their "alternate" request that this Court revisit the motions to dismiss and reverse Judge Gertner's Opinion. Motion at 6-7. This is baseless. Defendants elected not to make a motion for reconsideration while Judge Gertner was on the bench, and their motion now is untimely and without merit. Any motion for reconsideration was required to be filed no later than August 31, 2011. *See* Fed. R. Civ. P. 59(e). Thus, Defendants' motion is 324 days overdue and should be denied for this reason alone. Moreover, as discussed in more detail below, even if Defendants' motion for reconsideration were timely-filed it should be denied because Defendants do not even attempt to "clearly establish a manifest error of law," nor do they present any intervening law or "newly discovered evidence." *Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15 (1st Cir. 2006).[3]

## ARGUMENT

---

[3] Finally, Defendants' claim that a resolution of this motion is necessary because it will impact an ongoing discovery dispute between the parties is without merit. Motion at 1, 4. As Lead Plaintiffs have indicated in connection with the discovery dispute currently before Magistrate Judge Dein, the requested documents are relevant and responsive to allegations in the Complaint that were indisputably sustained. *See* Dkt. 174 & 181. As a result, contrary to Defendants' assertions, this Motion will have no impact on the scope of discovery.

**I.     As Judge Dein Has Already Determined, the August 3, 2011 Opinion Denied the State Street Defendants' Motion to Dismiss In Its Entirety And Did Not Dismiss Any Aspect of Lead Plaintiffs' Complaint**

As discussed above, on August 3, 2011, after considering hundreds of pages of briefing, two days of oral argument, and extensive post-argument submissions, Judge Gertner issued a 71-page opinion and order that expressly **"DENIED"** Defendants' motions to dismiss <u>in their entirety</u>. Opinion at 3, 44, 45, 69 (emphases in original). Judge Gertner did not dismiss any paragraphs from the Complaint, did not dismiss any of the alleged false statements, and did not dismiss any of the claims alleged – indeed, as referenced above, there is not a single line in Judge Gertner's Opinion that reasonably can be interpreted as dismissing any portion of Lead Plaintiffs' Complaint. Nonetheless, in their motion for "clarification," the State Street Defendants ask this Court to hold that Judge Gertner's supposed "silence" meant that she intended to <u>grant</u> their motion to dismiss Lead Plaintiffs' allegations that Defendants violated GAAP in connection with accounting for consolidation of State Street's Conduits.[4] Motion at 3 ("She <u>may</u> have understood that Plaintiffs had abandoned and were no longer pursuing a conduit accounting claim; or she <u>may</u> have overlooked the issue."). This is preposterous.

It is well-established that a court "is not required to delineate every reason for the decisions it makes; it is in the Court's discretion to respond specifically-or-not to arguments made by the parties." *See Devinsky v. Kingsford*, 05 Civ. 2064 (PAC), 2008 WL 2704338, at *3 (S.D.N.Y. July 10, 2008). As the Supreme Court has stated:

---

[4] Defendants characterize the Complaint's GAAP allegations as "claims" in both their June 20, 2012 letter brief and in their Motion. However, allegations that the State Street Defendants' accounting for the conduits violated GAAP by not requiring consolidation prior to May 18, 2009 (¶¶208-219) do not constitute a unique claim, but, rather, are part of the allegations supporting Lead Plaintiffs' Exchange Act claims, and, by natural extension, their Securities Act claims. The Court sustained each of the five claims alleged in the Complaint, and in doing so, directly sustained all of those claims' supporting allegations.

> Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes the word "granted," or "denied" on the face of a motion while relying upon context and the parties' prior arguments to make the reasons clear. The law leaves much, in this respect, to the judge's own professional judgment.

*Rita v. United States*, 551 U.S. 338, 338 (2007). There is no basis to claim that merely because Judge Gertner did not expressly address an argument made by Defendants in their motions to dismiss that Defendants must have <u>prevailed</u> on that argument. The contrary inference – that Judge Gertner rejected the State Street Defendants' arguments when she clearly sustained each claim in the Complaint and denied their motion to dismiss in its entirety – is far more plausible.

