UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILL v. STATE STREET CORPORATION ) | |
| ) | MASTER DOCKET |
| THIS DOCUMENT RELATES ) | NO. 09-12146-GAO |
| TO ALL CLASS ACTIONS ) | |
| _____) | |
| and ) | |
| ) | |
| THOMAS U. KENNEY, on Behalf of ) | |
| Himself and a Class of Persons ) | |
| Similarly Situated, ) | CIVIL ACTION |
| ) | NO. 09-10750-DJC |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| STATE STREET CORPORATION, et al., ) | (filed concurrently in both actions) |
| ) | |
| Defendants. ) | |

**SCHEDULING ORDER AND ORDER
ON OUTSTANDING DISCOVERY ISSUES**

On September 19, 2012, this court held a status conference pursuant to Fed. R. Civ. P. 16(a) and a hearing to address outstanding discovery issues concerning the plaintiffs' ERISA and conduit-related claims. After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

1. With respect to the remaining conduit-related issues described by the plaintiffs in their September 13, 2012 letters to the court (Docket No. 200 in C.A. No. 09-12146-GAO and Docket No. 201 in C.A. No. 09-10750-DJC), this court hereby ORDERS as follows:

    a.    A fair reading of the complaint in the <u>Hill</u> action indicates that the Defendants' allegedly false and misleading statements concerned not only the quality of the assets held by the conduits, but also the risk of consolidation and the potential impact that consolidation would have on the company.  <u>See</u>, <u>e.g.</u>, Consolidated Amended Class Action Complaint (Docket No. 51) ¶¶ 140, 158, 320, 323.  Therefore, the State Street Defendants' document production shall include documents relating to the likelihood of consolidation.

    b.    The State Street Defendants shall run the term "consolidate" in the form or forms proposed by the plaintiffs, and shall produce any relevant documents.

    c.    The State Street Defendants shall review the five Oliver Wyman engagements described by the plaintiffs at the hearing and listed in Exhibit A to the plaintiffs' July 18, 2012 letter to the court.  The Defendants shall produce the documents or provide the plaintiffs with a brief explanation as to why the engagement is not relevant to this action.

    d.    The State Street Defendants have agreed to use the search terms proposed by Kenney.  Accordingly, the issues raised in Kenney's September 13, 2012 letter to the court have been resolved.

2.    With respect to the ERISA-related issues described by the plaintiffs in paragraphs I through III of their September 19, 2012 memorandum, this court hereby ORDERS as follows:

    a.    As indicated in the plaintiffs' memorandum, the discovery requests identified in paragraph I have been resolved and need not be addressed further.

    b.    The ERISA Defendants shall produce documents sufficient to show holdings, purchases, and sales of Company stock by the individual ERISA Defendants outside of the Plan during the relevant time period.  In light of the representations made by the Defendants at the hearing, the remaining issues identified in paragraph II of the plaintiffs' memorandum are no longer in dispute and need not be addressed further.

    c.    The issues identified in paragraph III.B.1 of the plaintiffs' memorandum are no longer in dispute and need not be addressed further.

    d.    With respect to the requests described in paragraph III.B.2, the Defendants are not required to produce documents beyond those responsive to the requests identified in paragraph III.B.1 relating to Plan fiduciaries.

    e.    With respect to the plaintiffs' request for documents identified in paragraph III.B.3 of their memorandum, the plaintiffs shall select one of the following options: (1) the plaintiffs shall use the meeting materials to identify ten (10) discrete events of interest such as the addition, deletion, modification, or analysis of Plan options, and the Defendants will search the time period surrounding the event for emails discussing it; or (2) if, after reviewing the meeting materials, the plaintiffs identify an addition or removal of a Plan investment option that they believe in good faith to be relevant, the Defendants will conduct a targeted search for communications discussing that event.

    f.    Based on the representations made by the Defendants at the hearing, there is no longer a dispute regarding the requests described in paragraph III.B.4 of the plaintiffs' memorandum. Accordingly, those issues do not need to be addressed further.

    g.    The Defendants are not required to produce documents reflecting communications with Watson Wyatt beyond those that will be produced as responsive to other searches.

    h.    The parties shall attempt to reach agreement as to which additional custodians' emails should be searched and the time period to be covered. If the parties are unable to reach an agreement, they shall address any remaining issues at the hearing described in paragraph 3 below.

3.    Any remaining dispute regarding the ERISA-specific custodians shall be addressed at a hearing, which shall take place on **October 11, 2012 at 11:00 a.m.** in

Courtroom #15 on the 5th floor.  The parties shall notify the court prior to the hearing if they have reached agreement on some or all of the outstanding issues.

4. The next status conference shall take place on **November 14, 2012 at 2:30 p.m.** in Courtroom #15 on the 5th floor.  At the conference, the parties shall be prepared to discuss any additional discovery disputes.  All written materials regarding any such disputes, as well as a joint proposed agenda for the conference, shall be filed with the court no later than five (5) business days before the conference.

       / s / Judith Gail Dein
       Judith Gail Dein
       United States Magistrate Judge

DATED: September 20, 2012