# EXHIBIT A

**Lauren McMillen**

| | |
|---|---|
| **From:** | Prendergast, James <James.Prendergast@wilmerhale.com> |
| **Sent:** | Wednesday, February 29, 2012 1:58 PM |
| **To:** | John Browne; Lauren McMillen; Michelle Blauner; Robert Ditzion; Narwold, Bill; Humphries, Badge; mlevine@ssbny.com |
| **Cc:** | Butts, John; Paine, William; Perla, Timothy |
| **Subject:** | RE: Hill v. State Street |
| **Attachments:** | Search Terms for Production of CA FX Materials_(93438288)_(1).doc |

Dear Counsel:

Following-up on our meet and confer last week regarding the possible production of documents produced in the action entitled *People of the State of California v. State Street Corporation, et al.*, Index No. 34-2008-00008457 (Cal. Super. Ct.) (the "CA FX Litigation"), we have had further discussions on our side and are prepared to offer the following:

1. Any production of materials and any provision of search terms from the CA FX Litigation would only be an accommodation on the part of the State Street Defendants for the sake of efficiency and compromise in the present action. The State Street Defendants reserve all objections that they may have to any of plaintiffs' pending or future discovery requests. Plaintiffs agree not cite the production of any of these materials as a concession on the part of any defendant that a document produced in connection with this offer was of a type that was relevant or otherwise not objectionable or that a search term was appropriate.

2. The State Street Defendants would make the proposed production of CA FX Litigation materials solely as a compromise to address the issues intended to be raised in plaintiffs' proposed letter request to Magistrate Dein, which is otherwise due on March 9, 2012. If plaintiffs accept the proposed production, they will inform Magistrate Dein that they are withdrawing their proposed request in its entirety. Plaintiffs, however, reserve all of their rights in the context of their pending or future discovery requests to seek CA FX Litigation materials not produced as part of this offer, and the State Street Defendants likewise reserve the right to assert any and all objections that may be appropriate to such discovery requests.

3. After further review of the search terms used in the CA FX litigation, the State Street Defendants continue to believe that they are far too overbroad and capture documents neither relevant nor likely to lead to the discovery of admissible evidence in this action. Therefore, the State Street Defendants are not prepared to use those search terms in this case or share those terms. The State Street Defendants will, however, produce those electronic documents identified by running the "proposed" search terms attached hereto, together with other search terms that the plaintiffs may propose and on which the parties mutually agree. For avoidance of any doubt, the State Street Defendants believe that even these the proposed search terms are overbroad and capture materials that are neither relevant nor likely to lead to the discovery of admissible evidence in this action, particularly as they would, as written, identify documents related exclusively to direct FX issues. Nonetheless, the State Street Defendants are willing to produce those document identified by these search terms as a good faith accommodation to make progress on document production in this matter.

4. It is the position of the State Street Defendants that only documents and information produced in the CA FX Litigation and generated between May 1, 2006 and October 20,

1

2009, which encompasses the period of alleged inflation in State Street's stock price (the "Relevant FX Time Period") are reasonably likely to concern the conduct for the period of inflation specified in the relevant complaints.  Accordingly, the documents to be produced in connection with this offer will only encompass this Relevant FX Time Period.  Plaintiffs, however, reserve the right to argue in the context of their pending and future discovery requests that a different time period is appropriate.

5. The State Street Defendants will, with the exception noted below, produce in .tiff format all of the hardcopy documents collected, scanned, and produced in the CA FX litigation. Again, the State Street Defendants believe that many of these documents are neither relevant nor likely to lead to the discovery of admissible evidence in this action.  Nonetheless, the State Street Defendants are willing to produce these document as a good faith accommodation to make progress on document production in this matter.

6. In connection with the proposed production, the State Street Defendants will exclude the following: (1) from electronically-maintained documents produced in the CA FX litigation, those documents identified by the proposed search terms that State Street has identified and coded through manual review as solely "performance-related," and (2) from both the electronically-maintained and hardcopy documents produced in the CA FX Litigation, those request for proposal materials related to custody clients other than CALPERS and CALSTERS.  It is the position of the State Street Defendants that such materials are neither relevant nor likely to lead to the discovery of admissible evidence in this action.

7. From the electronic trade data produced in the CA FX litigation, the State Street Defendants will produce that trade data related to indirect FX trades by CALPERS and CALSTERS.

8. To avoid the delay in reviewing the documents to assess them for the appropriate designation under the parties' Protective Order, the parties agree that all documents produced in connection with this offer shall be deemed "Confidential Discovery Material."  In addition, Plaintiffs agree that all CA FX Litigation documents produced shall remain "attorneys-eyes-only" until such time as the parties' agree to an amendment to the pending protective order to address the disclosure of the identity of experts and a process for objection to the provision of materials to such experts, or until such issue is raised and addressed by the Court.

At your convenience, please let us know if the foregoing is acceptable, or if you would prefer to proceed with your proposed letter request.  In response to any such request, we will maintain our previously-sustained position that the wholesale production of the CA FX Litigation material is not warranted on the grounds that it would be overbroad and encompass materials that are neither relevant nor likely to lead to the discovery of admissible evidence, and that any production of such materials should be done in the context of plaintiffs' specific formal document requests to the extent such requests are not objectionable after an appropriate opportunity to meet and confer and, if the parties cannot agree, sustained by the Court.

Thanks (and please forward this email to anyone else on your team who should receive a copy).

Jim P.

**James W. Prendergast | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6181 (t)

2

+1 617 526 5000 (f)
james.prendergast@wilmerhale.com

Please consider the environment before printing this email.

