**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

HILL v. STATE STREET CORPORATION

Master Docket No. 1:09-cv-12146

THIS DOCUMENT RELATES TO ALL CLASS ACTIONS

THOMAS U. KENNEY, on Behalf of Himself and A Class of Persons Similarly Situated

Plaintiff,

v.

STATE STREET CORPORATION, et al.

Civil Action
No. 09-10750-DJC

**Joint Status Report in Advance of the March 11, 2013 Hearing**

Pursuant to the Court's February 11, 2013 Order (Master Dkt. No. 256), the parties in the above-captioned cases submit this Joint Status Report in Advance of the March 11, 2013 Hearing. As ordered by the Court, the parties describe below the progress of the meet and confer process regarding discovery and the issues they expect to address at the March 11, 2013 hearing.

## A. Status of Discovery

The parties have been working diligently and have continuously exchanged information and proposals to resolve outstanding discovery disputes since the last hearing on February 11, 2013. They have made significant progress and resolved many issues, including reaching an agreement on the SSGM custodians. The following outstanding issues remain:

- Plaintiffs believe that a full discovery schedule should be entered in this case, including a definitive cutoff date for substantial completion of document production. Defendants believe that it is premature to set a schedule at this time because, among other reasons, the scope of document discovery will be materially affected by unresolved differences with regard to SSGM search terms. For example, Defendants' proposal captured in excess of 1 million additional documents. Plaintiffs' last proposal captured in excess of 2 million additional documents, but they are preparing a new search term proposal for circulation on Tuesday, March 5.
- The *Hill* and *Kenney* plaintiffs have noticed depositions directed to the conduit issues in those cases. Plaintiffs believe that these depositions can and should proceed without the need for the substantial completion of document production. Defendants believe that *Hill* and *Kenney* notices were procedurally improper under the Court's orders, specifically the Court's order of November 9, 2011 and statements at the hearing that preceded it, and that depositions are premature in light of the ongoing document review and production.
- Defendants have agreed to produce a sample of custodial contract materials and FX revenue reports, provided that they can do so without violating banking secrecy and privacy laws, breaching contractual obligations to customers, or threatening a sensitive relationship by offending a customer's privacy expectations. Defendants are evaluating these issues, and hope to reach closure soon. Some of these materials may need to be withheld or redacted. Plaintiffs believe that Defendants' position is inconsistent with their earlier agreement to produce certain of these materials by last week; that Defendants' delays and proposed redactions are unjustifiable; and that the

documents should be produced without delay because, among other reasons, there is a protective order in place in these actions.

- The parties are generally in disagreement over whether redactions in any otherwise relevant and responsive FX documents are appropriate on grounds other than privilege. Plaintiffs believe that no such redactions are appropriate. Defendants have stated that they may make such redactions, including on confidentiality and business relationship grounds, and have committed to meet and confer with Plaintiffs if they have concerns about particular documents.
- The parties remain in disagreement, but continue to negotiate, over the search terms to be applied to FX custodians.
- The parties have also commenced preliminary discussions concerning documents produced by Defendants to regulators, with each side reserving its rights.

**B. Proposed Agenda for the March 11, 2013 Hearing**

1. Resolving the dispute regarding when to enter a discovery schedule. Plaintiffs' position is that the Court should enter a full discovery schedule in the case, including a scheduled cutoff date for the substantial completion of document production. Defendants' position is that it is premature to set a schedule until the SSGM search term issue is resolved. A reasonable schedule should be tailored to the scope of discovery and, as of the parties' last proposals, there was a divide of more than 1 million documents.

2. Resolving the propriety and timing of the conduit depositions noticed by Plaintiffs.

3. Resolving the withholding and redaction of the materials discussed above.

4. Updating the Court on the issue of FX documents that Defendants have produced to regulators.

5. Updating the Court regarding Plaintiffs' efforts to obtain discovery from Oliver Wyman.

6. Scheduling of future conferences with the Court.

**Conclusion**

The parties believe that this Joint Status Report fully describes the current posture of the outstanding discovery disputes in these cases.

Dated: March 4, 2013

Respectfully submitted by the Plaintiffs,

| **PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI AND UNION ASSET MANAGEMENT HOLDING AG**<br><br>By their attorneys,<br><br>*/s/ Rebecca E. Boon*<br>John C. Browne (Admitted Pro Hac Vice)<br>Jeremy P. Robinson (Admitted Pro Hac Vice)<br>Rebecca E. Boon (Admitted Pro Hac Vice)<br>**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>1285 Avenue of the Americas, 38th Floor<br>New York, New York 10019<br>Tel.: (212) 554-1400<br>Fax.: (212) 501-0300<br>Email: johnb@blbglaw.com<br><br>**MOTLEY RICE LLC**<br>William H. Narwold (Admitted Pro Hac Vice)<br>James M. Hughes (Admitted Pro Hac Vice)<br>Rebecca M. Katz (Admitted Pro Hac Vice) | **CASEY J. RICHARD**<br><br>By his attorneys,<br><br>*/s/ Michelle H. Blauner*<br>Thomas G. Shapiro BBO # 454680<br>Michelle H. Blauner BBO # 549049<br>Robert E. Ditzion BBO #660962<br>**SHAPIRO HABER & URMY LLP**<br>53 State Street<br>Boston, MA 02109<br>Telephone: (617) 439 - 3939<br>Facsimile: (617) 439 - 0134<br>tshapiro@shulaw.com<br>mblauner@shulaw.com<br><br>VITA LAW OFFICES P.C.<br>Richard Vita BBO # 510260<br>77 Franklin Street<br>Boston, MA 02109<br>(617) 426 - 6566<br>rjv@vitalaw.com |
|---|---|

Badge Humphries (Admitted Pro Hac Vice)
William S. Norton (Admitted Pro Hac Vice)
Christopher F. Moriarty (Admitted Pro Hac Vice)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel.: (843) 216-9000
Fax: (843) 216-9450

*Co-Lead Counsel for Lead Plaintiffs and the Proposed Class in the Securities Actions*

**BERMAN DEVALERIO**
Bryan A. Wood (BBO#648414)
One Liberty Square
Boston, MA 02109
Tel.: (617) 542-8300
Fax: (617) 542-1194
Email: ppease@bermandevalerio.com

*Liaison Counsel for Plaintiffs*

**THOMAS U. KENNEY**

By his attorneys,

/s/ *Mark Levine*____________________

**STULL, STULL & BRODY**
Mark Levine
mlevine@ssbny.com
Patrick Slyne
pkslyne@ssbny.com
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

*Counsel for Plaintiff Kenney*

Respectfully submitted by the Defendants,

| **STATE STREET DEFENDANTS,**<br><br>By their attorneys,<br><br>*/s/ John J. Butts*<br>Jeffrey B. Rudman (BBO No. 433380)<br>William H. Paine (BBO No. 550506)<br>James W. Prendergast (BBO No. 553073)<br>John J. Butts (BBO No. 643201)<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br>jeffrey.rudman@wilmerhale.com<br>william.paine@wilmerhale.com<br>james.prendergast@wilmerhale.com<br>john.butts@wilmerhale.com | |
|---|---|

**CERTIFICATE OF SERVICE**

I, John J. Butts, hereby certify that this document filed through the ECF system in the Kenney and the Hill Action will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) dated March 4, 2013.

*/s/ John J. Butts*
John J. Butts