IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILL v. STATE STREET CORPORATION | |
| | MASTER DOCKET |
| THIS DOCUMENT RELATES | NO. 09-12146-GAO |
| TO THE SECURITIES ACTIONS | |
| | **LEAVE TO FILE GRANTED** |
| DOCKET NO. 09-12146-GAO | **ON MARCH 12, 2013** |

## REPLY IN SUPPORT OF STATE STREET DEFENDANTS' MOTION FOR CLARIFICATION

Plaintiffs' opposition confirms their abandonment of all claims and theories that Generally Accepted Accounting Principles ("GAAP") required State Street to consolidate the conduits' financial statements onto State Street's own before State Street did so in May 2009. Indeed, to this day, Plaintiffs have never offered *any* substantive response to State Street's showing that Plaintiffs' allegations are premised on a fundamental misapprehension of GAAP. Judge Gertner did not mention Plaintiffs' conduit accounting allegations in her opinion. Plaintiffs are therefore forced to argue that she "implicitly" found those allegations sufficient. But nothing in Judge Gertner's opinion suggests she made any such finding. To the contrary, given that Plaintiffs did not respond in their opposition to Defendants' showing that their accounting allegations were wrong, and did not respond at argument to Defendants' observation in their reply that Plaintiffs had abandoned the claim, the better inference is that Judge Gertner understood that the parties were in agreement that these allegations did not state a claim.

The Court should therefore hold that Plaintiffs have abandoned those claims, or in the alternative, rule on their sufficiency.

**I.      Plaintiffs Abandoned Their Conduit Accounting Claims By Remaining Silent in the Face of Defendants' Showing That Those Claims Were Premised on Fundamental Misapprehension of GAAP.**

Plaintiffs do not dispute, nor can they, that silence in the face of a motion to dismiss constitutes the abandonment of the claims or theories at issue.  *See* Mem. In Support of State Street Defendants' Motion for Clarification ("Opening Br.") at 4-5 (citing cases).[1] Plaintiffs also make no genuine attempt to argue that they actually responded to Defendants' motion to dismiss the conduit accounting claim.  In that regard, Plaintiffs bury their only reference to their opposition to Defendants' motion in *a footnote* .  Mem. In Opp'n to Mot. for Clarification ("Opp'n Br.") at 8 n.5.  The passages cited in that footnote, however, say *nothing* about GAAP or whether the relevant standards obligated State Street to consolidate the conduits' financial statements any sooner than it did.  *See id.* (citing Pls.' Opp'n to Mot. to Dismiss (Dkt. No. 79) at 6, 25-29, 46-48, 68-70, 82).[2]  Thus, Plaintiffs' opposition to this motion demonstrates that the elements of abandonment (*i.e.,* argument by one side and no response by other) are met.

Plaintiffs' only response is to cling to the notion that Judge Gertner "implicitly" (whatever that means) rejected Defendants' arguments because, according to Plaintiffs, "arguments based on the proper application of GAAP are inherently fact-based and unsuited for resolution on a motion to dismiss."  Opp'n Br. at 3.  In fact, it is not the case that arguments based on GAAP cannot be resolved on a motion to dismiss.  *See, e.g., Greebel v. FTP Software,*

---

[1]     Plaintiffs unsuccessfully attempt to distinguish these cases by distorting dicta.  In fact, each case applied the well-established rule that silence in the face of a motion to dismiss is abandonment.  *See, e.g.*, *Adams v. N.Y. State Educ. Dept.*, 752 F. Supp. 2d 420, 426, 461 & n.48 (S.D.N.Y. 2010) (noting plaintiffs' concessions during oral argument, but holding that the silence in plaintiffs' brief on the motion to dismiss was grounds for finding abandonment); *Markert v. PNC Fin. Servs. Grp., Inc.*, 828 F. Supp. 2d 765, 773 (E.D. Pa. 2011) (holding that "[w]here an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the uncontested issue").

[2]     Contrary to Plaintiffs' assertion in that footnote, Defendants raised Plaintiffs' failing at the motion to dismiss hearing:  "Whether we would ever have to take the unrealized loss onto our books is a matter of accounting rigmarole called primary beneficiary.  I'm not sure the plaintiffs still contend, if they ever contended, that if we didn't disclose the risk that we might have to take it onto our books.  I don't think they say we failed to take it onto our books." Feb. 16, 2011 Hearing Tr. (Dkt. 94) at 8:2-11.  Plaintiffs said nothing in response.

