IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILL v. STATE STREET CORPORATION | ) <br> ) <br> )    MASTER DOCKET <br> )    NO. 09-12146-GAO <br> ) <br> ) |
| THIS DOCUMENT RELATES TO <br> ALL CLASS ACTIONS | |

### REPLY AFFIDAVIT OF ALFRED FRANÇOIS BRAUSCH

I, Alfred François Brausch, upon being duly sworn, do hereby testify under oath as to the following:

1. My name is Alfred François Brausch. I am over the age of eighteen and make this affidavit upon my personal knowledge.

2. For the last twenty-eight years, I have been an attorney licensed to practice in the Grand Duchy of Luxembourg. I am currently a partner of Linklaters LLP and work in Linklaters's Luxembourg office. My practice specializes in investment funds and investment management law, banking and financial regulations, custody and settlement.

3. I am familiar with the laws of Luxembourg, and in particular, with the laws applying to the financial institutions and professionals that operate in Luxembourg.

4. I previously submitted an affidavit in this action, which was dated March 25, 2013.

5. I have reviewed Plaintiffs' opposition to State Street's motion for a protective order. As explained in further detail below, I disagree with the assertions Plaintiffs made about Luxembourg law.

6. Plaintiffs took issue with paragraph 9 of my March 25 affidavit, which states:

> I have been informed that there are three types of information at issue in this motion, (i) customer contracts for custodial banking relationships, (ii) requests for proposal for such relationships, and (iii) estimates of State Street's custodial foreign exchange revenue that identify customers of State Street Bank Luxembourg and provide client trading data such as trading volume and pricing information. In my opinion, each of these types of information falls within Article 41 and the obligation of professional secrecy.

7. More particularly, Plaintiffs were critical of my opinion because it referred to types of documents rather than particular documents. I do not consider that level of review necessary because of how broadly Luxembourg's obligation of professional secrecy extends to

information about customers of Luxembourg banks.

8. Article 41(1) of the law of the 5th of April 1993 relating to the financial sector applies to "any information confided [to a Luxembourg bank and its professionals] in the context of their professional activities." *See* Ex. A to first Affidavit. Contrary to Plaintiffs' suggestion, the term "confided" does not have special meaning such that it applies only to information that is otherwise secret. It applies much more broadly. Customer names, customer trading data, the commercial terms of the customer's relationship with the bank, and information exchanged with a potential customer in the context of forming a relationship such as responses to requests for proposal, all fall well within the duty of secrecy (See D. Spielmann, *Le secret bancaire et l'entraide judiciaire internationale pénale*, Larcier, 2007, p.25; A. Schmitt and E. Omes, *La responsabilité du banquier en droit bancaire privé luxembourgeois*, Larcier, 2006, p. 66). I can therefore confirm my conclusion that the documents and information I referred to in my first affidavit are subject to Article 41.

9. Although the Plaintiffs' claim otherwise in their opposition, none of Article 41's exceptions apply to the circumstances here.

    a. The exception in Article 41(2), which allows disclosure where it is authorized or required by a "legislative provision," does not apply here. That exception applies only to *Luxembourg's* legislative provisions (*See* M. Elvinger, "Les conflits entre l'obligation au secret bancaire institué par la loi luxembourgeoise et l'obligation de declaration imposée par une loi étrangère", *Bull. Droit & Banque*, 27, p. 5 and foll., n° 26). The United States' legislative provisions are not relevant to this exception.

    b. The safe harbor in Article 41(7), which provides protection to those who "lawfully disclose[] information covered by [the] obligation of professional secrecy," is also inapplicable. This provision refers to disclosures that are lawful under *Luxembourg* law, not foreign laws.

10. Much of Plaintiffs' opposition focuses on State Street Bank & Trust's production of some of the documents at issue to the U.S. Securities and Exchange Commission. I understand such documents were produced under a statutory request for confidential treatment. I do not consider those productions to be relevant to the application of Luxembourg law for two reasons:

    a. Article 41(3) provides an exception to the obligation of secrecy for materials provided to "foreign authorities responsible for the prudential supervision of the financial sector where those authorities are acting in the exercise of their legal powers for purposes of such supervision and the information communicated is covered by the rules of professional secrecy governing the supervisory authority by which it is received. The transmission of the requisite information to a foreign authority with a view to prudential supervision shall be effected through the intermediary of the parent undertaking, shareholder or partner involved in the supervision in question." Plaintiffs construe the types of foreign authorities

covered by Article 41(3) far too narrowly, such that even the U.S. Securities and Exchange Commission would not qualify. In my opinion, Luxembourg authorities would consider production to any competent regulator who is responsible for the prudential supervision of the financial sector to fall within Article 41(3) if the regulator acts in the exercise of its statutory powers for purposes of such supervision, if the information communicated is covered by the rules of professional secrecy and if it is transmitted through the parent entity of the Luxembourg bank subject to the supervision of the foreign authority. Accordingly, State Street Bank & Trust's regulatory production to the U.S. Securities and Exchange Commission did not offend Article 41(1).

b. Furthermore, if information was previously disclosed in apparent violation of Article 41, such disclosure would not excuse further disclosure of the same (or additional) information to other parties. To the contrary, each subsequent disclosure would be another violation. Repeat violations can lead to more severe penalties. For example, penalties can be doubled for repeat offenses that are classified as intermediate criminal offences ("délits"; art. 60 Luxembourg Criminal Code).

11. Plaintiffs also criticize State Street for not attempting to secure its clients' consent to disclosing their information to Plaintiffs in this litigation. It is a debated question under Luxembourg law as to whether a customer can release a bank from its obligation of professional secrecy. The historical view is that a customer cannot (See J. Kauffman, "Professional secrecy of bankers in Luxembourg law," *Séries, Articles & Conférences BIL*, February 1991, pp. 23-25). Some have more recently advanced the view that customers can consent in specific circumstances. That position has not been confirmed by Luxembourg case law and statutory law remains silent on the issue. Accordingly, State Street would still be at some risk of liability if it disclosed the information at issue here with client consent.

12. Furthermore, those who have advocated that a customer can release a bank from its secrecy obligations have made clear that the circumstances in which consent can be given are limited. Consent would only be effective if the disclosure is in the interest of the relevant client, which is something that must be assessed by the client itself. Also, the consent must be specific as to (i) the particular documents and information to be disclosed, (ii) the addressee of the information to be disclosed, (iii) the purpose of the disclosure and how the information will be used, and/or (iv) the duration of the consent. Also, the customer must be able to withdraw its consent at any time.

13. Plaintiffs also question whether violations of Article 41 are enforced. They are. Bank secrecy is an issue that remains very much a focus of Luxembourg regulators and the professionals in the financial realm.

Signed under the pains and penalties of perjury this 8th day of April 2013.

Alfred François Brausch