UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILL v. STATE STREET CORPORATION ) | |
| ) | MASTER DOCKET |
| THIS DOCUMENT RELATES ) | NO. 09-12146-GAO |
| TO ALL CLASS ACTIONS ) | |
| _____ ) | |
| and ) | |
| ) | |
| THOMAS U. KENNEY, on Behalf of ) | |
| Himself and a Class of Persons ) | |
| Similarly Situated, ) | CIVIL ACTION |
| ) | NO. 09-10750-DJC |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| STATE STREET CORPORATION, et al., ) | (filed concurrently in both actions) |
| ) | |
| Defendants. ) | |

**SCHEDULING ORDER AND ORDER
ON PLAINTIFFS' MOTION TO COMPEL
<u>PRODUCTION OF REGULATORY DOCUMENTS</u>**

On May 9, 2013, this court held a status conference pursuant to Fed. R. Civ. P. 16(a) and a hearing to consider oral argument on the "Plaintiffs' Motion to Compel the Production of Regulatory Documents" (Docket No. 297 in C.A. No. 09-12146-GAO). After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

1.    The plaintiffs' motion to compel the production of regulatory documents is ALLOWED IN PART and DENIED IN PART as follows:

a. State Street shall request copies of transcripts of interviews and depositions from the regulators. State Street's notice shall be limited to notifying the regulators that the transcripts will be produced to the plaintiffs in this case. Nothing herein shall limit the regulators' rights under any applicable statutes or regulations, including under 17 C.F.R § 203.6. See In re Legato Sys., Inc. Sec. Litig., 204 F.R.D. 167, 170 n.2 (N.D. Cal. 2001).

b. As agreed, State Street will follow the agreed-upon protocol for FX discovery to determine the extent to which the transcripts are relevant. State Street may redact any portions of the transcripts that it determines are not relevant, as long as it provides the plaintiffs with an explanation as to why such testimony is not relevant. However, no redactions shall be made on the grounds that the testimony is outside the relevant time frame. Moreover, to the extent State Street redacts entire pages, it shall leave in a sufficient number of questions to enable the plaintiffs to understand the subject matter of the testimony.

c. By **May 30, 2013**, State Street shall produce any transcripts that are currently in its possession.

d. By **May 30, 2013**, State Street shall (i) identify the non-SSGM custodians whose emails were produced to regulators and produce that list to the plaintiffs, and (ii) search the custodians' emails using the search terms used for the California documents and determine how many documents are at issue.

e. If State Street determines that the volume of email documents is too burdensome to produce, the parties shall meet and confer to see if they can reach an agreement on further limitations regarding the non-SSGM custodians. If no agreement has been reached, the parties may raise the issue with the court at the next status conference.

f. State Street shall confirm that the documents set forth in Exhibits C and D to the plaintiffs' motion already have been reviewed for production. To the extent the documents have not been reviewed, State Street shall either review them or shall describe, on an item-by-item basis, why review is not appropriate and/or is burdensome. The issue may be addressed at the next status conference.

2. The parties shall comply with the following schedule:

   a. By **June 15, 2013**, the plaintiffs shall provide State Street with a list of the individuals whom they propose to depose during the initial round of depositions described in paragraph 2.b. below. The parties shall confer and attempt to reach an agreement regarding the individuals on the proposed list. To the extent no agreement can be reached, the parties may raise any remaining issues with the court.

   b. Depositions of (i) fact witnesses for the plaintiffs, and (ii) State Street fact witnesses relating to the conduit and ERISA claims, shall commence on **August 15, 2013**.

   c. By **August 15, 2013**, (i) the plaintiffs shall substantially complete their document production and (ii) State Street shall substantially complete its document production relating to the conduit and ERISA claims.

   d. Any motions to amend the pleadings shall be filed and served by **September 30, 2013**. However, nothing herein shall preclude the parties from amending their pleadings prior to trial in order to conform their factual allegations to the facts revealed during discovery.

   e. Any motions for class certification shall be filed by **September 30, 2013**. Thereafter, the defendants shall submit a proposed schedule for responding to any such motions.

   f. By **October 30, 2013**, (i) State Street shall substantially complete the production of FX-related documents from both SSGM and non-SSGM custodians, and (ii) subject to reaching an agreement with the plaintiffs by **July 1, 2013** with respect to search terms and custodians, Ernst & Young and the Underwriters shall substantially complete their document production.

   g. Depositions of (i) State Street fact witnesses relating to the FX claims, and (ii) fact witnesses for Ernst & Young and the Underwriters, shall commence on **October 30, 2013**. However, the plaintiffs shall work with Ernst & Young and the Underwriters to

>   accommodate any scheduling difficulties created by the defendants' year-end obligations.
>
>   h.  The parties shall complete their remaining document production obligations on a rolling basis.
>
>   i.  Fact witness depositions relating to all claims shall be completed by **March 15, 2014**.

3. The next status conference will take place on **June 27, 2013 at 2:30 p.m.** in Courtroom #15 on the 5th floor.  At that time, the parties shall be prepared to address any unresolved discovery disputes.  All written materials regarding any remaining disputes shall be filed with the court no later than five (5) business days before the conference.

                                    / s / Judith Gail Dein
                                    Judith Gail Dein
                                    United States Magistrate Judge

DATED: May 13, 2013