# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILL v. STATE STREET CORPORATION ) | |
| ) | |
| ) | Master Docket No.1:09-cv-12146-GAO |
| THIS DOCUMENT RELATES TO THE ) | |
| SECURITIES ACTION ) | |
| ) | |
| DOCKET NO. 09-cv-12146-GAO ) | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending in this Court entitled *Hill v. State Street Corporation*, Master Docket No. 1:09-cv-12146-GAO (the "Action");

WHEREAS, (a) Lead Plaintiffs the Public Employees' Retirement System of Mississippi and Union Asset Management Holding AG (collectively, "Lead Plaintiffs"), on behalf of themselves, Miami Beach Employees Retirement Plan and Marilyn Demory (together with Lead Plaintiffs, "Plaintiffs"), and the Settlement Class (defined below), and (b) defendants (i) State Street Corporation ("State Street"); (ii) Ronald E. Logue, Edward J. Resch, Pamela D. Gormley, Kennett F. Burnes, Peter Coym, Nader F. Darehshori, Amelia C. Fawcett, David P. Gruber, Linda A. Hill, Charles R. LaMantia, Maureen J. Miskovic, Richard P. Sergel, Ronald L. Skates, Gregory L. Summe, and Robert E. Weissman (the "Individual Defendants"); (iii) Goldman, Sachs & Co., Morgan Stanley & Co. LLC (formerly known as Morgan Stanley & Co. Incorporated), Credit Suisse Securities (USA) LLC, and UBS Securities LLC (the "Underwriter Defendants"); and (iv) Ernst & Young LLP ("Ernst & Young") (collectively, "Defendants" and together with Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation

and Agreement of Settlement dated July 8, 2014 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered (a) the Consolidated Amended Class Action Complaint filed by Lead Plaintiffs in the Action on July 29, 2010; (b) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (c) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired publicly traded common stock of State Street during the period from October 17, 2006 through October 21, 2009, inclusive (the "Settlement Class Period"), including all persons and entities who or which purchased or otherwise acquired State Street common stock pursuant and/or traceable to a registered public offering conducted on or about June 3, 2008, and who were damaged thereby. Excluded from the Settlement Class are: (a) Defendants; (b) members of the Immediate Families[1] of the Individual Defendants; (c) the

---

[1] "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this

subsidiaries and affiliates of State Street (provided, that no ERISA plan for the benefit of any employees of State Street shall be excluded), the Underwriter Defendants, and Ernst & Young; (d) any person or entity who is a partner, chief executive officer, executive vice president, chief financial officer, principal accounting officer (or if there is no such accounting officer, the controller), director, member, or controlling person of State Street, any Underwriter Defendant, or Ernst & Young; (e) any entity in which any Defendant has a controlling interest; and (f) the legal representatives, heirs, successors and assigns of any such excluded party; provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class.[2] Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Co-Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

---

paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

[2] "Investment Vehicle" means investment company, pooled investment fund or customer account of a Defendant, including but not limited to mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any Defendant has or may have a direct or indirect interest or as to which its affiliates may act as an investment advisor or custodian but of which any Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

3.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs (the Public Employees' Retirement System of Mississippi and Union Asset Management Holding AG) are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Co-Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on *Oct. 27*, 2014 at *3:00 p*m. in Courtroom *15, 5th* Floor, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

4

6.    The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the parties to the Settlement may agree to, if appropriate, without further notice to the Settlement Class.

7.    **Retention of Claims Administrator and Manner of Giving Notice** – Co-Lead Counsel are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. ("Epiq Systems, Inc." or the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)    within five (5) business days of the date of entry of this Order, State Street shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Co-Lead Counsel or the Claims Administrator) its list of the names and addresses of shareholders of State Street common stock during the Settlement Class Period, in electronic form;

(b)    not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by State Street or which State Street caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Complaint, Stipulation, Notice and the Proof of Claim

Form to be posted on a website to be developed for the Settlement, from which Settlement Class Members may download copies of the Notice and Proof of Claim Form;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once the national edition of *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication. Such affidavit or declaration will also reflect that the CAFA Notice was mailed by the Claims Administrator as set forth in paragraph 40 of the Stipulation.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Proof of Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Proof of Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Co-Lead Counsel's motion for an award an attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and

sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1 and 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired State Street common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within ten (10) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim Form in accordance with the instructions

7

contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.     Each Proof of Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from

participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants or any of the other Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Hill v. State Street Corporation*, EXCLUSIONS, c/o Epiq Systems, Inc., P.O. Box 2876, Portland, OR 97208-2876, and (b) that each request for exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Hill v. State Street Corporation*, Master Docket No. 1:09-cv-12146-GAO"; (iii) state the number of shares of publicly traded State Street common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be

9

effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants and the other Defendants' Releasees, as more fully described in the Stipulation and Notice.

16. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Representative Co-Lead Counsel and Representative Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days

10

prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however,* that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Representative Co-Lead Counsel and Representative Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Representative Co-Lead Counsel** | **Representative Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP John C. Browne, Esq. 1285 Avenue of the Americas New York, NY 10019 | Wilmer Cutler Pickering Hale and Dorr LLP William H. Paine, Esq. 60 State Street Boston, MA 02109 |

18.     Any objections, filings and other submissions by the objecting Settlement Class Member (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any

legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of publicly traded State Street common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.

19.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.    **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.    **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Plaintiffs and Defendants shall revert to their respective positions in the Action immediately prior to March 12, 2014, as provided in the Stipulation.

25.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants or any of the other Defendants' Releasees as evidence of, or construed as, or deemed to be

evidence of any presumption, concession, or admission by any of the Defendants or any of the other Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or any of the other Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or any of the other Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (b) shall be offered against any of the Plaintiffs or any of the other Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs or any of the other Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or any of the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs or any of the other Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.     **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this __21st__ day of __July__ , 2014.

_Judith Gail Dein_
[George A. O'Toole, Jr.
United States District Judge
·or
Judith G. Dein
United States Magistrate Judge]

#806101

15

# Exhibit 1

Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HILL v. STATE STREET CORPORATION ) | |
| ) | |
| ) | Master Docket No.1:09-cv-12146-GAO |
| THIS DOCUMENT RELATES TO THE ) | |
| SECURITIES ACTION ) | |
| ) | |
| DOCKET NO. 09-cv-12146-GAO ) | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION
OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT;
(II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD
OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of Massachusetts (the "Court"), if, during the period from October 17, 2006 through October 21, 2009, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired publicly traded common stock of State Street Corporation ("State Street"), including if you purchased or otherwise acquired State Street common stock pursuant and/or traceable to a registered public offering conducted on or about June 3, 2008, and were damaged thereby.[1]

NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and Union Asset Management Holding AG ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 21 below), have reached a proposed settlement of the Action for $60,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact State Street, any other Defendants in the Action, or their counsel. All questions should be directed to Co-Lead Counsel or the Claims Administrator (*see* ¶ 79 below).**

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 8, 2014 (the "Stipulation"), which is available at www.statestreetclassactionsettlement.com.

1. **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that Defendants (as defined in paragraph 30 below) violated the federal securities laws by, among other things, making false and misleading statements regarding State Street's foreign exchange business and the quality of assets held in State Street's investment portfolio and in off-balance sheet entities known as conduits.  The Defendants deny these claims.  A more detailed description of the Action is set forth in paragraphs 11-20 below.  The proposed Settlement, if approved by the Court, will settle claims in the Action of the Settlement Class, as defined in paragraph 21 below.

[The Action is pending before United States District Judge George A. O'Toole. Judge O'Toole has, with the consent of the parties, assigned to United States Magistrate Judge Judith G. Dein the responsibility to consider approval of the proposed settlement (including the manner in which notice will be provided) and the proposed Plan of Allocation of the Settlement proceeds if the Settlement is approved, as well as the motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and all matters relating to the proposed settlement including any objections that may be filed. Judge Dein's rulings on these matters will be final; they will not be reviewed by Judge O'Toole.]

2. **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $60,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimate of the number of shares of publicly traded State Street common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $0.19 per eligible share. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their State Street common stock, and the total number of valid claim forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since 2010, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Co-Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Motley Rice LLC, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 17% of the Settlement Fund.  In addition, Co-Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in an amount not to exceed $1,300,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per affected share of State Street common stock, if the Court approves Co-Lead Counsel's fee and expense application, is $0.04 per share.

6. **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496, blbg@blbglaw.com and William H. Narwold, Esq. of Motley Rice LLC., 28 Bridgeside Blvd., Mt. Pleasant, SC 29464, (843) 216-9000, STTsettlement@motleyrice.com.

7. **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and likely appeals that would follow a trial, a process that could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, distraction, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN         , 2014.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 31 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 32 below), so it is in your interest to submit a Claim Form. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2014.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2014.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2014 AT \_\_\_:\_\_\_ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2014.** | Filing a written objection and notice of intention to appear by _____, 2014 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ............................................................ Page \_\_
What Is This Case About? ............................................................... Page \_\_
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class? ................................ Page \_\_
What Are Lead Plaintiffs' Reasons For The Settlement? .............. Page \_\_
What Might Happen If There Were No Settlement? ...................... Page \_\_
How Are Settlement Class Members Affected By The Action
    And The Settlement? ................................................................ Page \_\_
How Do I Participate In The Settlement? What Do I Need To Do? ... Page \_\_
How Much Will My Payment Be? .................................................. Page \_\_
What Payment Are The Attorneys For The Settlement Class Seeking?

