UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12146-GAO

TIMOTHY W. HILL, et al.,
Plaintiffs,

v.

STATE STREET CORPORATION, et al.,
Defendants.

OPINION AND ORDER
April 16, 2015

O'TOOLE, D.J.

Following two objectors' notice of appeal in this securities class action, the lead plaintiffs have moved for an appeal bond under Rule 7 of the Federal Rules of Appellate Procedure.

## I.     Procedural History

This action had been referred to a magistrate judge for matters relating to settlement, and the magistrate judge entered preliminary approval of the settlement on July 21, 2014. The settlement hearing originally was scheduled for October 27, 2014, with objections due on October 6, 2014. Beginning August 18, 2014, notice packets were distributed to class members. On September 3, 2014, the parties filed an assented-to motion to reschedule the fairness hearing to November 20, 2014 to allow for sufficient time between service of the notice and the hearing as required under the Class Action Fairness Act.

Through counsel, Nita and Charles Franz filed objections, a request for a continuation of the fairness hearing, and a request to be heard at the hearing on November 4, 2014. The Franzes' notice packets were mailed on October 1 and 2, 2014, and they argued, among other things, that the late notice did not satisfy due process requirements. The magistrate judge granted the

Franzes' request to the extent that their counsel was given permission to appear and be heard at the hearing by telephone, although in the event counsel did not participate but rather stated that the Franzes rested upon their written objections. There were no other objectors. The magistrate judge entered a Report and Recommendation ("R&R") on November 26, 2014 in which she determined that the Franzes' objections were without merit and recommended that the Court approve the final settlement and award of attorneys' fees. The Franzes filed objections to the R&R, but the Court overruled those objections and adopted the R&R in full.

The Franzes subsequently filed a notice of appeal of the Court's decision. The lead plaintiffs argue that the appeal is without merit and have moved to require an appeal bond of $75,300.

## II.    Discussion

### A.    Frivolous Arguments

Under Rule 7, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payments of cost on appeal." The lead plaintiffs argue that a bond is appropriate here because the appeal is without merit, and the additional fees and expenses incurred in litigating the appeal successfully would reduce proceeds available for distribution to the class.

I agree. A district court may require that an appellant post a bond where an "appeal might be frivolous." Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987); accord In re Pharm. Indus. Average Wholesale Price Litig., 520 F. Supp. 2d. 274, 278 (D. Mass. 2007) (finding that bond is appropriate where an appellant's "one-sentence written objection was inadequate to preserve her objection on appeal"); Barnes v. Fleetboston Fin. Corp., No. 01-cv-10395-NG, 2006 WL 6916834, at *2 (D. Mass. Aug. 22, 2006) (finding that bond was appropriate where appellants'

arguments had no basis in case law or statute). The arguments raised in the Franzes' objections, which I expect they also will raise on appeal, were frivolous. For example, the Franzes contended that the content of the notice was insufficient as it did not contain the exact settlement amount or further costs to be incurred. However, the Franzes pointed to no case law in support of their argument, and for good reason: the notice fully comported with the notice requirements enumerated in Rule 23(c)(2) of the Federal Rules of Civil Procedure and the Private Securities Litigation Act, 15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7).

Similarly, the Franzes argued that the timing of the notice was inadequate as many members of the class did not receive notice until after the deadline for filing objections to the proposed settlement had passed. Both the R&R and this Court's Order Adopting the R&R dismissed that argument. As I explained,

> Where a security is held in street name – as the Franz shares were held – notice of a class action settlement is commonly sent directly to the nominee brokerage firm, which is then charged with forwarding notice to the beneficial owners. See, e.g., Fidel v. Farley, 534 F.3d 508, 511 (6th Cir. 2008); DeJulius v. New Eng. Health Care Employees Pension Fund, 429 F.3d 935, 940 (10th Cir. 2005); Silber v. Mabon, 18 F.3d 1449, 1452 (9th Cir. 1994). Such notice distributions may satisfy the requirements of due process even where the firm fails to send timely notice to all beneficial holders. See Fidel, 534 F.3d at 514 (finding that district court did not err in approving settlement where approximately 20% of class members did not receive timely notice); Silber, 18 F.3d at 1452, 1454 (affirming approval of notice scheme where nominee forwarded a portion of the settlement notices after the opt-out deadline).