This is particularly true here given the plain language of Judge Gertner's Opinion, which makes clear that Defendants motions to dismiss were denied in their entirety. Opinion at 44. ("Defendants' motion to dismiss the Exchange Act claims <u>concerning the conduits and portfolio is **DENIED**</u>.") (bold emphasis in original); *id.* at 69 ("For the foregoing reasons, Defendants' Motions to Dismiss the Securities Action . . . are **DENIED**.") (bold emphasis in original). Moreover, the Court specifically noted the continued existence of Lead Plaintiffs' GAAP allegations:

> The Securities Action Plaintiffs . . . allege that [Defendants] violated the Exchange Act by making false and misleading statements concerning both their FX trading business and the debt securities contained in State Street's investment portfolio and four asset-backed commercial paper conduits. <u>In so doing, Plaintiffs claim, Defendants also violated generally accepted accounting principles ("GAAP")</u>.

*Id.* at 16. The Court also quoted with approval Judge Saris' denial of defendants' similar arguments alleged in the coordinated action *Kenney*, 694 F. Supp. 2d at 79, noting that arguments relating to accounting-related issues were highly fact-specific: "While State Street insists the assets' quality did remain high and the <u>unrealized losses were just an analytical accounting requirement that reflected no true loss in value</u>, this record does not allow the Court

to resolve that disputed fact." Opinion at 38 & n.12. *See also id.* at 7, n.2 ("The financial models 'used to determine when and whether to consolidate their assets and liabilities onto State Street's balance sheet are not well explained,' and it is <u>'unclear whether the continued off-balance sheet treatment of conduits is an overly aggressive accounting gimmick or a prudent investment strategy'</u>.") (quoting *Kenney*, 694 F. Supp. 2d at 76).

Moreover, the Court's rejection of the State Street Defendants' GAAP argument is entirely consistent with prevailing law applied by courts throughout the country, which routinely hold that defendants' fact-based challenges to GAAP allegations are improper on a motion to dismiss. *See Burlington*, 114 F.3d at 1421 (reversing 12(b)(6) dismissal because "it is a factual question whether [the company's] accounting practices were consistent with GAAP"); *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 273 (S.D.N.Y. 2010) (issues of GAAP compliance "cannot be resolved on a motion to dismiss"); *In re Global Crossing Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 338-39 (S.D.N.Y. 2004) (finding sufficiency of allegations of GAAP violations "cannot be determined in advance of development of the record"). *S.E.C. v. Caserta*, 75 F. Supp. 2d 79, 91 (E.D.N.Y. 1999) ("Whether GAAP has been violated is a fact-specific issue.").

For all of these reasons, the State Street Defendants' assertion that Judge Gertner's "silence" should be read as granting a portion of their motion to dismiss is fanciful. Indeed, this is precisely the conclusion that Judge Dein reached when the State Street Defendants raised this argument with her (and did so citing exactly the same cases). *See* June 26 Tr. at 105 ("I <u>can't find on this record that it's been abandoned</u>. I have that Judge Gertner addresses it and I have that she denied a motion to dismiss. So what I, based on what I have is I still have all the allegations of the complaint still being in the case."); *id.* at 113 ("I am finding that based on the

record that I have it has not been waived, okay. That <u>Judge Gertner's order denying the motion to dismiss left intact the issues in the complaint for whatever reason</u>.). *See also* June 27 Order at 3 ("This court has concluded that the <u>plaintiffs' challenge to State Street's accounting relating to consolidation has not been waived</u> based on this court's reading of Judge Gertner's ruling on the motion to dismiss.").[5]

Finally, it is telling that the State Street Defendants do not cite a single case that supports their position. *See* Mot. at 4-5. In each of the five cases cited by Defendants, the district court that decided the motions to dismiss <u>clearly</u> held that certain claims had been abandoned, and noted its reasons for dismissing those claims. For example, in *Adams v. N.Y. State Educ. Dept.*, the district court found that there were "fatal errors" in plaintiffs' briefs responding to defendants' motion to dismiss in which they only "rhetorically touch[ed] upon legal points germane to Plaintiffs' claims." 752 F. Supp. 2d 420, 426 (S.D.N.Y. 2010). Specifically, the plaintiffs failed to address defendants' attacks on their First Amendment claims, and plaintiffs' counsel <u>conceded</u> at oral argument that "the Court could, and should" dismiss those claims. *Id.* at 461 & n. 48. As a result, the district court clearly held that the First Amendment claims were dismissed. *Id.* In *Markert v. PNC Fin. Servs. Grp., Inc.*, in response to defendants' motion to