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Michelle Blauner [mailto:MBLAUNER@shulaw.com]
**Sent:** Thursday, February 23, 2012 12:25 PM
**To:** Prendergast, James; Butts, John
**Cc:** johnb@blbglaw.com; Lauren McMillen; Narwold, Bill; Humphries, Badge; Robert Ditzion
**Subject:** RE: Hill v. State Street

The sooner the better since our letter submission is due on 3/9. Is there any reason why you can't give us the search terms that you propose now even if you can't agree to give us the search terms you propose to exclude now?

Michelle H. Blauner
617-439-3939
mblauner@shulaw.com
www.shulaw.com

**From:** Prendergast, James [mailto:James.Prendergast@wilmerhale.com]
**Sent:** Thursday, February 23, 2012 12:21 PM
**To:** Michelle Blauner; Butts, John
**Cc:** johnb@blbglaw.com; Lauren McMillen; Narwold, Bill; Humphries, Badge; Robert Ditzion
**Subject:** RE: Hill v. State Street

Michelle:

We need to speak with our client. However, after our call the other day, I learned that he is out until next week. We will get back to you as soon as possible.

Jim

**James W. Prendergast | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6181 (t)
+1 617 526 5000 (f)
james.prendergast@wilmerhale.com

Please consider the environment before printing this email.

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Michelle Blauner [mailto:MBLAUNER@shulaw.com]
**Sent:** Thursday, February 23, 2012 9:24 AM
**To:** Prendergast, James; Butts, John

3

**Cc:** johnb@blbglaw.com; Lauren McMillen; Narwold, Bill; Humphries, Badge; Robert Ditzion
**Subject:** RE: Hill v. State Street

Jim,

Following up on our call earlier this week, when can we expect to see the list of the search terms that you propose for the California Qui Tam Action, as well as (we hope) the list the search terms that you propose to exclude?

Michelle

Michelle H. Blauner
617-439-3939
mblauner@shulaw.com
www.shulaw.com

---

**From:** Prendergast, James [mailto:James.Prendergast@wilmerhale.com]
**Sent:** Thursday, February 16, 2012 9:28 AM
**To:** Michelle Blauner; Butts, John
**Cc:** johnb@blbglaw.com; Lauren McMillen; Narwold, Bill; Humphries, Badge; Robert Ditzion
**Subject:** RE: Hill v. State Street

Michelle:

That works.  We can use the following call-in number:

Conference Number: 800-227-6333
7-Digit Access Code: 7136181

Thanks.

Jim P.

**James W. Prendergast | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6181 (t)
+1 617 526 5000 (f)
james.prendergast@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Michelle Blauner [mailto:MBLAUNER@shulaw.com]
**Sent:** Wednesday, February 15, 2012 5:52 PM
**To:** Prendergast, James; Butts, John
**Cc:** johnb@blbglaw.com; Lauren McMillen; Narwold, Bill; Humphries, Badge; Robert Ditzion
**Subject:** Hill v. State Street

4

Jim and John,

Under the court's order, Plaintiffs' Counsel needs to confer with State Street's counsel regarding the California Qui Tam documents no later than February 22, 2012. We are available to talk on February 21, 2012, at 1:00 p.m. Will that date and time work for you?

Michelle

Michelle H. Blauner
**SHAPIRO HABER & URMY LLP**
53 State Street, Boston, MA 02109
Tel: 617-439-3939 | Fax: 617-439-0134
mblauner@shulaw.com
www.shulaw.com

CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Shapiro Haber & Urmy LLP, which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the addressee(s). If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

## *Hill v. State Street*

### Proposed Search Terms To Be Used

1) (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR) **NEAR** [i.e., within 50 words]

   a) ((prevail /5 rate) (prevailing/ 5 rate))

   b) (spread spreads)

   c) overchar+

   d) underpay+

   e) (price+ pricing)

   f) rate+

   g) (fee+ cost+ charge+)

   h) (Interbank (inter /3 bank) Bloomberg reuters EBS)

   i) (markup+ (mark /3 up) (mark /3 ups) markdown+ (mark /3 down) (mark /3 downs))

   j) (audit+ review+ analys+ test+ stud+)

   k) (RFP+ (request /3 proposal) (request /3 proposals))

   l) margin+

   m) transparen+

   n) round+

   o) consultant+

   p) (dumb smart) /3 client+

   q) "investment manager guide"

2) (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR) /20 (control+ monitor+ oversight)

3) (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR) /15 (performance efficien+ quality competit+ visibility)

4) (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR) /10 (policy policies procedure+)

5) (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR) /5 (operation+ process+)

6) (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR) /10 (agreement contract understand+)

7) (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR) /10 (optimiz+)

8) (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR) /5 options

9) mercer rcm (record+ & currenc+ & Management) & (fx (foreign /3 exchange) (foreign /10 currency) CFX forex repatriat+ AIR)

10) (Kohlberg "Chatham Partners") & (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR)

11) (Moms Oms "Order Management System" WSS "Wall Street System" "Multi-Currency Horizon System" MCH) & (manual+ guide+ specification+ instruction+)

12) (Moms Oms "Order Management System" WSS "Wall Street System" "Multi-Currency Horizon System" MCH) /15 (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR)

13) Russell AND AND (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR)

14) Genesis AND (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR)

15) Pyrford AND (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR)

16) (profit+ revenue loss+) & (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR)

17) ((Basis /3 point) (Basis /3 points) BP+) & (fx (foreign /3 exchange) (foreign /3 currency) CFX forex repatriat+ AIR)

ACTIVEUS 93438288v1