*Inc.*, 194 F.3d 185, 204-05, 207 (1st Cir. 1999) (affirming dismissal of claims including allegation that defendant "violated GAAP"); *In re Peritus Software Services, Inc. Secs. Litig.*, 52 F. Supp. 2d 211, 223-25, 231 (D. Mass. 1999) (dismissing complaint that alleged defendant "repeatedly violated GAAP").[3]  Moreover, if that was Judge Gertner's conclusion, she would have said so.[4]

Contrary to Plaintiffs' assertions, three stray references to "accounting" or "GAAP" in Judge Gertner's opinion do not support the existence of any "implicit" finding that Plaintiffs' conduit accounting allegations were sufficient.  *See* Opp'n Br. at 6-7.  For example, the GAAP reference does not mention the timing of consolidation, let alone any allegations that State Street should have consolidated the conduits sooner.  *See* MTD Decision at 16.  Judge Gertner's two citations to Judge Saris's decision in *Kenney* likewise do not support the existence of any "implicit" ruling.  Judge Gertner addressed a Complaint that is different from the one Judge Saris addressed; and the one Judge Saris addressed did not include any of the accounting allegations in the complaint Judge Gertner addressed.  *Compare* Compl. ¶¶ 208-219, *with* No. 09-10750, Dkt. 9 (*Kenney* complaint addressed by Judge Saris).  Indeed, Mr. Kenney, after substantial discovery, has renounced any claim that GAAP required State Street to consolidate the conduits sooner.

---

[3] Each of the contrary cases Plaintiffs cite differs significantly from the circumstances here because the plaintiffs there responded to the defendants' substantive arguments. *See, e.g., In re Ambac Fin. Grp., Inc. Sec. Litig., Pls.' Opp'n to Mot. to Dismiss,* 2009 WL 3191764 (containing section entitled "Ambac's Mark-to-Market Write-Downs Violated GAAP"); *In re Global Crossing, Ltd., Secs. Litig.*, *Pls. Opp'n to Mots. To Dismiss*, 2003 WL 22319034 (containing section entitled "Global Crossing Created the Appearance of Earnings Growth by Violating GAAP"); *S.E.C. v. Caserta*, 75 F. Supp. 2d 79, 91 (E.D.N.Y. 1999) (SEC introduced expert testimony that company violated GAAP).  Also, the Third Circuit's ruling in *In re Burlington Coat Factory Securities Litigation* is inapposite:  not only was it decided under Rule 12(b)(6) well-before *Twombly* and *Iqbal*, but the Court noted that "[t]he issue [in that case was] *not* whether there was a deviation from any set of formal accounting practices . . . ." 114 F.3d 1410 at 1422 n.11 (3d Cir. 1997) (emphasis added).  Here, there are clear GAAP standards that speak to this issue.

[4] Plaintiffs' Opposition also does not respond to the substantive arguments concerning the conduit accounting claim that Defendants cited from their motion to dismiss papers.  Thus, after two opposition briefs and a two-day motion to dismiss hearing, Defendants' showing that Plaintiffs' conduit accounting claims were fatally flawed remains unrebutted.

*See* Letter to Judge Dein (July 20, 2012), No. 09-10750, Dkt. 190 at 5 ("The timing of the Consolidation itself is not in dispute in the [operative] Kenney Complaint.").

Plaintiffs fare no better arguing that it wasn't necessary for Judge Gertner to address all arguments. Although that is true, the argument cuts against Plaintiffs. It is far more likely that Judge Gertner concluded that Plaintiffs abandoned these claims —indeed, Plaintiffs did not deny Defendants' assertion that they were abandoned—than it is that she reached a nuanced conclusion. Furthermore, as even the cases Plaintiffs cite make clear, a summary allowance or denial "'rel[ies] *upon context and the parties' prior arguments* to make the reasons [for the decision] clear.'" Opp'n Br. at 6 (quoting *Rita v. United States*, 551 U.S. 338, 338 (2007)). Here, there is *no* "context" in Judge Gertner's opinion that would support any conclusion about the sufficiency of Plaintiffs' allegations about the timing of consolidation, and Plaintiffs made *no* "prior arguments" to that effect.