How Will The Lawyers Be Paid?                                                                Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?                                                                  Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement?                                                               Page __
What If I Bought Shares On Someone Else's Behalf?                                             Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?                         Page __

## WHY DID I GET THIS NOTICE?

8. The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired publicly traded State Street common stock during the Settlement Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to so do. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraph 70 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. Beginning on December 18, 2009, two class action complaints were filed in the United States District Court for the District of Massachusetts (the "Court"). By order dated May 25, 2010, the Court ordered that these cases be consolidated for all purposes as this Action, approved the appointment of Lead Plaintiffs and Co-Lead Counsel, and approved the appointment of Berman DeValerio as liaison counsel for the class.

12. On July 29, 2010, Lead Plaintiffs filed and served their Consolidated Amended Class Action Complaint (the "Complaint"). The Complaint asserted claims against State Street, Ronald E. Logue and Edward J. Resch under Section 10(b) of the Securities Exchange Act of

1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder and against Logue and Resch under Section 20(a) of the Exchange Act, alleging that these defendants made, or controlled others who made, materially false and misleading statements and failed to disclose material facts about (i) State Street's foreign exchange business, (ii) the quality of State Street's internal controls, and (iii) the quality of assets held in State Street's investment portfolio and in off-balance-sheet entities known as conduits. The Complaint alleged that these false and misleading statements and material omissions caused the price of State Street common stock to be artificially inflated. The Complaint also asserted claims against all Defendants under Section 11 of the Securities Act of 1933 (the "Securities Act"); against State Street and the Underwriter Defendants under Section 12(a)(2) of the Securities Act; and against certain of the Individual Defendants under Section 15 of the Securities Act, alleging that the defendants named in the Securities Act claims were statutorily liable for the allegedly materially untrue statements and misleading omissions in the registration statement and offering documents for a public offering of State Street common stock that occurred in June 2008.

13. On September 24, 2010, Defendants filed and served their motions to dismiss the Complaint. The motions were fully briefed and the Court heard oral argument on February 16 and 17, 2011. On August 3, 2011, the Court entered its Memorandum and Order denying Defendants' motions.

14. On September 30, 2011, Defendants filed and served their answers to the Complaint. Defendants denied all liability and interposed a variety of defenses to the claims set forth in the Complaint.

15. Following the entry of the Court's opinion on Defendants' motions to dismiss, the Parties engaged in extensive fact discovery. Document discovery included numerous document requests and interrogatories and resulted in the production of more than 24 million pages of documents that were reviewed and analyzed by Plaintiffs' Counsel. Beginning in September 2013, Lead Plaintiffs took the depositions of witnesses, including senior officers of State Street. The Parties also engaged in extensive discovery relating to class certification, which included Plaintiffs' production of hundreds of thousands of pages of documents to Defendants and the depositions of three Plaintiffs' representatives. Discovery was vigorously contested. There were over 20 discovery motions brought by the various Parties, and there were approximately fifteen hearings before the magistrate judge who oversaw discovery issues in the Action.

16. On October 28, 2013, Lead Plaintiffs filed their motion for class certification. Defendants had not filed their responses to the motion and the Court had not taken any action on the motion at the time that the agreement in principle to settle the Action was reached.

17. On March 12, 2014, following arm's-length settlement negotiations, Lead Plaintiffs and State Street reached an agreement in principle to settle the Action for a cash payment of $60,000,000 to be made on behalf of State Street for the benefit of the Settlement Class.

18. Based on their investigation and prosecution of the case, Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of the proposed Settlement are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering (a) the substantial financial benefit that Lead Plaintiffs and the other members of the

Settlement Class will receive under the proposed Settlement; (b) the significant risks of continued litigation and trial; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.

19. Defendants are entering into the Stipulation solely to eliminate the uncertainty, distraction, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 32 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action or an admission or concession that any of the Defendants' defenses to liability had any merit.

20. On _____, 2014, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

---

21. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired publicly traded common stock of State Street during the period from October 17, 2006 through October 21, 2009, inclusive (the "Settlement Class Period"), including all persons and entities who or which purchased or otherwise acquired State Street common stock pursuant and/or traceable to a registered public offering conducted on or about June 3, 2008, and who were damaged thereby.

Excluded from the Settlement Class are (a) Defendants; (b) members of the Immediate Families[2] of the Individual Defendants; (c) the subsidiaries and affiliates of State Street (provided, that no ERISA plan for the benefit of any employees of State Street shall be excluded), the Underwriter Defendants, and Ernst & Young; (d) any person or entity who is a partner, chief executive officer, executive vice president, chief financial officer, principal accounting officer (or if there is no such accounting officer, the controller), director, member, or controlling person of State Street, any Underwriter Defendant, or Ernst & Young; (e) any entity in which any Defendant has a controlling interest; and (f) the legal representatives, heirs, successors and assigns of any such excluded party; provided, however, that any Investment Vehicle[3] shall not be excluded from the

---

[2] "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

[3] "Investment Vehicle" means any investment company, pooled investment fund or customer account of a Defendant, including but not limited to mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any Defendant has or may have a direct or indirect interest or as to which its affiliates may act as an

Settlement Class. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What if I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2014.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

22. Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. While Lead Plaintiffs allege that State Street's foreign exchange revenues were artificially inflated by the addition of an undisclosed and unauthorized "mark-up" to each transaction for its custodial clients, Defendants contend that State Street's custodial contracts generally did not prohibit it from setting rates for indirect foreign exchange transactions in the way that it did and that there was nothing illicit or improper about the way it conducted its indirect foreign exchange business during the Settlement Class Period. Lead Plaintiffs also faced significant risks in establishing that the declines in the prices of State Street common stock were caused by revelation of the alleged false and misleading statements made by Defendants, rather than other news concerning State Street. Plaintiffs would have to prevail at several stages – including motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

23. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Co-Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $60,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

24. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, distraction and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

---

investment advisor or custodian but of which any Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

25. If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

26. As a Settlement Class Member, you are represented by Lead Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

27. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

28. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

29. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and other members of the Settlement Class, on behalf of themselves and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, remised, released, resolved, relinquished, waived and discharged Defendants and the other Defendants' Releasees, (as defined in ¶ 32 below) and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, of and from each and every Released Plaintiffs' Claim (as defined in ¶ 31 below) and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

30. "Defendants" means State Street Corporation, Ronald E. Logue, Edward J. Resch, Pamela D. Gormley, Kennett F. Burnes, Peter Coym, Nader F. Darehshori, Amelia C. Fawcett, David P. Gruber, Linda A. Hill, Charles R. LaMantia, Maureen J. Miskovic, Richard P. Sergel, Ronald L. Skates, Gregory L. Summe, Robert E. Weissman, Goldman, Sachs & Co., Morgan

Stanley & Co. LLC (formerly known as Morgan Stanley & Co. Incorporated), Credit Suisse Securities (USA) LLC, UBS Securities LLC and Ernst & Young LLP.

31. "Released Plaintiffs' Claims" means all individual, representative and class claims, causes of action or rights of recovery of every nature and description, whether known claims or Unknown Claims, direct or indirect, asserted or unasserted, foreseen or unforeseen, matured or unmatured, contingent or vested, whether arising under federal, state, local, statutory, common, foreign or other law, rule or regulation, that Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint, or (b) could have asserted or could in the future assert in any court or forum based upon, relating to or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, actions, failures to act or omissions that were alleged, set forth, or referred to in the Complaint and that relate in any way, directly or indirectly, to the holding, purchase, or sale of State Street common stock during the Settlement Class Period. Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement, (ii) any claims that as of May 6, 2014 were or had been asserted in (a) *Richard v. State Street Corp.*, Docket No. 1:10-cv-10184-GAO (D. Mass.); (b) *Kenney v. State Street Corp.*, Docket No. 1:09-cv-10750-DJC (D. Mass.); (c) *Operative Plasterers' & Cement Masons' Local Union Officers' & Employees' Pension Fund v. Hooley*, Docket No. 1:12-cv-10767-GAO (D. Mass.); (d) *Arkansas Teacher Retirement System v. State Street Bank & Trust Co.*, Docket No. 1:11-cv-10230-MLW (D. Mass.); (e) *Henriquez v. State Street Bank & Trust Co.*, Docket No. 1:11-cv-12049-MLW (D. Mass.); and/or (f) *The Andover Companies Employee Savings & Profit Sharing Plan v. State Street Bank & Trust Co.*, Docket No. 1:12-cv-11698-MLW (D. Mass.); and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

32. "Defendants' Releasees" means the Defendants and State Street Bank and Trust Company, their predecessors, successors, past, present and future parents, subsidiaries and affiliates, and their respective past or present general partners, limited partners, principals, members, officers, directors, trustees, employees, agents, servants, attorneys, accountants, auditors, underwriters, investment advisors, insurers, co-insurers, reinsurers and related or affiliated entities, in their capacities as such and in their capacities as fiduciaries for any ERISA plan for State Street employees.

33. "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs, the other Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if

known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

34. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, remised, released, resolved, relinquished, waived and discharged Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 36 below) and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, of and from each and every Released Defendants' Claim (as defined in ¶ 35 below) and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

35. "Released Defendants' Claims" means all claims, causes of action or rights of recovery of every nature and description, whether known claims or Unknown Claims, whether direct or indirect, asserted or unasserted, foreseen or unforeseen, matured or unmatured, contingent or vested, whether arising under federal, state, local, statutory, common, foreign or other law, rule or regulation that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action. Released Defendants' Claims do not do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

36. "Plaintiffs' Releasees" means all plaintiffs in the Action and their respective attorneys and all other Settlement Class members, and each of the foregoings' predecessors, successors, past, present and future parents, subsidiaries and affiliates, and their respective past or present general partners, limited partners, principals, members, officers, directors, trustees, employees, agents, servants, attorneys, accountants, auditors, insurers, co-insurers, reinsurers and related or affiliated entities, in their capacities as such.

| HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO? |
| --- |

37. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2014**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.statestreetclassactionsettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-287-8136. Please retain all records of your ownership of and transactions in State Street common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

38. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

39. Pursuant to the Settlement, sixty million dollars ($60,000,000) in cash will be paid on behalf of State Street into an escrow account. This Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

40. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

41. Neither State Street nor any person or entity that paid any portion of the Settlement Amount is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

42. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

43. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2014 shall be fully and forever barred from receiving payments pursuant to the Settlement but will remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Defendants' Releasees (as defined in ¶ 32 above) of and from the Released Plaintiffs' Claims (as defined in ¶ 31 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

44. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

45. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

46. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired publicly traded State Street common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution

of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only security included in the Settlement is State Street common stock.