(Order Adopting R&R at 2 (dkt. no. 516).) The Franzes are correct that the First Circuit has not squarely addressed whether notice schemes in securities class actions satisfy due process where members of the class hold a security in street name and do not receive timely notice from the custodian. But the First Circuit has held that it need not be shown that each member of the class received actual notice so long as the notice "is reasonably calculated to reach the absent class members." Reppert v. Marvin Lumber & Cedar Co., Inc., 359 F.3d 53, 56 (1st Cir. 2004) (internal quotation marks and citation omitted). The notice scheme employed in this case, where

98.5% of the class received notice over a month before the final approval hearing, should satisfy that standard.

Further, Cain's status as a serial objector supports the conclusion that a bond is appropriate here. As the lead plaintiffs observe, Cain recycles many of his arguments across various class actions. See, e.g., Objection to Mot. for Settlement, Bezdek v. Vibram USA Inc., No. 12-cv-10513-DPW (D. Mass. Aug. 15, 2014); Mem. in Supp. of Objection, In re: Regions Morgan Keegan Closed-End Fund Litig., 2:07-cv-02830-SHM-dkv (W.D. Tenn. Apr. 10, 2013). While objectors play an important role in class action settlements, see In re Compact Disc Minimum Advertised Price Antitrust Litig., No. MDL 1361, 2003 WL 22417252, at *2 (D. Me. Oct. 7, 2003), serial objectors can prevent an otherwise fair settlement from moving forward. As Judge Gertner explained,

> Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can lay what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.

Barnes, 2006 WL 6916834, at *1.

Given the lack of merit in the Franzes' objections and Cain's status as a serial objector, a bond is appropriate here.

### B.    Bond Amount

The lead plaintiffs propose a bond of $75,300, which would include $35,000 in attorneys' fees and expenses, $40,000 in additional administrative costs, and $300 for taxable costs under Rule 39 of the Federal Rules of Appellate Procedure. The Franzes contest this amount, arguing that "it is highly unlikely that, in an era of electronic case management and e-filings, costs

associated with a very limited appeal of a judgment approving of a class action settlement will reach even $300." (Resp. at 6 (dkt. no. 527).) This argument recalls the Franzes' contention in their original objection that "drafting an amended complaint should require minutes, not hours." (Objection at 21 (dkt. no. 501).) As the magistrate judge explained, such a statement "indicates a lack of familiarity with the work necessary to investigate" such a complex class action. (R&R at 31 (dkt. no. 510).)

The Franzes also contest the inclusion of attorneys' fees in the bond. However, the First Circuit has permitted including attorneys' fees where an appeal may be frivolous. Sckolnick, 820 F.2d at 15; see also Fed. R. App. Pro. 38 ("If a court of appeals determines than an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee."). Because the Franzes' arguments are without merit, an award of attorneys' fees may be appropriate here. Further, the declaration of John C. Browne, which contains hourly billing rates as well as time estimates, supports the attorneys' fees figure submitted by the lead plaintiffs.

The Franzes assert that "there is no evidence whatsoever indicating that Mr. and Mrs. Franz would be able or, in fact, unable to post a bond." (Resp. at 7 (dkt. no. 527).) While ability to pay is a factor where an appeal bond is at issue, the Franzes do not actually argue that they would be unable to pay. Rather, they appear to argue that the lead plaintiffs have not affirmatively demonstrated that the Franzes could afford such a bond. However, it is unclear why the lead plaintiffs should bear the burden of establishing another party's financial situation. See In re Gen. Elec. Co. Sec. Litig., 998 F. Supp. 2d 145, 153 (S.D.N.Y. 2014) (imposing bond where appellant "has provided no evidence suggesting that he would be financially unable to post $54,700 for an appeal bond").

**III.    Conclusion**

    For the reasons stated herein, the lead plaintiffs' Motion for an Appeal Bond (dkt. no. 523) is GRANTED, and an appeal bond is imposed in the amount of **$75,300**.

    It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