---

[5] Indeed, the State Street Defendants' contention that Lead Plaintiffs "abandoned" their GAAP allegations in connection with motion to dismiss briefing is clearly wrong. In their opposition to the State Street Defendants' highly fact specific motion to dismiss argument that the timing of State Street's consolidation of the Conduit assets in May 2009 was appropriate under what State Street itself called a "complex accounting judgment" (Dkt. 70 at 42-45), Lead Plaintiffs stated that "Defendants' arguments regarding the Conduits and investment portfolio are as highly fact-based as their arguments about the foreign exchange fraud" (Dkt. 79 at 6). Moreover, as Judge Gertner acknowledged, Lead Plaintiffs directly addressed the facts supporting the accounting allegations that Defendants knew of the declining value of the Conduit assets while publicly touting the high quality of these assets and the low risk of consolidation. *See* Dkt. 79 at 25-29; 46-48; 68-70; 82. It is telling that Defendants did not raise either the GAAP allegations or Lead Plaintiffs' purported "abandonment" of those allegations before Judge Gertner during two days of oral argument, nor did the Court request argument on these issues.

8

dismiss certain state law claims, plaintiffs, rather than oppose that motion, moved for leave to file an amended complaint that omitted those claims.  828 F. Supp. 2d 765, 772-73 (E.D. Pa. 2011).  In its opinion, the district court clearly held that the state law claims were dismissed because of plaintiffs' omission of those claims in its amended complaint.  *Id.* at 773.[6]

## II.     The State Street Defendants' Request That This Court Reconsider and Reverse Judge Gertner's August 3, 2011 Opinion is Baseless and Untimely

The State Street Defendants' motion for "clarification" amounts to nothing more than an impermissible second – and actually third – bite at the apple.  On August 3, 2011, Judge Gertner rejected the argument that Lead Plaintiffs abandoned their GAAP allegations relating to the timing of State Street's consolidation of the Conduit assets.  On June 26, 2012, Judge Dein rejected the argument that Judge Gertner had somehow implicitly dismissed the GAAP allegations.  And now, knowing that there is <u>nothing</u> to "clarify," the State Street Defendants urge the Court to reconsider the Opinion and entertain additional argument on the issue even "if it is unwilling to find that Plaintiffs have abandoned their claims."  Motion at 6-7.  This preposterous and untimely (to say the least) motion for reconsideration (a) was rejected by Judge Dein; (b) is 324 days overdue; and (c) satisfies none of the criteria for a motion for reconsideration.

---

[6] *See also Carvahlo v. Equifax Info. Servs.*, 629 F.3d 876, 888 (9th Cir. 2010) (circuit court, in reviewing a state court's dismissal of consumer action, held that state court was correct in dismissing a claim that was not defended in plaintiff's brief); *Elkins v. Elkins*, Civ. No. 09-582, 2010 WL 2301152, at *4-7 (D. Me. June 7, 2010) (dismissing plaintiff's claims for lack of standing and lack of jurisdiction pursuant to *Rooker-Feldman* doctrine and addressing other Rule 12(b)(6) arguments on their merits, but also holding that any other ancillary claims brought by plaintiff could also be dismissed because she abandoned them in her opposition brief); *Ferdinand-Davenport v. The Children's Guild,* 742 F. Supp. 2d 772, (D. Md. 2010) (holding that plaintiff's discriminatory discharge claim must be dismissed because plaintiff's right to bring suit under Title VII was limited to the charges of discrimination with the EEOC and that charge had never been filed with the EEOC).