Plaintiffs also overstate the views Judge Dein expressed on abandonment. While Judge Dein did not enter the order Defendants sought, she suggested State Street file this motion. *See* June 26, 2012 Tr. 105:10-20 ("[I]f you want to file a motion that deals with whether or not it's been abandoned, . . . [i]f you want to review a motion to dismiss on a different ground you can do that, all right, and Judge O'Toole will either refer it to me or he can decide it on his own."); *id.* at 113:9-11 ("[Y]ou can . . . decide to further pursue a motion to dismiss or a ruling that the motion is, that the issues have been waived."). In any event, since this is an issue of law, to the extent Judge Dein made a decision, it receives *de novo* review. *See, e.g.*, *Lincoln Nat'l Life Ins. Co. v. Prodromidis*, 862 F. Supp. 10, 11 (D. Mass. 1994) (in evaluating determination of magistrate judge, "questions of law are reviewed *de novo*").

Plaintiffs' argument that it is inefficient for the Court to decide this issue because it will not affect the scope of discovery is both incorrect and beside the point:  if a claim is not sustainable, or has been abandoned, then it simply should not be part of the case.  *See* Fed. R. Civ. P. Rule 12(b)(6) (mandatory dismissal of unsustainable claims without regard for discovery efficiencies).  The fact is that Judge Dein has already significantly limited the scope of discovery on conduit accounting related issues until this Court rules on the motion for clarification.  *See* August 8, 2012 Order on Plaintiffs' Motions to Compel, Dkt. 189 at 2 (ordering State Street to produce some documents regarding conduit accounting, but largely denying Plaintiffs' motions to compel production of numerous categories of documents relating to conduit consolidation).  That decision was plainly an appropriate exercise of discretion because many of Plaintiffs' discovery requests related solely to these abandoned claims, *e.g.*, RFP #123 ("all documents concerning FIN46(R)"—the standard that governs consolidation); RFP #125 ("all documents concerning any stress or sensitivity analyses with respect to any FIN 46(R) review"); RFP #132(d) ("all documents concerning E&Y's review or audit of . . . the consolidation or (non-consolidation) of the Conduits"); RFP #145 ("all documents concerning State Street's compliance with its accounting policies, practices, or procedures [and] with GAAP").

## II.     Plaintiffs' Arguments as to the Timeliness of This Motion Are Predicated on a Misapplication of the Federal Rules of Civil Procedure.

Plaintiffs' argument as to the timeliness of this motion is also incorrect.  It is based entirely on Fed. R. Civ. P. 59(e), which pertains only to "a motion to alter or amend a judgment."  As is clear from First Circuit cases cited in Plaintiffs' opposition, judgment under Rule 59(e) is an "order from which an appeal lies."  *See Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 (1st Cir. 2005) (interpreting "judgment" in Rule 59(e) in accordance with the

definition in Rule 54(a) as an order that can be appealed); *Marks 3 Zet-Ernst Marks GmbH & Co. v. Presstek, Inc.*, 455 F.3d 7, 8 (1st Cir. 2006) (ruling on a motion to reconsider lower court's dismissal of petition for arbitration).  There can be no doubt that judgment has not entered in this case.

Furthermore, Plaintiffs' arguments are inevitably moot because, at the very least, this issue is ripe to be heard as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).

## CONCLUSION

For these reasons and for the reasons in the opening brief, the State Street Defendants respectfully request that the Court find that Plaintiffs have abandoned their claims regarding conduit accounting, or in the alternative, rule on State Street's motion to dismiss this claim on the basis of the briefing submitted on Defendants' Motions to Dismiss.

STATE STREET DEFENDANTS

By their attorneys,

*/s/ John J. Butts*
Jeffrey B. Rudman (BBO No. 433380)
William H. Paine (BBO No. 550506)
James W. Prendergast (BBO No. 553073)
John J. Butts (BBO No. 643201)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
jeffrey.rudman@wilmerhale.com
william.paine@wilmerhale.com
james.prendergast@wilmerhale.com
Dated: March 12, 2013         john.butts@wilmerhale.com

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that a copy of the foregoing was served via email to the registered participants of the ECF system in the above-captioned matters on March 12, 2013.

                                              */s/ John J. Butts*
                                              John J. Butts