## PROPOSED PLAN OF ALLOCATION

47. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

48. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the potential amount of estimated alleged artificial inflation in the per share closing prices of State Street common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and omissions. In calculating the estimated alleged artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in State Street common stock in reaction to certain public announcements regarding State Street in which such alleged misrepresentations and omissions were alleged to have been revealed to the market, adjusting for price changes that were attributable to market or industry forces, the allegations in the Complaint and the evidence developed in support thereof, as advised by Co-Lead Counsel. The estimated potential alleged artificial inflation in State Street common stock is shown in Table A set forth at the end of this Notice. Defendants disagree with Lead Plaintiffs' damages expert, for among other reasons, because they do not believe that any harm was caused by the statements challenged in the Actions.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

49. Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of State Street publicly traded common stock during the Settlement Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided. In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

50. For each share of State Street common stock purchased or acquired between October 17, 2006 and October 21, 2009, inclusive, and:

(a) Sold between October 17, 2006 and the close of trading on October 21, 2009, the Recognized Loss Amount shall be *the lesser of*: (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase minus the amount of artificial inflation per share as set forth in Table A on the date of the sale; or (ii) purchase/acquisition price minus the sale price.

(b) Sold between October 22, 2009 and the close of trading on January 19, 2010, the Recognized Loss Amount shall be *the least of*: (i) the amount of artificial

13

inflation per share as set forth in Table A on the date of purchase; (ii) the purchase/acquisition price minus the sale price; or (iii) the purchase/acquisition price minus the average closing price between October 22, 2009 and the date of sale as shown on Table B set forth at the end of this Notice.

(c)     Held as of the close of trading on January 19, 2010, the Recognized Loss Amount shall be *the lesser of:* (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase; or (ii) the purchase/acquisition price minus $42.54, the average closing price for State Street common stock between October 22, 2009 and January 19, 2010 (the last entry on Table B).[4]

51.  For each share of State Street common stock purchased or acquired from October 17, 2006 through October 21, 2009, inclusive, pursuant to or traceable to the offering of State Street common stock conducted on or about June 3, 2008, if it calculates to a Recognized Loss Amount that is a positive number pursuant to ¶ 50 above, that number shall be increased by 15%.

## ADDITIONAL PROVISIONS

52.  The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 55 below) is $10.00 or greater.

53.  If a Settlement Class Member has more than one purchase/acquisition or sale of publicly traded State Street common stock, purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

54.  A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

55.  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

---

[4] Pursuant to PSLRA Section 21D(e)(1) "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of State Street common stock during the 90-day look-back period. The mean (average) closing price for State Street common stock during this 90-day look-back period was $42.54.

56. Purchases or acquisitions and sales of State Street common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of State Street common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of State Street common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any State Street common stock unless (i) the donor or decedent purchased or otherwise acquired such State Street common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

57. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the State Street common stock. The date of a "short sale" is deemed to be the date of sale of the State Street common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in State Street common stock, the earliest Settlement Class Period purchases or acquisitions of State Street common stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

58. Option contracts are not securities eligible to participate in the Settlement. With respect to State Street common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the common stock is the exercise price of the option.

59. To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in State Street common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in State Street common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

60. For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in State Street common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7] This

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all State Street common stock purchased or acquired during the Settlement Class Period.

[6] The Claims Administrator shall match any sales of State Street common stock during the Settlement Class Period, first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of State Street common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds".

[7] The Claims Administrator shall ascribe a value of $46.68 per share for State Street common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on October 21, 2009 (the "Holding Value").

difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in State Street common stock during the Settlement Class Period.

61. After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Co-Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Co-Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s) to be recommended by Co-Lead Counsel and approved by the Court.

62. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, or the Claims Administrator or other agent designated by Co-Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs and Defendants, their respective counsel, Lead Plaintiffs' damages expert, and all other Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

63. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.statestreetclassactionsettlement.com.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

---

64. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 17% of the Settlement Fund. At the same time, Co-Lead Counsel also intend to apply for reimbursement of Litigation Expenses in an amount not to exceed

$1,300,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF? |
|---|

65. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Hill v. State Street Corporation*, EXCLUSIONS, c/o Epiq Systems, Inc., P.O. Box 2876, Portland, OR 97208-2876. The exclusion request must be *received* no later than _____, 2014. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Hill v. State Street Corporation*, Master Docket No. 1:09-cv-12146-GAO"; (c) state the number of shares of publicly traded State Street common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, from October 17, 2006 through October 21, 2009, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

66. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

67. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

68. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

| WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? |
|---|

69. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

70. The Settlement Hearing will be held on _____, 2014 at __:__ _.m., before the Honorable [Judith G. Dein/George A. O'Toole] at the United States District Court for the District of Massachusetts, Courtroom __, ___ Floor, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. The Court reserves the right to approve the Settlement, the Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

71. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Massachusetts at the address set forth below on or before _____, 2014. You must also serve the papers on Representative Co-Lead Counsel and on Representative Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2014.

| Clerk's Office | Representative Co-Lead Counsel | Representative Defendants' Counsel |
|---|---|---|
| United States District Court District of Massachusetts Clerk of the Court J. J. Moakley U.S. Courthouse 1 Courthouse Way Boston, MA 02210 | **Bernstein Litowitz Berger & Grossmann LLP** John C. Browne, Esq. 1285 Avenue of the Americas New York, NY 10019 | **Wilmer Cutler Pickering Hale and Dorr LLP** William H. Paine, Esq. 60 State Street Boston, MA 02109 |

72. Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of publicly traded State Street common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, from October 17, 2006 through October 21, 2009, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

73. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

74. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as

described above, you must also file a notice of appearance with the Clerk's Office and serve it on Representative Co-Lead Counsel and Representative Defendants' Counsel at the addresses set forth above so that it is *received* on or before _____, 2014. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

75. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 71 above so that the notice is *received* on or before _____, 2014.

76. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel.

77. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

---

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

---

78. If you purchased or otherwise acquired any State Street common stock from October 17, 2006 through October 21, 2009, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within ten (10) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Hill v. State Street Corporation*, c/o Epiq Systems, Inc., P.O. Box 2876, Portland, OR 97208-2876. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.statestreetclassactionsettlement.com, or by calling the Claims Administrator toll-free at 1-888-287-8136.

---

### CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

---

79. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on

file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.statestreetclassactionsettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Hill v. State Street Corporation*
c/o Epiq Systems, Inc.
P.O. Box 2876
Portland, OR 97208-2876
888-287-8136
www.statestreetclassactionsettlement.com

| John C. Browne, Esq. | and/or | William H. Narwold, Esq. |
|---|---|---|
| BERNSTEIN LITOWITZ BERGER | | Motley Rice LLC |
| & GROSSMANN LLP | | 28 Bridgeside Blvd. |
| 1285 Avenue of the Americas | | Mt. Pleasant, SC 29464 |
| New York, NY 10019 | | (843) 216-9000 |
| (800) 380-8496 | | STTsettlement@motleyrice.com |
| blbg@blbglaw.com | | |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2014

By Order of the Court
United States District Court
District of Massachusetts

# 808322

**TABLE A**
**Purchase and Sale Inflation October 17, 2006 — October 21, 2009**

| Transaction Date | Inflation |
|---|---|
| October 17, 2006-October 14, 2008 | $2.40 |
| October 15, 2008-January 19, 2009 | $18.85 |
| January 20, 2009-October 19, 2009 | $2.40 |
| October 20, 2009 | $1.73 |
| October 21, 2009 | $0.71 |