Any motion for reconsideration had to be filed no later than August 31, 2011, and Defendants' June 20, 2012 filing – 324 days past that deadline – is not only procedurally improper but unreasonably late.[7] Their motion should be denied for this reason alone. And even if their motion had been timely filed, it would have been rejected out of hand. A motion for reconsideration is proper only if the State Street Defendants can establish that there was "a manifest error of law," can "present newly discovered evidence," or demonstrate that there is an intervening change in the law. *See Marks 3 Zet-Ernst*, 455 F.3d at 15 (quoting *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quotations omitted)). Defendants argue no "manifest error of law," nor could they. Judge Gertner's rejection of their GAAP arguments is entirely consistent with prevailing law. *See, e.g., Burlington*, 114 F.3d at 1421. There has been no intervening change in the law.

Moreover, while Defendants do not and cannot provide any "newly discovered evidence" to support their position, to the extent any new evidence exists, it only strengthens Lead Plaintiffs' claims. As Lead Plaintiffs discussed in their May 30, 2012 motion to compel and in their July 18, 2012 and July 25, 2012 proposals for production, documents produced by State Street's consultant Oliver Wyman, a firm that was engaged by State Street beginning in September 2007 to specifically address State Street's growing concerns over its accounting of the Conduit assets and the risks of consolidation, demonstrate State Street's undisclosed concerns over and monitoring of their accounting of the Conduit assets and consolidation risks. Dkt. 156, Exhibit 1, at 3-4; Dkt. 174, Exhibit 1, at 3 & Exhibit A; Dkt. 181, Ex. 1 (all documents filed under seal).

---

[7] *See* Fed. R. Civ. P. 59(e) (motions for reconsideration must be filed within 28 days); *Standard Quimica De Venezuela v. Central Hispano Intern., Inc.*, 189 F.R.D. 202 (if motion for

**CONCLUSION**

For all of the reasons stated herein, the State Street Defendants' motion for clarification should be denied in its entirety.

Dated: August 9, 2012

LEAD PLAINTIFFS AND THE
PROPOSED CLASS

By their attorneys,

  /s/ John C. Browne
Steven B. Singer
John C. Browne
Lauren A. McMillen
Rebecca E. Boon
**BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP**
1285 Avenue of the Americas
New York, New York 10019
Tel.: (212) 554-1400
Fax: (212) 554-1444
Email: steven@blbglaw.com
Email: johnb@blbglaw.com
Email: lauren@blbglaw.com
Email: rebecca.boon@blbglaw.com

William H. Narwold
**MOTLEY RICE LLC**
One Corporate Center
20 Church Street, 17th Floor
Hartford, Connecticut 06103
Tel.: (860) 882-1676
Fax: (860) 882-1682
Email: bnarwold@motleyrice.com

-and-

James M. Hughes
Badge Humphries
J. Brandon Walker

---

reconsideration is filed past the federal rules deadline, it should not be considered by the court if it was "unreasonably and unjustifiably late").

**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29464
Tel.: (843) 216-9000
Fax: (843) 216-9450
Email: jhughes@motleyrice.com
Email: bhumphries@motleyrice.com
Email: bwalker@motleyrice.com

*Co-Lead Counsel for Lead Plaintiffs and the Proposed Class in the Securities Actions*


Bryan A. Wood
**BERMAN DEVALERIO**
One Liberty Square
Boston, Massachusetts 02109
Tel.: (617) 542-8300
Fax: (617) 542-1194
Email: bwood@bermandevalerio.com

*Liaison Counsel for Plaintiffs and the Proposed Class in the Securities Actions*


Stuart L. Berman
Christopher L. Nelson
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19087
Tel.: (610) 667-7706
Fax: (610 667-7056
sberman@ktmc.com
cnelson@ktmc.com

*Additional Counsel for Plaintiffs in the Securities Actions*


Joshua H. Vinik
John R. S. McFarlane
**MILBERG LLP**
One Pennsylvania Plaza
New York, New York 10119

Tel: (212) 594-5300
Fax: (212) 868-1229
Email: jvinik@milberg.com
Email: jmcfarlane@milberg.com

*Counsel for Plaintiff Miami Beach Employees Retirement Plan*

## CERTIFICATE OF SERVICE

    I, Lauren A. McMillen, hereby certify that on this 9th day of August, 2012, a copy of the foregoing was served by ECF filing to counsel for the parties in the above-captioned action.

                                                      /s/  Lauren A. McMillen