**TABLE B**
**State Street Closing Price and Average Closing Price**
**October 22, 2009 — January 19, 2010**

| Date | Closing Price | Average Closing Price Between 10/22/09 and Date Shown | Date | Closing Price | Average Closing Price Between 10/22/09 and Date Shown |
|---|---|---|---|---|---|
| 10/22/2009 | $46.68 | $46.68 | 12/4/2009 | $41.68 | $42.30 |
| 10/23/2009 | $45.70 | $46.19 | 12/7/2009 | $40.84 | $42.25 |
| 10/26/2009 | $44.50 | $45.63 | 12/8/2009 | $40.74 | $42.21 |
| 10/27/2009 | $43.25 | $45.03 | 12/9/2009 | $41.00 | $42.17 |
| 10/28/2009 | $42.58 | $44.54 | 12/10/2009 | $40.56 | $42.12 |
| 10/29/2009 | $44.52 | $44.54 | 12/11/2009 | $39.40 | $42.05 |
| 10/30/2009 | $41.98 | $44.17 | 12/14/2009 | $39.93 | $41.99 |
| 11/2/2009 | $42.45 | $43.96 | 12/15/2009 | $39.80 | $41.93 |
| 11/3/2009 | $42.21 | $43.76 | 12/16/2009 | $40.19 | $41.89 |
| 11/4/2009 | $40.64 | $43.45 | 12/17/2009 | $39.73 | $41.83 |
| 11/5/2009 | $42.81 | $43.39 | 12/18/2009 | $41.60 | $41.83 |
| 11/6/2009 | $41.45 | $43.23 | 12/21/2009 | $42.26 | $41.84 |
| 11/9/2009 | $43.73 | $43.27 | 12/22/2009 | $43.86 | $41.89 |
| 11/10/2009 | $42.90 | $43.24 | 12/23/2009 | $44.64 | $41.95 |
| 11/11/2009 | $42.23 | $43.18 | 12/24/2009 | $44.99 | $42.02 |
| 11/12/2009 | $40.66 | $43.02 | 12/28/2009 | $44.37 | $42.07 |
| 11/13/2009 | $40.45 | $42.87 | 12/29/2009 | $43.96 | $42.11 |
| 11/16/2009 | $40.69 | $42.75 | 12/30/2009 | $43.89 | $42.15 |
| 11/17/2009 | $41.86 | $42.70 | 12/31/2009 | $43.54 | $42.17 |
| 11/18/2009 | $42.73 | $42.70 | 1/4/2010 | $44.46 | $42.22 |
| 11/19/2009 | $41.69 | $42.65 | 1/5/2010 | $44.55 | $42.26 |
| 11/20/2009 | $40.80 | $42.57 | 1/6/2010 | $43.81 | $42.29 |
| 11/23/2009 | $41.74 | $42.53 | 1/7/2010 | $44.60 | $42.34 |
| 11/24/2009 | $41.56 | $42.49 | 1/8/2010 | $45.51 | $42.40 |
| 11/25/2009 | $41.30 | $42.44 | 1/11/2010 | $44.36 | $42.43 |
| 11/27/2009 | $40.20 | $42.36 | 1/12/2010 | $44.20 | $42.46 |
| 11/30/2009 | $41.30 | $42.32 | 1/13/2010 | $44.61 | $42.50 |
| 12/1/2009 | $42.72 | $42.33 | 1/14/2010 | $43.79 | $42.52 |
| 12/2/2009 | $43.04 | $42.36 | 1/15/2010 | $42.67 | $42.53 |
| 12/3/2009 | $41.15 | $42.32 | 1/19/2010 | $43.20 | $42.54 |

# Exhibit 2

**Exhibit 2**

*Hill v. State Street Corporation*
c/o Epiq Systems, Inc.
P.O. Box 2876
Portland, OR 97208-2876
888-287-8136
www.statestreetclassactionsettlement.com.com

# PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, **POSTMARKED NO LATER THAN _____, 2014.**

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

**TABLE OF CONTENTS**                                                      **PAGE #**

**PART I – CLAIMANT INFORMATION**

**PART II – GENERAL INSTRUCTIONS**

**PART III – SCHEDULE OF TRANSACTIONS IN STATE STREET COMMON STOCK**

**PART IV – RELEASE OF CLAIMS AND SIGNATURE**

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the securities are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:      Zip Code:                         Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:

Daytime Telephone Number:                            Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see definition of Settlement Class on page ___ of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of State Street common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of State Street common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      Please note: Only State Street common stock purchased/acquired during the Settlement Class Period (*i.e.*, from October 17, 2006 through October 21, 2009, inclusive) is eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Settlement Notice), your sales of State Street common stock during the period from October 22, 2009 through January 19, 2010, inclusive, will be used for purposes of calculating your claim under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of State Street common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmations or monthly statements. The Parties and the Claims Administrator do not independently have information about your investments in State Street common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES

OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

7.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.      All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. If you purchased or otherwise acquired State Street common stock during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you held, purchased or otherwise acquired State Street common stock during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

   (a)   expressly state the capacity in which they are acting;

   (b)   identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the State Street common stock; and

   (c)   furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.     By submitting a signed Claim Form, you will be swearing that you:

   (a)   own(ed) the State Street common stock you have listed in the Claim Form; or

   (b)   are expressly authorized to act on behalf of the owner thereof.

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the

Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process could take substantial time to complete fully and fairly. Please be patient.

13. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his/her/its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Systems, Inc., at the above address or by toll-free phone at 1-888-287-8136, or you may download the documents from www.statestreetclassactionsettlement.com.

15. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.statestreetclassactionsettlement.com or you may email the Claims Administrator's electronic filing department at _____.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filling department at _____.com to inquire about your file and confirm it was received and acceptable.**

# PART III – SCHEDULE OF TRANSACTIONS IN STATE STREET COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above.

| 1. BEGINNING HOLDINGS – State the total number of shares of State Street common stock held as of the opening of trading on October 17, 2006. If none, write "zero" or "0". (Must be documented.) | _____ shares | Proof of Position Enclosed ○ Y |
|---|---|---|

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of State Street common stock from after the opening of trading on October 17, 2006 through and including the close of trading on October 21, 2009. (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) MM   DD   YYYY | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share (excluding taxes, commissions and fees) | Check Here if Shares Purchased/Acquired Pursuant to Registered Public Offering Conducted On or About June 3, 2008 (Must be Documented) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /       / | | $ | ☐ | ○ Y   ○ N |
| /       / | | $ | ☐ | ○ Y   ○ N |
| /       / | | $ | ☐ | ○ Y   ○ N |
| /       / | | $ | ☐ | ○ Y   ○ N |
| /       / | | $ | ☐ | ○ Y   ○ N |

| 3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK-BACK PERIOD – State the total number of shares of State Street common stock purchased/acquired (including free receipts) from after the opening of trading on October 22, 2009 through and including the close of trading on January 19, 2010. If none, write "zero" or "0". | _____ shares | |
|---|---|---|

| 4. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD – Separately list each and every sale (including free deliveries) of State Street common stock from after the opening of trading on October 17, 2006 through and including the close of trading on January 19, 2010. (Must be documented.) | | IF NONE, CHECK HERE ○ |
|---|---|---|

| Date of Sale (List Chronologically) MM   DD   YYYY | Number of Shares Sold | Sale Price Per Share (excluding taxes, commissions and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| /       / | | $ | ○ Y   ○ N |
| /       / | | $ | ○ Y   ○ N |
| /       / | | $ | ○ Y   ○ N |
| /       / | | $ | ○ Y   ○ N |

| | | | | $ | | ○ Y ○ N |
|---|---|---|---|---|---|---|
| **5. ENDING HOLDINGS** – State the total number of shares of State Street common stock held as of the close of trading on January 19, 2010. If none, write "zero" or "0". (Must be documented.) | | | | | _____ shares | Proof of Position Enclosed ○ Y ○ N |

**IF YOU REQUIRE ADDITIONAL SPACE FOR ANY OF THE SCHEDULES ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX □**

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

## YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) legal representatives, heirs, executors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, remised, released, resolved, relinquished, waived and discharged Defendants and the other Defendants' Releasees, and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, of and from each and every Released Plaintiffs' Claim and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.     that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.     that I (we) own(ed) the State Street common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of State Street common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Co-Lead Counsel, the Claims Administrator or the Court may require;

8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____          _____
Signature of claimant                                                                                Date

_____
Print your name here

_____          _____
Signature of joint claimant, if any                                                               Date

_____
Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____          _____
Signature of person signing on behalf of claimant                                      Date

_____
Print your name here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on page ___ of this Claim Form.)

## REMINDER CHECKLIST:

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-888-287-8136.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address or toll-free at 1-888-287-8136, or visit www.statestreetclassactionsettlement.com. Please DO NOT call State Street, any other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN** _____, **2014,** ADDRESSED AS FOLLOWS:

*Hill v. State Street Corporation*
c/o Epiq Systems, Inc.
P.O. Box 2876
Portland, OR 97208-2876
888-287-8136
www.statestreetclassactionsettlement.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2014 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# 810902

# Exhibit 3

Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HILL v. STATE STREET CORPORATION ) | |
| ———————————————— ) | |
| ) | Master Docket No.1:09-cv-12146-GAO |
| THIS DOCUMENT RELATES TO THE ) | |
| SECURITIES ACTION ) | |
| ) | |
| DOCKET NO. 09-cv-12146-GAO ) | |

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO: All persons and entities who or which purchased or otherwise acquired publicly traded common stock of State Street Corporation ("State Street") during the period from October 17, 2006 through October 21, 2009, inclusive, including all persons and entities who or which purchased or otherwise acquired State Street common stock pursuant and/or traceable to a registered public offering conducted on or about June 3, 2008, and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts, that the above-captioned litigation (the "Action") has been certified, for settlement purposes only, as a class action on behalf of the Settlement Class, except for certain persons and entities excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $60,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2014 at __:__ _.m., before the Honorable [Judith G. Dein/George A. O'Toole, Jr.] at the United States District Court for the District of Massachusetts, Courtroom __, ___ Floor, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated July 8, 2014 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and a Proof of Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Hill v. State Street Corporation,* c/o Epiq Systems, Inc., P.O. Box 2876, Portland, OR 97208-2876; 1-888-287-8136. Copies of the Notice and Proof of Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.statestreetclassactionsettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Proof of Claim Form *postmarked* no later than _____, 2014. If you are a Settlement Class Member and do not submit a proper Proof of Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2014, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Representative Co-Lead Counsel and Representative Defendants' Counsel such that they are *received* no later than _____, 2014, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, State Street, any of the other Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Co-Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Proof of Claim Form, should be made to Co-Lead Counsel:

| | |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | Motley Rice LLC |
| John C. Browne, Esq. | William H. Narwold, Esq. |
| 1285 Avenue of the Americas | 28 Bridgeside Blvd. |
| New York, NY 10019 | Mt. Pleasant, SC 29464 |
| (800) 380-8496 | (843) 216-9000 |
| blbg@blbglaw.com | STTsettlement@motleyrice.com |

Requests for the Notice and Proof of Claim Form should be made to:

*Hill v. State Street Corporation*
c/o Epiq Systems, Inc.
P.O. Box 2876
Portland, OR 97208-2876
888-287-8136
www.statestreetclassactionsettlement.com

By Order of the Court

#806131

2